UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 02 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

DYLAN BRANDT, et al.,                      )
                                           )
Plaintiffs,                                )
                                           )
v.                                         )       CASE NO. 4:21-CV-00450-JM
                                           )
LESLIE RUTLEDGE, et al.,                   )
                                           )
Defendants.                                )
                                           )
                                           )

## MOTION OF LIVERAMP HOLDINGS, INC. AND ADDITIONAL BUSINESS ORGANIZATIONS FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*

The undersigned *amici curiae*—LiveRamp Holdings, Inc., Acxiom LLC, Kinesso, LLC, the Northwest Arkansas Council, the Arkansas State Chamber of Commerce, and the Walton Family Foundation, Inc.—respectfully move for leave to file the attached *amicus* brief in support of Plaintiffs' Motion for a Preliminary Injunction. Plaintiffs have informed *amici* that they consent to the filing of this motion. *Amici's* counsel called, left a message, and emailed the Solicitor General to request its position, if any, on the motion. Thus far, no response has been received. A copy of the proposed brief has been submitted with this motion.

**I.      Interests of *Amici Curiae***

*Amici* are a group of six businesses and business organizations with extensive ties to the Arkansas economy and a deep and abiding commitment to supporting a diverse and inclusive workforce. *Amici* have a significant interest in preventing Arkansas from codifying discrimination against transgender people and, in the process, deterring current and potential employees, customers, and businesses from participating in the Arkansas economy. *Amici* also have an interest in advocating for their core organizational values—that all people, regardless of gender identity,

should be afforded dignity, respect, and equal treatment under the law. As detailed more fully in Plaintiffs' Motion for a Preliminary Injunction, Arkansas House Bill 1570 (enacted as Act 626 and also referred to as the "Health Care Ban") represents an unconstitutional assault on the rights of transgender people. It is, absent this Court's intervention, poised to strike at the very core of *amici's* interests as described above and in their accompanying brief.

## II.   District Courts Have Authority to Accept Amicus Briefs

Federal district courts possess the inherent authority to accept amicus briefs. *See, e.g., Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995); *see also In re Bayshore Ford Truck Sales, Inc.,* 471 F.3d 1233, 1249, n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Rumble v. Fairview Health Servs.,* No. 14-CV-2037 (SRN/FLN), 2016 WL 6534407, at *1 (D. Minn. Nov. 3, 2016) (noting that "[w]hether amicus briefs may be filed is a matter left to the court's discretion."); *Jin v. Ministry of State Sec.,* 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure.") (citation omitted); *United States v. Davis,* 180 F. Supp. 2d 797, 800 (E.D. La. 2001) (noting that district courts have authority to permit the filing of amicus briefs); *United States v. Ahmed,* 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) ("District courts have broad discretion to permit . . . the appearance of amici curiae in a given case."), *aff'd,* 980 F.2d 161 (2d Cir. 1992).

The role of amicus briefs is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by ensuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison,* 940 F.2d 792, 808 (3d Cir. 1991)

2

(citation omitted). At the district court level, amicus briefs are allowed "where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D. Md. 2020), *aff'd sub nom. Edgar v. Haines*, No. 20-1568, 2021 WL 2557893 (4th Cir. June 23, 2021) (internal citations omitted); *see also Comty. Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash 1999) (explaining that "[a]n amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.") (citing *N. Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)). There are "no strict prerequisites" to qualify as an amicus; an organization or individual that seeks to appear must merely "make a showing that his [or its] participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991).

The content and purpose of amicus briefs can include "background or factual references that merit judicial notice[,]" "particular expertise not possessed by any party to the case[,]" or explanations of the "impact a potential holding might have on an industry or other group." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (citation omitted). To this end, the views of *amici* from within the business community have been regularly accepted by courts in other cases pertaining to transgender rights. *See Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731 (2020) (accepting multiple amicus briefs from businesses or related industry groups); *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 716 (4th Cir. 2016) (same), *vacated*, 137 S. Ct. 1239 (2017) ; *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248 (11th Cir. 2017) (same).

III.    **Movants' Brief Is Timely and Useful to the Disposition of the Issues Before the Court**

This motion to appear is timely. The Court has not issued a substantive ruling on Plaintiffs'

Motion for a Preliminary Injunction and *amici* do not seek to change the briefing schedule. Moreover, *amici* offer an important body of information that is pertinent to the Court's analysis of whether "the issuance of an injunction is in the public interest." *Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.,* 997 F.2d 484, 485-86 (8th Cir. 1993) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). The issues presented before this Court have a significant effect on the rights of the transgender residents of Arkansas, including those transgender individuals who are current or potential employees, customers, and investors of *amici.* As leading members of the Arkansas business community, *amici* are well situated to assist the Court in understanding, among other things, the ramifications of the instant litigation on the interests of the business community—both economic and moral. *Amici's* views and analysis will assist the Court's consideration of the public interest in obtaining injunctive relief.

## IV.   Conclusion

For the foregoing reasons, *amici* respectfully request that this Court grant their motion for leave to file their proposed *Amicus Curiae* brief (attached hereto) in support of Plaintiffs' Motion for a Preliminary Injunction.

Respectfully submitted on this 2nd day of July, 2021.

Boris Bershteyn
William J. O'Brien
Andrew J. Schrag
Mary C. Ross
Caleb B. King
J.G. Piper Sheren
Christoph Zhang

*Counsel for Amici Curiae*

One Manhattan West
New York, New York 10001
Phone: (212) 735-3834
Fax: (917) 777-3834
boris.bershteyn@probonolaw.com
william.obrien@probonolaw.com
chzhang@probonolaw.com
mary.c.ross@probonolaw.com
caleb.king@probonolaw.com
andrew.schrag@probonolaw.com
piper.sheren@probonolaw.com

Steven W. Quattlebaum, Ark. Bar No. 84127
111 Center Street
Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1707
Fax: (501) 379-1701
quattlebaum@qgtlaw.com

John E. Tull III, Ark. Bar No. 84150
111 Center Street
Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1707
Fax: (501) 379-1701
jtull@qgtlaw.com

Meredith A. Powell, Ark. Bar No. 2019164
111 Center Street
Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1707
Fax: (501) 379-1701
mpowell@qgtlaw.com

Jerry C. Jones, Ark. Bar No. 80073
EVP & Chief Legal & Ethics Officer
LiveRamp
301 Main Street, 2nd Floor
Little Rock, AR  72201
(501) 766-3359

M. Joshua Leicht, Ark. Bar No. 92126
Kinesso, LLC General Counsel
Kinesso, LLC
301 Main Street
Little Rock, AR 72227

Shayne D. Smith, Ark. Bar No. 92126
Acxiom LLC General Counsel
Acxiom LLC
301 E. Dave Ward Dr.
Conway, AR 72032

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the

Clerk of the Court for the Eastern District of Arkansas via the CM/ECF system. Participants in this

case who are registered CM/ECF users will be served by the CM/ECF system.

Steven W. Quattlebaum