**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 13 2021

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

DYLAN BRANDT, by and through his
mother Joanna Brandt, et al.,

Plaintiffs,

v.

LESLIE RUTLEDGE, in her official capacity
as Arkansas Attorney General, et al.,

Defendants.

No. 4:21-CV-00450-JM

### UNOPPOSED MOTION OF ALABAMA, ALASKA, ARIZONA, GEORGIA, IDAHO, INDIANA, KANSAS, KENTUCKY, LOUISIANA, MISSISSIPPI, MISSOURI, MONTANA, NEBRASKA, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, AND TEXAS FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

Proposed amici curiae are the States of Alabama, Alaska, Arizona, Georgia, Idaho, Indiana,

Kansas, Kentucky, Louisiana, Mississippi, Missouri, Montana, Nebraska, South Carolina, South

Dakota, Tennessee, and Texas. Proposed amici respectfully move for leave to file an amicus brief

in support of the Arkansas Defendants in this matter.

### INTEREST OF PROPOSED AMICI CURIAE

Like Arkansas, proposed amici are concerned about the surge in recent years of children

suffering from gender dysphoria and other forms of gender-related psychological distress. And

like Arkansas—and like Plaintiffs—proposed amici are concerned because these vulnerable chil-

dren are suffering greatly and need help. The question is how to help them. Given the state of

scientific uncertainty, the Arkansas legislature made the reasonable decision to protect vulnerable

minors from experimental treatments with irreversible, lifelong consequences. The proposed amici

write to explain that such a decision is squarely the legislature's to make.

**ARGUMENT**

District courts have broad discretion to allow participation of amici curiae. While this Court does not have specific rules for the filing of amicus briefs, it has "inherent authority" to allow them. *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990) (citing *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987)); *see also United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920 (S.D. Tex. 2007) ("No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief….").

"Courts typically grant amicus status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015). When exercising their discretion, courts "err on the side of granting leave" because "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.).

Here, proposed amici offer timely and useful information. Plaintiffs do not oppose the timing or filing of proposed amici's brief, which is submitted with sufficient time for Plaintiffs to respond. *Cf.* Fed. R. App. P. 29 advisory committee's note to the 1998 amendments (explaining that an amicus brief filed shortly after the brief it supports gives the opposing party sufficient time to respond).

Proposed amici's brief will also be "useful" to the Court. *Gudur*, 512 F. Supp. 2d at 927. The brief makes two main points. First, States have broad authority to regulate the medical profession, particularly "in areas fraught with medical and scientific uncertainties." *Jones v. United States*, 463 U.S. 354, 365 n.13 (1983). Second, the gender transition procedures Arkansas

prohibits—puberty blockers, cross-sex hormones, and surgical interventions for minors—are "fraught with" such uncertainties. Here, the brief summarizes how surprisingly scant the research is regarding the long-term effects of transitioning as a minor; the serious negative effects of puberty-blocking drugs and cross-hormone treatments; and why countries like Finland, Sweden, and the United Kingdom are recognizing these realities and reducing access to hormone treatments or surgery for minors suffering from gender dysphoria.

With these two arguments, the proposed amici will fulfill the classic role of amici curiae: "assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (citation omitted). The Court has already recognized the importance of amicus participation by granting leave for amici supporting Plaintiffs to file briefs. *See* Docs. 24 & 38. The Court should do the same here.

## CONCLUSION

For all these reasons, the Court should grant this motion and allow proposed amici to file the attached brief.

Dated: July 13, 2021

STEVE MARSHALL
*Attorney General of Alabama*

Edmund G. LaCour Jr. (*pro hac vice* forthcoming)
*Solicitor General*

A. Barrett Bowdre (*pro hac vice* forthcoming)
*Deputy Solicitor General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov

Respectfully submitted,

David Hogue, Ark. Bar No. 98024
HOGUE LEGAL SERVICES
575 B Harkrider Street
Conway, AR 72032
Telephone: (501) 514-0332
dh@hoguelegalservices.com

*Additional counsel for amici curiae listed below*

## **ADDITIONAL COUNSEL**

TREG R. TAYLOR
Attorney General of Alaska

MARK BRNOVICH
Attorney General of Arizona

CHRISTOPHER M. CARR
Attorney General of Georgia

LAWRENCE G. WASDEN
Attorney General of Idaho

THEODORE E. ROKITA
Attorney General of Indiana

DEREK SCHMIDT
Attorney General of Kansas

DANIEL CAMERON
Attorney General of Kentucky

JEFF LANDRY
Attorney General of Louisiana

LYNN FITCH
Attorney General of Mississippi

ERIC SCHMITT
Attorney General of Missouri

AUSTIN KNUDSEN
Attorney General of Montana

DOUG PETERSON
Attorney General of Nebraska

ALAN WILSON
Attorney General of South Carolina

JASON R. RAVNSBORG
Attorney General of South Dakota

HERBERT SLATERY III
Attorney General of Tennessee

KEN PAXTON
Attorney General of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, I served a true and correct copy of the foregoing upon all counsel of record by electronic mail as follows:

- Alexander Holland, hollanda@sullcrom.com
- Breean Walas, breann@walaslawfirm.com
- Chase Strangio, cstrangio@aclu.org
- Christopher L. Travis, travis@gill-law.com
- Duncan C. Simpson LaGoy, simpsond@sullcrom.com
- Garrard Russ Beeney, beeneyg@sullcrom.com
- Jonathan Joseph Ossip, ossipj@sullcrom.com
- Laura Kabler Oswell, oswell@sullcrom.com
- Leslie Cooper, lcooper@aclu.org
- Peter Drake Mann, mann@gill-law.com
- Sarah Everett, sarah@acluarkansas.org
- Sharon Elizabeth Echols, echols@gill-law.com
- Michael Cantrell, michael.cantrell@arkansasag.gov
- Nicholas J. Bronni, nicholas.bronni@arkansasag.gov
- Emily Yu, emily.yu@arkansasag.gov
- Ka Tina Rena Guest, katina.guest@arkansasag.gov
- Vincent Moore Wagner, vincent.wagner@arkansasag.gov

David Hogue, Ark. Bar No. 98024