#### IN THE UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF ARKANSAS
#### CENTRAL DIVISION

**DYLAN BRANDT**, *et al.*,

                              **PLAINTIFFS,**

v.          No. 4:21-CV-00450-JM

**LESLIE RUTLEDGE**, *et al.*,

                              **DEFENDANTS.**

#### DEFENDANTS' NOTICE OF APPEAL

Defendants hereby appeal to the United States Court of Appeals for the Eighth Circuit from the orders entered in this action that granted Plaintiffs' motion for a preliminary injunction and denied Defendants' motion to dismiss. (*See* Suppl. Order, Dkt. No. 64 (Aug. 2, 2021); Order, Dkt. No 59 (July 21, 2021).) The Eighth Circuit has jurisdiction because Defendants challenge orders "granting, continuing, modifying, refusing, or dissolving" a preliminary injunction. 28 U.S.C. 1292(a)(1); *see, e.g.*, *Barrett v. Claycomb*, 705 F.3d 315, 318 (8th Cir. 2013).

This Court concluded that "it is inherent in the Court's decision to grant the preliminary injunction that the Plaintiffs have stated claims for violations of their Equal Protection, Due Process, and First Amendment rights." (Dkt. No. 64 at 12.) Therefore, the "denial of [Defendants'] motion to dismiss . . . is 'inextricably intertwined' with the resolution of the court's ruling on the preliminary injunction." *Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1087 (9th Cir. 2015). As result, the Eighth Circuit additionally has "pendent appellate jurisdiction over the district court's denial of the motion to dismiss." *Id.* at 1088; *see Newton Cnty. Wildlife Ass'n v. U.S. Forest Serv.*, 113 F.3d 110, 116 (8th Cir. 1997) (exercising interlocutory appellate jurisdiction over order dismissing claim because it was "inextricably intertwined with" district court's "reasons for denying injunctive relief"); *see also, e.g.*, *Lewis v. City of St. Louis*, 932 F.3d 646,

650 (8th Cir. 2019) ("Though ordinarily premature, we may take up [a defendant's] interlocutory appeal of the district court's denial of her motion to dismiss this claim now because it is inextricably intertwined with the properly appealed matter of qualified immunity."); *Entergy, Ark., Inc. v. Nebraska*, 241 F.3d 979, 988 (8th Cir. 2001) (exercising interlocutory appellate jurisdiction over order denying motion to dismiss for failure to state a claim, because "[w]hether [the plaintiff] ha[d] stated a claim" was "intertwined with Nebraska's Eleventh Amendment argument," over which the Court had indisputable interlocutory appellate jurisdiction).

Dated:  August 20, 2021                    Respectfully submitted,

                                                    LESLIE RUTLEDGE
                                                      Arkansas Attorney General

NICHOLAS J. BRONNI (2016097)
  Arkansas Solicitor General
VINCENT M. WAGNER (2019071)
  Deputy Solicitor General
MICHAEL A. CANTRELL (2012287)
  Assistant Solicitor General
KA TINA R. GUEST (2003100)
  Assistant Attorney General
OFFICE OF THE ARKANSAS
  ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas  72201
(501) 682-8090
vincent.wagner@arkansasag.gov

*Counsel for Defendants*