# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DYLAN BRANDT, et al.,**                                              **PLAINTIFFS**

**v.**                        **CASE NO. 4:21-CV-00450-JM**

**LESLIE RUTLEDGE, et al.,**                                        **DEFENDANTS**

## PLAINTIFFS' MOTION FOR SCHEDULING ORDER

Plaintiffs, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.1, hereby move the Court to enter Plaintiffs' Proposed Final Scheduling Order, attached hereto as Exhibit A (the "Proposed Final Scheduling Order"), or, in the alternative, to issue an Initial Scheduling Order in this matter.

1. At the hearing on July 21, 2021, the Court instructed the parties to meet and confer about how long they would need to prepare for a final hearing and how much time they would need to argue this case on the merits. (*See* Tr. at 86:23-69: 18; Federal Rule of Civil Procedure 16(b)(2).)

2. On August 23, 2021, Plaintiffs' counsel sent Defendants' counsel the Proposed Final Scheduling Order and asked for a meet and confer to discuss. On August 30, 2021, Defendants' counsel suggested that instead of filing any proposed scheduling order, the parties should stipulate to stay all

District Court proceedings pending resolution of Defendants' interlocutory appeal. On August 31, 2021, Plaintiff's counsel responded to Defendants' proposal that because there is no good cause for a stay, Plaintiffs would submit the Proposed Final Scheduling Order to the Court.

3. The Proposed Final Scheduling Order provides reasonable pretrial deadlines that will prepare the case for trial by July 2022. Defendants refused to discuss the proposed deadlines or provide any alternative proposed deadlines. During the pendency of an interlocutory appeal, the default is for the court to enter a scheduling order and for the case to proceed to final judgment. *Janousek* v. *Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) ("[W]here [] the appeal is from an interlocutory order denying a motion for preliminary injunction . . . the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal."); *W. Pub. Co.* v. *Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986) ("[T]he pendency of an interlocutory appeal from an order granting or denying a preliminary injunction does not wholly divest the District Court of jurisdiction over the entire case."); § 2962 Appeals From Orders in Actions Involving Injunctive Relief, 11A Fed. Prac. & Proc. Civ. § 2962 (3d ed.)

      ("An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending. According to Rule 62(a) there is no automatic stay of the judgment in an injunction suit pending an interlocutory appeal.").

4.   The Court should therefore enter the Proposed Final Scheduling Order so this action can proceed to trial without unnecessary delay.

5.   Local Rule 16.1 provides "[i]n all civil actions except those exempted by Local Rule 16.2, an Initial Scheduling Order will issue setting forth the date by which the parties must hold their Fed. R. Civ. P. 26(f) conference, the date by which the parties must submit their Fed. R. Civ. P. 26(f) report, a tentative date for a Fed. R. Civ. P. 16(b) conference, and a proposed trial date."

6.   If the Court does not enter the Proposed Final Scheduling Order, it may enter an Initial Scheduling Order setting forth the date by which the parties must hold their Fed. R. Civ. P. 26(f) conference, the date by which the parties must submit their Fed. R. Civ. P. 26(f) report, a tentative date for a Fed. R. Civ. P. 16(b) conference, and a proposed trial date.

WHEREFORE, for the reasons detailed herein, Plaintiffs respectfully move the Court to enter the Proposed Final Scheduling Order, or in the alternative to enter an Initial Scheduling Order in this matter.

Dated:  September 9, 2021

Respectfully submitted,

*/s/ Leslie Cooper*
Leslie Cooper
Chase Strangio*
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
Telephone:  (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Beth Echols, Ark. Bar No. 2002203
Christopher Travis, Ark. Bar No. 97093
Drake Mann, Ark. Bar No. 87108
Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone:  (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone:  (501) 246-1067
breean@walaslawfirm.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Sarah Everett, Ark. Bar No. 2017249
Arkansas Civil Liberties Union Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone:  (501) 374-2842
sarah@acluarkansas.org
*Attorneys for the Plaintiffs*

| | |
|---|---|
| Garrard R. Beeney* | Laura Kabler Oswell* |
| Jonathan J. Ossip* | Duncan C. Simpson LaGoy* |
| Alexander S. Holland* | Sullivan & Cromwell LLP |
| Sullivan & Cromwell LLP | 1870 Embarcadero Road |
| 125 Broad Street | Palo Alto, CA 94303 |
| New York, NY 10004 | Telephone: (650) 461-5600 |
| Telephone: (212) 558-4000 | oswell@sullcrom.com |
| beeneyg@sullcrom.com | simpsond@sullcrom.com |
| ossipj@sullcrom.com | *Attorneys for the Plaintiffs* |
| hollanda@sullcrom.com | |
| *Attorneys for the Plaintiffs* | |

*\*Admitted pro hac vice*