IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DYLAN BRANDT, *et al.*,

PLAINTIFFS,

v.   No. 4:21-CV-00450-JM

LESLIE RUTLEDGE, *et al.*,

DEFENDANTS.

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER

Defendants respectfully oppose Plaintiffs' motion requesting a schedule for further proceedings in this Court while Defendants' interlocutory appeal to the Eighth Circuit proceeds. (*See* Motion, Doc. 72.) Given the novelty of the legal issues presented by this case, a decision in favor of either Plaintiffs or Defendants by the Eighth Circuit could dramatically affect the shape of discovery, dispositive motions, and a trial in this case. Staying further proceedings before this Court pending an Eighth Circuit decision is likely to assist the Court in deciding the merits of Plaintiffs' claims and, ultimately, conserve judicial resources. A stay would not prejudice Plaintiffs, because this Court's preliminary injunction is in effect while the case proceeds on appeal.

Plaintiffs do not dispute the long-settled principle that this Court may exercise its "broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). And a key consideration for this Court when deciding whether to exercise that broad discretion is whether a stay would help manage this case "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Staying further proceedings in this Court while Defendants' interlocutory appeal proceeds would "maximize the effective use of judicial resources." *Fullington v. Pfizer, Inc.*, No.

4:10-CV-00236-JLH, 2011 WL 692055, at *1 (E.D. Ark. Feb. 18, 2011). "If this litigation continued at the district court level" while Defendants' interlocutory appeal proceeds, then "the Eighth Circuit Court of Appeals and [this Court] would be considering the same issues contested by the same parties." *Dordt Coll. v. Burwell*, No. C 13-4100-MWB, 2014 WL 5454649, at *1 (N.D. Iowa Oct. 27, 2014). On Defendants' appeal, the Eighth Circuit will decide what legal standard governs the merits of Plaintiffs' claims. Staying this case pending an Eighth Circuit decision, therefore, "will likely simplify, if not resolve, the issues in question." *Id.* (quotation marks omitted). Granting a stay would be the most efficient use of the Court's resources. *See Fullington*, 2011 WL 692055, at *1 (staying case pending resolution of related case by the Supreme Court, because "[a]ll of th[e] time and expense" of discovery and trial "would be wasted if the Supreme Court decides" that related case in a way "that would preclude [the plaintiff] from recovering in this action").

Other factors support a stay pending Defendants' interlocutory appeal. One is the preliminary stage of this case. This "case is not set for trial," *Dordt Coll.*, 2014 WL 5454649, at *2, nor have the parties completed any discovery, *see id.* at *1. Both of these factors counsel in favor of a stay. Additionally, this Court's preliminary injunction will ensure that Plaintiffs suffer no prejudice from a stay. *See id.* (considering prejudice to nonmovant). Combined with the clear benefits of a stay as to conserving judicial resources, these other factors give the Court strong support for exercising its broad discretion to stay further proceedings pending Defendants' interlocutory appeal.

Staying further proceedings would also be consistent with common practice in the Eastern District. For example, this Court has denied a motion for a scheduling conference and "tak[en] under advisement" a plaintiff's motion for leave to amend the complaint "until the Court

of Appeals of the Eighth Circuit has ruled on the appeal" of a preliminary injunction.  Order, *Jones v. Jegley*, No. 4:19-CV-00234-JM (E.D. Ark. Aug. 20, 2019), ECF No. 47.  And other Courts in this District have routinely exercised their broad discretion in similar ways.  *See, e.g.*, Order, *Libertarian Party of Ark. v. Thurston*, No. 4:19-CV-00214-KGB (E.D. Ark. Feb. 3, 2020), ECF No. 53 (finding good cause "to continue proposed trial date and to stay all deadlines pending appeal" of preliminary injunction); Order, *Rodgers v. Bryant*, No. 4:17-CV-00501-BRW (E.D. Ark. Oct. 16, 2017), ECF No. 32 (granting motion to stay proceedings pending the defendant's interlocutory appeal of a preliminary injunction).

Staying further proceedings in this Court pending Defendants' interlocutory appeal of the preliminary injunction would conserve judicial resources, while causing no prejudice to Plaintiffs.  Under similar circumstances, courts in this District often enter stays.

Therefore, Defendants respectfully request that the Court deny Plaintiffs' motion for a scheduling order and instead stay further proceedings in this Court until the Eighth Circuit issues a decision in Defendants' pending interlocutory appeal.

Dated:  September 23, 2021	Respectfully submitted,

                                                        LESLIE RUTLEDGE
   Arkansas Attorney General

  NICHOLAS J. BRONNI (2016097)
   Arkansas Solicitor General
  VINCENT M. WAGNER (2019071)
   Deputy Solicitor General
  MICHAEL A. CANTRELL (2012287)
   Assistant Solicitor General
  KA TINA R. GUEST (2003100)
   Assistant Attorney General
  OFFICE OF THE ARKANSAS
   ATTORNEY GENERAL
  323 Center Street, Suite 200
  Little Rock, Arkansas  72201
  (501) 682-8090
  vincent.wagner@arkansasag.gov

*Counsel for Defendants*