IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DYLAN BRANDT, et al.,                                      PLAINTIFFS

v.                     CASE NO. 4:21-CV-00450-JM

LESLIE RUTLEDGE, et al.,                                   DEFENDANTS

REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR
SCHEDULING ORDER

While styled as an Opposition, Defendants' response to Plaintiffs' Motion for a Scheduling Order improperly seeks a stay of this case pending interlocutory appeal. This is not an appropriate manner in which to seek a stay of this action pending appeal, and should be rejected on that basis. Fed. R. App. P. 8(a)(1). Moreover, Defendants do not come close to meeting their "burden to 'make out a clear case of hardship or inequity in being required to go forward,'" which they must given the impact such a stay would have on Plaintiffs, even if Defendants' had properly filed a motion to stay. *Yashtinsky* v. *Walmart, Inc.*, No. 5:19-CV-5105, 2019 WL 5986708, at *6 (W.D. Ark. Nov. 12, 2019) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 255 (1936)).[1]

Defendants wrongly contend that Plaintiffs suffer no prejudice if a stay is granted because there currently is a preliminary injunction in place. (Defs. Br. at 2.) The challenged, law, if it takes effect, would withhold critical and, sometimes, lifesaving treatment from the minor Plaintiffs and other transgender minors. (*See* ECF No. 12 at 11-19.) If the Eighth Circuit overturns the preliminary injunction,

---

[1] Defendants incorrectly rely on several decisions granting joint or unopposed motions for a stay. *Dordt Coll.* v. *Burwell*, No. C 13-4100-MWB, 2014 WL 5454649, at *1 (N.D. Iowa Oct. 27, 2014) (granting "Unopposed Motion To Stay District Court Proceedings Pending Appeal"); *Libertarian Party of Ark.* v. *Thurston*, No. 4:19-CV-00214-KGB (E.D. Ark. Feb. 3, 2020), ECF No. 53 (granting "joint unopposed motion to continue proposed trial date and to stay all deadlines pending appeal"); *Rodgers* v. *Bryant*, No. 4:17-CV-00501-BRW (E.D. Ark. Oct. 16, 2017), ECF No. 32 (granting "Joint Motion to Stay").

Plaintiffs would be severely prejudiced if they were only then permitted to begin litigating this case on the merits without the protection of this Court's preliminary injunction, rather than beginning now. This delay could subject the minor Plaintiffs to several additional months, or more, without access to the care they rely on for their health and well-being. And given this Court's already crowded docket, the wait for a hearing on the merits should the Court stay proceedings could be a long one.

In addition, Plaintiffs are entitled to a final order ensuring their continued access to treatment as quickly as reasonably possible. *Yashtinsky*, 2019 WL 5986708, at *6 (W.D. Ark. Nov. 12, 2019) ("[S]taying the case would prejudice [plaintiff] by delaying the resolution of his claims."). They should not have to live in fear of treatment being withheld, or uncertainty about whether they can remain in their home state, any longer than necessary.

Defendants have not even attempted to identify any hardship they would suffer if a stay is not granted, and, indeed, they would suffer no hardship because the parties inevitably will need to proceed with discovery and trial in this case, regardless of the Eighth Circuit's decision on the preliminary injunction. *See, e.g.*, *Mendez* v. *Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017) (finding party requesting stay did "not demonstrate a hardship in moving forward with inevitable discovery and motion practice"). While Defendants speculate that it may

be more efficient to proceed to final judgment after the Eighth Circuit rules on the appeal, an efficiency interest, without a showing of hardship, is not sufficient given the harm a stay poses to Plaintiffs.  *Georgia-Pac. Consumer Prod., LP* v. *Myers Supply, Inc.*, No. 08CV6086, 2009 WL 256109, at *2 (W.D. Ark. Feb. 3, 2009) ("If there is even a 'fair possibility' that a stay will cause damage to someone else, *Landis* requires that the moving party clearly demonstrate hardship or inequity if it is required to go forward.") (citation omitted).

For the reasons discussed in Plaintiffs' Motion, the Court should enter the Proposed Final Scheduling Order attached thereto, or in the alternative enter an Initial Scheduling Order in this matter.  (ECF No. 72-1.)

Dated:  September 28, 2021                              Respectfully submitted,

*/s/ Leslie Cooper*
Leslie Cooper                                                         Beth Echols, Ark. Bar No. 2002203
Chase Strangio*                                                    Christopher Travis, Ark. Bar No. 97093
American Civil Liberties Union                           Drake Mann, Ark. Bar No. 87108
Foundation                                                            Gill Ragon Owen, P.A.
125 Broad St.                                                         425 W. Capitol Avenue, Suite 3800
New York, NY 10004                                          Little Rock, AR 72201
Telephone:  (917) 345-1742                                Telephone:  (501) 376-3800
lcooper@aclu.org                                                echols@gill-law.com
cstrangio@aclu.org                                             travis@gill-law.com
*Attorneys for the Plaintiffs*                                mann@gill-law.com
                                                                            *On behalf of the Arkansas Civil Liberties*
                                                                            *Union Foundation, Inc.*
                                                                            *Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone:  (501) 246-1067
breean@walaslawfirm.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Sarah Everett, Ark. Bar No. 2017249
Arkansas Civil Liberties Union Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone:  (501) 374-2842
sarah@acluarkansas.org
*Attorneys for the Plaintiffs*

Garrard R. Beeney*
Jonathan J. Ossip*
Alexander S. Holland*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
beeneyg@sullcrom.com
ossipj@sullcrom.com
hollanda@sullcrom.com
*Attorneys for the Plaintiffs*

Laura Kabler Oswell*
Duncan C. Simpson LaGoy*
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone:  (650) 461-5600
oswell@sullcrom.com
simpsond@sullcrom.com
*Attorneys for the Plaintiffs*

*Admitted pro hac vice