# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| **DYLAN BRANDT, et al.,** | **PLAINTIFFS** |
| v. | **CASE NO. 4:21-CV-00450-JM** |
| **LESLIE RUTLEDGE, et al.,** | **DEFENDANTS** |

## JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

The Parties jointly submit this Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1. Counsel for all Parties participated in the meeting required by Rule 26(f) beginning on October 4, 2021, via email. The Parties thereafter exchanged drafts of this document until they agreed upon its contents. The Parties' positions are set forth below.

**(1) Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26 (a).**

Defendants suggest changing the timing of their mandatory disclosures.

**(2) Date when mandatory disclosures were or will be made.**

Plaintiffs served their initial disclosures on October 18, 2021. Defendants will serve their initial disclosures on October 25, 2021.

**(3)    Subjects on which discovery may be needed.**

The Parties anticipate that discovery will be necessary related to the allegations and defenses raised in the Parties' pleadings.

**(4)    Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

Yes.

**If so:**

**(a)    whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

Yes.

**(b)    the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

The Parties do not intend to request disclosure of data that is not reasonably available to the Parties in the ordinary course of business.

**(c)    the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The Parties will confer as necessary to determine the best method of production.

**(d)  whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

Yes.

**(e)  other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

None at this time.

**(5)  Date by which discovery should be completed.**

The parties disagree about the date on which fact discovery should be completed. Expert discovery will be completed March 31, 2022.

Plaintiffs' Statement: The Final Scheduling Order sets the fact discovery cutoff as December 17, 2021. In response to Defendants' request for an extension, Plaintiffs offered to stipulate to extend the fact discovery cutoff by two months until February 25, 2022, which would provide a total of five months to complete fact discovery. This is more than enough time, and Plaintiffs have already served their first set of requests for production in an effort to proceed expeditiously with discovery. Defendants rejected that compromise, and instead insisted that they need five more weeks to complete fact discovery, requesting a deadline of March 31, 2022. This additional extension is unwarranted because it will interfere with the rest of the Court's

Final Scheduling Order, which sets the deadline for motions only three weeks after Defendants' proposed deadline (April 22, 2022) and sets the deadline to designate depositions four weeks later (April 29, 2022).  Moreover, all of this would also occur while the parties are completing expert discovery and otherwise preparing for trial.  It makes no sense to backload fact discovery as Defendants have suggested, and, if the Court is inclined to extend the fact discovery cutoff, it should only extend it to February 25, 2022.

<u>Defendants' Statement</u>:  Plaintiffs seek to artificially curtail the fact-discovery period without justification.  Stipulating to Plaintiffs' unnecessarily expedited discovery deadlines would prejudice Defendants' ability to defend against Plaintiffs' claims.  Contrary to Plaintiffs' suggestion, Defendants are diligently pursuing discovery.  Plaintiffs' efforts to curtail fact discovery suggests Plaintiffs' pursuit of some end other than ensuring an adequate timeframe for discovery.  Therefore, Defendants request a fact-discovery deadline to coincide with the expert-discovery deadline, setting it not before March 31, 2022.  This deadline does not affect any of the Court's other deadlines and does not work any undue prejudice to Plaintiffs.

**(6)    Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

The Parties consent to electronic service of documents at the email addresses at which they receive ECF filings in this case.

Because of the large number of named parties in this case, the parties anticipate that it may be necessary to take more than ten depositions per side. If so, the parties may stipulate to allowing additional depositions, or may seek the Court's leave to take additional depositions consistent with the requirements of Federal Rule of Civil Procedure 30.

**(7) Any orders, e.g. protective orders, which should be entered.**

The Parties will negotiate a protective order to protect any confidential information produced in this action.

**(8) Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

**(9) Any objections to the proposed trial date.**

None.

**(10) Proposed deadline for joining other parties and amending the pleadings.**

December 1, 2021.

**(11) Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

<u>Plaintiffs' Statement</u>:  *See* Response to Question (5).

<u>Defendants' Statement</u>:  There is no warrant for distinguishing fact discovery from expert discovery and artificially compressing the timeframe for the former.  Indeed, the Court's note indicates that a discovery deadline up to sixty days prior to trial is acceptable.  Therefore, Defendants request a discovery deadline not before March 31, 2022.

**(12) Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)**

April 22, 2022 for motions other than motions in limine, and May 6, 2022 for motions in limine.

**(13) Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26.(f) conference.)**

Not applicable.

Dated:  October 22, 2021                         Respectfully submitted,

<u>/s/ Leslie Cooper</u>
Leslie Cooper                                            Beth Echols, Ark. Bar No. 2002203
Chase Strangio*                                        Christopher Travis, Ark. Bar No. 97093
American Civil Liberties Union              Drake Mann, Ark. Bar No. 87108

| | |
|---|---|
| Foundation<br>125 Broad St.<br>New York, NY 10004<br>Telephone:  (917) 345-1742<br>lcooper@aclu.org<br>cstrangio@aclu.org<br>*Attorneys for the Plaintiffs* | Gill Ragon Owen, P.A.<br>425 W. Capitol Avenue, Suite 3800<br>Little Rock, AR 72201<br>Telephone:  (501) 376-3800<br>echols@gill-law.com<br>travis@gill-law.com<br>mann@gill-law.com<br>*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*<br>*Attorneys for the Plaintiffs* |
| Breean Walas, Ark. Bar No. 2006077<br>Walas Law Firm, PLLC<br>P.O. Box 4591<br>Bozeman, MT 59772<br>Telephone:  (501) 246-1067<br>breean@walaslawfirm.com<br>*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*<br>*Attorneys for the Plaintiffs* | Sarah Everett, Ark. Bar No. 2017249<br>Arkansas Civil Liberties Union Foundation, Inc.<br>904 W. 2nd Street<br>Little Rock, AR 72201<br>Telephone:  (501) 374-2842<br>sarah@acluarkansas.org<br>*Attorneys for the Plaintiffs* |
| Garrard R. Beeney*<br>Jonathan J. Ossip*<br>Alexander S. Holland*<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br>Telephone:  (212) 558-4000<br>beeneyg@sullcrom.com<br>ossipj@sullcrom.com<br>hollanda@sullcrom.com<br>*Attorneys for the Plaintiffs* | Laura Kabler Oswell*<br>Duncan C. Simpson LaGoy*<br>Sullivan & Cromwell LLP<br>1870 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone:  (650) 461-5600<br>oswell@sullcrom.com<br>simpsond@sullcrom.com<br>*Attorneys for the Plaintiffs* |

*\*Admitted pro hac vice*

*/s/ Vincent M. Wagner*
  LESLIE RUTLEDGE
    Arkansas Attorney General

  NICHOLAS J. BRONNI (2016097)
    Arkansas Solicitor General
  VINCENT M. WAGNER (2019071)
    Deputy Solicitor General
  MICHAEL A. CANTRELL (2012287)
    Assistant Solicitor General
  KA TINA R. GUEST (2003100)
    Senior Assistant Attorney General
  OFFICE OF THE ARKANSAS ATTORNEY GENERAL
  323 Center Street, Suite 200
  Little Rock, Arkansas 72201
  (501) 682-8090
  vincent.wagner@arkansasag.gov
  *Counsel for Defendants*