# Exhibit 4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | |
|---|---|
| DYLAN BRANDT, et al.<br>*Plaintiff*<br>v.<br>LESLIE RUTLEDGE, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 4:21-CV-00450-JM<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Marcus Richmond

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Schedule A

| Place: Gill Ragon Owen, P.A.<br>425 W. Capitol Avenue, Suite 3800<br>Little Rock, AR 72201 | Date and Time:<br>11/22/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/08/2021

*CLERK OF COURT*

OR  [signature]

_____          _____
Signature of Clerk or Deputy Clerk                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Dylan Brandt et al._____, who issues or requests this subpoena, are:
Duncan Simpson LaGoy, 1870 Embarcadero Rd., Palo Alto, California 94303, simpsond@sullcrom.com, 650-461-5600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:21-CV-00450-JM

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 4:21-cv-00450-JM   Document 84-4   Filed 01/20/22   Page 4 of 9

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFINITIONS

A. All terms used in these Document Requests (the "Requests"), including but not limited to the terms "document," "communication," "identify," "person" and "concerning," have the broadest meaning accorded to them under Fed. R. Civ. P. 34, and all documents and information should be produced in accordance with the Applicable Rules.

B. "Action" means the above-captioned action.

C. "Communication" means the transmittal of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes, but is not limited to, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type.

D. "Concern" or "concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being

factually, legally or logically connected to, in whole or in part, the stated subject matter.

E. "Document" means the original (or, if the information requested cannot be provided as to the original, each and every copy, duplicate or reproduction) of any medium upon which information can be recorded or retrieved, and includes any written, recorded or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices or any other media and includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, email, text messages, instant messages, reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.  A request for all Documents concerning a particular subject matter includes within its scope all Communications concerning that subject matter.

    F.    "SAFE Act" means the Save Adolescents from Experimentation (SAFE) Act, 2021 Ark. Act 626 (bill filed Feb. 25, 2021) (codified at Ark. Code 20-9-1501 through -1504).

    G.    "You," or "your" refer to Marcus Richmond.

## INSTRUCTIONS

    1.    In responding to these Requests, You are required to produce all documents described below that are in Your possession, custody or control.

    2.    For the purpose of reading, interpreting or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

    3.    Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation or exclusion, except that each request shall not be construed to call for documents that are called for by previous requests.

    4.    If You withhold any document, or any portion of any document, under a claim of privilege, immunity or protection, including the attorney-client privilege or work product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 26 of the Federal Rules of Civil Procedure.

    5.    If information is redacted or otherwise withheld from a document produced in response to a request, You shall identify the redaction or otherwise

-3-

withheld information by stamping the word "Redacted" on the document at each place from which information has been redacted or otherwise withheld and separately log each such redaction on the privilege log.

6. The documents must be produced as they are kept in the usual course of business or organized and labeled to correspond with the Request number to which the documents are responsive.

7. In the event that a copy of a requested document is not identical to any other copy of the same document in Your possession, custody or control, all non-identical copies shall be produced.

8. Unless otherwise indicated, these Requests pertain to the period of October 1, 2020 to the present.

## **DOCUMENTS REQUESTED**

1. All documents and communications concerning the SAFE Act, including, but not limited to: video and audio recordings concerning any state legislative hearings and committee meetings at which the SAFE Act was discussed; documents concerning the proposal, enactment and ratification of the SAFE Act; and documents concerning meetings and correspondence with any individual or organization regarding the SAFE Act, including, but not limited to, the Heritage Foundation and the Alliance Defending Freedom.

2. All documents and communications concerning gender dysphoria, gender transition, gender transition procedures, transgender people, and medical policies and guidelines related to the treatment of gender dysphoria by professional medical groups, including, but not limited to, the World Professional Association for Transgender Health and the Endocrine Society.

3. All documents and communications concerning the impact of the SAFE Act on the well-being of minors.