# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DYLAN BRANDT,** *et al.*,

                              **PLAINTIFFS,**

v.   No. 4:21-CV-00450-JM

**LESLIE RUTLEDGE,** *et al.*,

                              **DEFENDANTS.**

## ARKANSAS STATE REPRESENTATIVE MARY BENTLEY'S

## RESPONSE TO SUBPOENA *DUCES TECUM*

Respondent Arkansas State Representative Mary Bentley, through counsel, states for her Response to Plaintiffs' Subpoena as follows:

### GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINTIONS

Respondent objects to the Instructions and Definitions contained in the Plaintiffs' Requests for Production of Documents to the extent such Instructions and Definitions place upon Respondent demands and obligations that would exceed the scope of Respondent's responsibility to respond to the requests under applicable Federal Rules of Civil Procedure.

**REQUEST NO. 1:** All documents and communications concerning the SAFE Act, including, but not limited to: video and audio recordings concerning any state legislative hearings and committee meetings at which the SAFE Act was discussed; documents concerning the proposal, enactment and ratification of the SAFE Act; and documents concerning meetings and correspondence with any individual or organization regarding the SAFE Act, including, but not limited to, the Heritage Foundation and the Alliance Defending Freedom.

**RESPONSE NO. 1:** Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case. Given the incredibly broad definitions of "Communication," "Document,"

and "Concerning," this Request could conceivably be read to encompass every legislative material in Respondent's possession since October 1, 2020.  For instance, a vote in favor or against any particular bill might "concern" a vote on another bill, given Plaintiffs' incredibly broad definition of such term.  Respondent's vote concerning the SAFE Act might be "legally or logically" connected to votes on other bills, or proposed legislation, or any number of legislative actions that have no bearing on this case.  Responding to this request could require respondent to search every "Document"—under Plaintiffs' incredibly broad definition"—that he has possessed since October 1, 2021 across every physical and digital medium.  Even if Respondent were able to accomplish that herculean feat, the broad and vague definition of "concern" would make it impossible to discern which documents were truly relevant to this Request.

Moreover, none of the information requested is relevant to any party's claim or defense. Whether the SAFE Act is constitutional is properly analyzed under rational-basis review, and the thoughts or intent of the legislators who voted for the Act are irrelevant.  Given the incredibly broad nature of the request, it is therefore disproportionate to the needs of the case.

Respondent also objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product.  Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly. Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement her responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST NO. 2:**   All documents and communications concerning gender dysphoria, gender transition, gender transition procedures, transgender people, and medical policies and

2

guidelines related to the treatment of gender dysphoria by professional medical groups, including, but not limited to, the World Professional Association for Transgender Health and the Endocrine Society.

**RESPONSE NO. 2:** Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case. Given the incredibly broad definitions of "Communication," "Document," and "Concerning," this Request could conceivably be read to encompass every legislative or other material in Respondent's possession since October 1, 2020. For instance, any document using the terms "male" or "female" might conceivably "concern" gender dysphoria or transgender people, given Plaintiffs' incredibly broad definition of such term. Responding to this request could require respondent to search every "Document"—under Plaintiffs' incredibly broad definition"—that he has possessed since October 1, 2021 across every physical and digital medium. Even if Respondent were able to accomplish that herculean feat, the broad and vague definition of "concern" would make it impossible to discern which documents were truly relevant to this Request.

Moreover, none of the information requested is relevant to any party's claim or defense. Whether the SAFE Act is constitutional is properly analyzed under rational-basis review, and the thoughts or intent of the legislators who voted for the Act are irrelevant. Given the incredibly broad nature of the request, it is therefore disproportionate to the needs of the case.

Respondent also objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product. Respondent also asserts that common law legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.

3

Should production of documents responsive to this request be compelled, Respondent will provide a privilege log pursuant to Rule 26 and supplement her responses accordingly to identify any documents withheld on the basis of any privilege.

**REQUEST NO. 3:** All documents and communications concerning the impact of the SAFE Act on the well-being of minors.

**RESPONSE NO. 3:** Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case. Given the incredibly broad definitions of "Communication," "Document," and "Concerning," this Request could conceivably be read to encompass every legislative or other material in Respondent's possession since October 1, 2020. For instance, any document concerning or referencing minors or their well-being conceivably "concern the effects of the SAFE Act, given Plaintiffs' incredibly broad definition of such term. Responding to this request could require respondent to search every "Document"—under Plaintiffs' incredibly broad definition"—that he has possessed since October 1, 2021 across every physical and digital medium. Even if Respondent were able to accomplish that herculean feat, the broad and vague definition of "concern" would make it impossible to discern which documents were truly relevant to this Request.

Moreover, none of the information requested is relevant to any party's claim or defense. Whether the SAFE Act is constitutional is properly analyzed under rational-basis review, and the thoughts or intent of the legislators who voted for the Act are irrelevant. Given the incredibly broad nature of the request, it is therefore disproportionate to the needs of the case.

Respondent also objects to the request to the extent it seeks documents that are subject to attorney-client privilege or are attorney work product. Respondent also asserts that common law

4

legislative privilege (referred to in some cases as a "deliberative-process privilege") protects from disclosure all legislative communications between members of the General Assembly.

| | |
|---|---|
| Dated:  November 22, 2021 | Respectfully submitted, |

<div style="margin-left: 50%;">

LESLIE RUTLEDGE
  Arkansas Attorney General

DYLAN L. JACOBS (2016167)
  Assistant Solicitor General

OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas  72201
(501) 682-8090
Dylan.Jacobs@arkansasag.gov

*Counsel for Respondent Mary Bentley*

</div>

**CERTIFICATE OF SERVICE**

I certify that on November 22, 2021, the foregoing was served on Plaintiffs' counsel by email at the following addresses:

    lcooper@aclu.org
    cstrangio@aclu.org
    echols@gill-law.com
    travis@gill-law.com
    mann@gill-law.com
    breean@walaslawfirm.com
    sarah@acluarkansas.org
    beeneyg@sullcrom.com
    ossipj@sullcrom.com
    hollanda@sullcrom.com
    oswell@sullcrom.com
    simpsond@sullcrom.com

                        /s/ *Dylan L. Jacobs*
                        Dylan L. Jacobs