# Exhibit 9

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DYLAN BRANDT, *et al.*,

PLAINTIFFS,

v.                                    No. 4:21-CV-00450-JM

LESLIE RUTLEDGE, *et al.*,

DEFENDANTS.

**ARKANSAS STATE REPRESENTATIVE ROBIN LUNDSTRUM'S**

**RESPONSE TO SUBPOENA *DUCES TECUM***

Respondent Arkansas State Representative Robin Lundstrum, through counsel, states for her Response to Plaintiffs' Subpoena as follows:

**GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINTIONS**

Respondent objects to the Instructions and Definitions contained in the Plaintiffs' Requests for Production of Documents to the extent such Instructions and Definitions place upon Respondent demands and obligations that would exceed the scope of Respondent's responsibility to respond to the requests under applicable Federal Rules of Civil Procedure.

**REQUEST NO. 1:**  All documents and communications concerning the SAFE Act, including, but not limited to: video and audio recordings concerning any state legislative hearings and committee meetings at which the SAFE Act was discussed; documents concerning the proposal, enactment and ratification of the SAFE Act; and documents concerning meetings and correspondence with any individual or organization regarding the SAFE Act, including, but not limited to, the Heritage Foundation and the Alliance Defending Freedom.

**RESPONSE NO. 1:**  Respondent objects that the request is overbroad, seeks information not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to the needs of the case.  Given the incredibly broad definitions of "Communication," "Document,"

and "Concerning," this Request could conceivably be read to encompass every legislative mate-

rial in Respondent's possession since October 1, 2020.  For instance, a vote in favor or against

any particular bill might "concern" a vote on another bill, given Plaintiffs' incredibly broad defi-

nition of such term.  Respondent's vote concerning the SAFE Act might be "legally or logically"

connected to votes on other bills, or proposed legislation, or any number of legislative actions

that have no bearing on this case.  Responding to this request could require respondent to search

every "Document"—under Plaintiffs' incredibly broad definition"—that he has possessed since

October 1, 2021 across every physical and digital medium.  Even if Respondent were able to ac-

complish that herculean feat, the broad and vague definition of "concern" would make it impos-

sible to discern which documents were truly relevant to this Request.

Moreover, none of the information requested is relevant to any party's claim or defense.

Whether the SAFE Act is constitutional is properly analyzed under rational-basis review, and the

thoughts or intent of the legislators who voted for the Act are irrelevant.  Given the incredibly

broad nature of the request, it is therefore disproportionate to the needs of the case.

Respondent also objects to the request to the extent it seeks documents that are subject to

attorney-client privilege or are attorney work product.  Respondent also asserts that common law

legislative privilege (referred to in some cases as a "deliberative-process privilege") protects

from disclosure all legislative communications between members of the General Assembly.

Should production of documents responsive to this request be compelled, Respondent will pro-

vide a privilege log pursuant to Rule 26 and supplement her responses accordingly to identify

any documents withheld on the basis of any privilege.

**REQUEST NO. 2:**   All documents and communications concerning gender dysphoria,

gender transition, gender transition procedures, transgender people, and medical policies and

guidelines related to the treatment of gender dysphoria by professional medical groups, includ-

ing, but not limited to, the World Professional Association for Transgender Health and the Endo-

crine Society.

**RESPONSE NO. 2:**  Respondent objects that the request is overbroad, seeks information

not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to

the needs of the case.  Given the incredibly broad definitions of "Communication," "Document,"

and "Concerning," this Request could conceivably be read to encompass every legislative or

other material in Respondent's possession since October 1, 2020.  For instance, any document

using the terms "male" or "female" might conceivably "concern" gender dysphoria or

transgender people, given Plaintiffs' incredibly broad definition of such term.  Responding to

this request could require respondent to search every "Document"—under Plaintiffs' incredibly

broad definition"—that he has possessed since October 1, 2021 across every physical and digital

medium.  Even if Respondent were able to accomplish that herculean feat, the broad and vague

definition of "concern" would make it impossible to discern which documents were truly rele-

vant to this Request.

Moreover, none of the information requested is relevant to any party's claim or defense.

Whether the SAFE Act is constitutional is properly analyzed under rational-basis review, and the

thoughts or intent of the legislators who voted for the Act are irrelevant.  Given the incredibly

broad nature of the request, it is therefore disproportionate to the needs of the case.

Respondent also objects to the request to the extent it seeks documents that are subject to

attorney-client privilege or are attorney work product.  Respondent also asserts that common law

legislative privilege (referred to in some cases as a "deliberative-process privilege") protects

from disclosure all legislative communications between members of the General Assembly.

Should production of documents responsive to this request be compelled, Respondent will pro-

vide a privilege log pursuant to Rule 26 and supplement her responses accordingly to identify

any documents withheld on the basis of any privilege.

**REQUEST NO. 3:**   All documents and communications concerning the impact of the

SAFE Act on the well-being of minors.

**RESPONSE NO. 3:**   Respondent objects that the request is overbroad, seeks information

not relevant to any party's claim or defense, and is unduly burdensome and disproportionate to

the needs of the case.  Given the incredibly broad definitions of "Communication," "Document,"

and "Concerning," this Request could conceivably be read to encompass every legislative or

other material in Respondent's possession since October 1, 2020.  For instance, any document

concerning or referencing minors or their well-being conceivably "concern the effects of the

SAFE Act, given Plaintiffs' incredibly broad definition of such term.  Responding to this request

could require respondent to search every "Document"—under Plaintiffs' incredibly broad defini-

tion"—that he has possessed since October 1, 2021 across every physical and digital medium.

Even if Respondent were able to accomplish that herculean feat, the broad and vague definition

of "concern" would make it impossible to discern which documents were truly relevant to this

Request.

Moreover, none of the information requested is relevant to any party's claim or defense.

Whether the SAFE Act is constitutional is properly analyzed under rational-basis review, and the

thoughts or intent of the legislators who voted for the Act are irrelevant.  Given the incredibly

broad nature of the request, it is therefore disproportionate to the needs of the case.

Respondent also objects to the request to the extent it seeks documents that are subject to

attorney-client privilege or are attorney work product.  Respondent also asserts that common law

4

legislative privilege (referred to in some cases as a "deliberative-process privilege") protects

from disclosure all legislative communications between members of the General Assembly.

Dated:  November 22, 2021                 Respectfully submitted,

LESLIE RUTLEDGE
   Arkansas Attorney General

DYLAN L. JACOBS (2016167)
   Assistant Solicitor General

OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas  72201
(501) 682-8090
Dylan.Jacobs@arkansasag.gov

*Counsel for Respondent Robin Lundstrum*

**CERTIFICATE OF SERVICE**

I certify that on November 22, 2021, the foregoing was served on Plaintiffs' counsel by

email at the following addresses:

lcooper@aclu.org
cstrangio@aclu.org
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
breean@walaslawfirm.com
sarah@acluarkansas.org
beeneyg@sullcrom.com
ossipj@sullcrom.com
hollanda@sullcrom.com
oswell@sullcrom.com
simpsond@sullcrom.com

/s/ *Dylan L. Jacobs*
Dylan L. Jacobs