# Exhibit 13



Dylan L. Jacobs  
Assistant Solicitor General

Direct Dial: (501) 682-3661  
dylan.jacobs@arkansasag.gov

December 22, 2021

*via email*  
Duncan C. Simpson LaGoy  
Sullivan & Cromwell LLP  
1870 Embarcadero Road  
Palo Alto, California 94303-3308

      Re: *Brandt v. Rutledge*

Dear Duncan:

      I write in response to your letter dated December 6, 2021. The letter mentions several issues discussed during our met and confer on November 30 relating to the Legislators' objections to Plaintiffs' Subpoenas. We conferred regarding the Legislators' objections as to the lack of relevance of the documents sought by the Subpoenas, the disproportionate scope of the document requests, and the Legislators' claim of common-law privilege as to certain categories of documents that could potentially be responsive to Plaintiffs' requests.

      I must reiterate that, as I mentioned during our call, the Legislators have not agreed to withdraw their relevance objection at this time. Any discussions regarding the scope of production are preliminary in the sense that they will come to fruition only in the event that the Legislators withdraw their relevance objection or the court orders compliance with the Subpoenas.

      Nor have the Legislators withdrawn their proportionality objection. As we discussed on the call, limiting the incredibly broad nature of the document requests with initial search terms would be required, at a minimum, for that objection to be withdrawn. However, the extremely lengthy list of search terms provided in Appendix A to your letter do not lessen the disproportionality of Plaintiffs' requests. This is especially true where many of the sources covered by Plaintiffs' requests (including, e.g., social media platforms and text messages) are not necessarily

searchable using search operators and wildcards as laid out in the Appendix. Finally, many of the search terms do not appear to be calculated to return results relevant to this lawsuit. For example, two of the Legislators surnames ("clark" and "undstrom" [sic]) appear listed. Running searches for such general terms, particularly for emails, would not serve to limit the universe of searchable documents so as to reduce the disproportionality of Plaintiffs' requests.

Additionally, a list of search terms in itself is not useful without an agreed-upon list of search locations. Please provide a proposed list of search locations and mediums (e.g., text messages, email, social media, etc.) that would be included. This will be helpful in determining which sources are searchable via operators and which are limited to whole keywords. Until the universe of agreed-upon search locations and mediums is established, the Legislators have no way of determining whether the requests have been properly narrowed so as to warrant withdrawing their proportionality objection.

Finally, as indicated on our call, the Legislators will comply with Federal Rule of Civil Procedure 26 and provide a privilege log of all responsive documents withheld on the basis of privilege, at such time that documents are withheld from production.

Sincerely,

*/s/ Dylan L. Jacobs*

Dylan L. Jacobs
Assistant Solicitor General