IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT, et al.,**  PLAINTIFFS

v.          Case No. 4:21-CV-00450-JM

**LESLIE RUTLEDGE, et al.,**  DEFENDANTS

**BRIEF IN SUPPORT OF
MOTION FOR ORDER TO SHOW CAUSE
and
TO COMPEL PRODUCTION OF DOCUMENTS**

On November 8, 2021, Plaintiffs subpoenaed five Arkansas State Representatives who were instrumental in passing the Health Care Ban at the center of this lawsuit — Mary Bentley, Alan Clark, Robin Lundstrum, Marcus Richmond, and Jim Wooten (collectively, the "Legislators"). But after two months of negotiations, the Legislators have refused to produce any documents and are instead standing on boilerplate relevancy, proportionality, and privilege objections. Plaintiffs therefore are forced to move, pursuant to Rule 45(d)(2)(B)(i) and (g) of the Federal Rules of Civil Procedure, for an order to show cause why the Legislators should not be held in contempt for failing to obey a subpoena duces tecum commanding the production of documents, and compelling each Legislator to produce responsive documents. None of the Legislators has an "adequate excuse"

1

for refusing to comply with the subpoena and produce responsive documents. Accordingly, Plaintiffs' *Motion* should be granted.

## RELEVANT FACTS

On November 8, 2021, Plaintiffs served each of the Legislators with a subpoena duces tecum requesting documents and communications, from the time period of October 1, 2020, to the present, concerning:

> (1) the SAFE Act, including, but not limited to: video and audio recordings concerning any state legislative hearings and committee meetings at which the SAFE Act was discussed; documents concerning the proposal, enactment and ratification of the SAFE Act; and documents concerning meetings and correspondence with any individual or organization regarding the SAFE Act, including but not limited to, the Heritage Foundation and the Alliance Defending Freedom;
>
> (2) gender dysphoria, gender transition, gender transition procedures, transgender people, and medical policies and guidelines related to the treatment of gender dysphoria by professional medical groups, including, but not limited to, the World Professional Association for Transgender Health and the Endocrine Society; and
>
> (3) the impact of the SAFE Act on the well-being of minors.[1]

On November 22, 2021, the Legislators served their objections to the subpoena.[2]   Each Legislator raised the same three objections – relevance,

---

[1]   *Exhibit 1,* Schedule A at pp. 4-5; *Exhibit 2,* Schedule A at pp. 4-5; *Exhibit 3,* Schedule A at pp. 4-5; *Exhibit 4,* Schedule A at pp. 4-5; *Exhibit 5* at pp. 4-5; *see also Exhibit 6* (Plaintiffs' proof of service).
[2]   *Exhibits 7-11*

proportionality (overly broad), and privilege.³ Following receipt thereof, Plaintiffs' counsel and the Legislators' counsel met and conferred about the Legislators' objections to see if the issues could be resolved without court intervention.⁴ On December 6, 2021, Plaintiffs' counsel sent a proposed list of search terms for the Legislators to use to find responsive documents.⁵ On December 23, 2021, the Legislators' counsel sent a letter claiming confusion about how to run the search terms and reasserting the Legislators' relevance and proportionality objections, as well as their assertion of legislative privilege, attorney-client privilege, and the work-product doctrine as reasons to refuse compliance with the subpoenas.⁶ On December 27, 2021, Plaintiffs' counsel emailed the Legislators' counsel requesting that the Legislators withdraw their inappropriate objections by January 3, 2022, or Plaintiffs would be forced to file a motion with the Court. The Legislators' counsel has not replied to this email.

---

³ *Exhibits 6-11*
⁴ *See Exhibit 12* (Plaintiffs' December 6, 2021 letter referencing the conference between counsel)
⁵ *See id.*
⁶ *Id.* (Plaintiffs' December 6, 2021 letter summarizing meet-and-confer and including appendix of search terms); *Exhibit 13* (Legislators' December 23, 2021 letter advising the legislators are standing on objections and requesting an agreed-list of search locations); *Exhibit 14* (Plaintiffs' December 27, 2021 letter responding thereto and requesting a response by January 3, 2022, or Plaintiffs' would be forced to file a motion with the Court).

## LEGAL STANDARD

The right to compel the production of documents in response to a duly-served subpoena is codified in Rule 45 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things . . . may be set out in a separate subpoena" and it "may specify the form or forms in which electronically stored information is to be produced"). If an objection is made, then "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i). The district court where compliance is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(g); *see also Fisher* v. *Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975) ("If the non-party [commanded person] was in fact errant without 'adequate excuse,' the proper course was to find him in contempt under Rule 45(f).").

## ARGUMENT

The Legislators have asserted three boilerplate objections — relevancy, proportionality, and privilege — but none of these objections is proper here, and the Legislators therefore lack an adequate excuse for refusing to comply with the subpoenas.

*First*, the documents requested are relevant to Plaintiffs' claim that the Health Care Ban was passed for an impermissible discriminatory purpose.  (Complaint ¶¶ 55, 170.)  Where a case "address[es] constitutional rights in which legislative intent was at issue" courts "have allowed queries into legislators' motivations." *Cave* v. *Thurston*, 2021 U.S. Dist. LEXIS 203757, at *14 (E.D. Ark. Oct. 22, 2021) (citing cases); *see also Doe* v. *Nebraska,* 788 F. Supp. 2d 975, 981-982 (D. Neb. 2011); *S.D. Farm Bureau* v. *Hazeltine,* 340 F.3d 583 (8th Cir. 2003) (relying on meeting notes, memorandum, and drafter statements, and the absence of studies or economic forecasts commissioned prior to passage of the statute, as evidence of legislative intent).  Here, Plaintiffs have subpoenaed five Legislators involved in the passage of the Health Care Ban and requested documents related to the Health Care Ban and to transgender people and related medical conditions.  These documents clearly are relevant to Plaintiffs' claims.

*Second*, the document requests are not overly broad or disproportional to Plaintiffs' needs in this case.  Defendants have made the bare assertion that Plaintiffs' requests are not proportional to the needs of the case, but "[a] party claiming requests are overly broad and unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required."  *Cave,* 2021 U.S. Dist. LEXIS 203757, at *22.  The Legislators have not met their burden of showing why the requests are overly broad.  Here, as in *Cave,*

Plaintiffs "provided search terms" but no "indications" have been given that the Legislators have run any of these electronic searches to gauge the scope and volume of documents and communications. *Id.* at *23. The Legislators have simply said "the extremely lengthy list of search terms provided in Appendix A to your letter do not lessen the disproportionality of Plaintiffs' requests." No reports were provided to support these statements.[7] When given the opportunity to provide those reports, the Legislators did not respond.[8] Given that it is their burden to demonstrate the requests are disproportionately broad, the Legislators failure to provide any reports or other documentation to substantiate their boilerplate objection is fatal thereto. Accordingly, the Court should overrule the Legislators' proportionality objection, order each legislator to show cause why he or she should not be held in contempt and order each to produce responsive documents and communications.

*Finally*, the Legislators' assertion of attorney-client privilege, attorney work product protection, or legislative privilege is invalid and inadequate under federal law because they have refused to provide a privilege log. *See Cave,* 2021 U.S. Dist. LEXIS 203757, at *16-18 (ordering the State to produce a privilege log and identify any document being withheld from production or disclosure based on a claim of confidentiality under the attorney-client privilege, the work-product doctrine, or the

---

[7]   *Exhibit 13*
[8]   *Exhibit 14*

legislative (deliberative-process) privilege); *Doe,* 788 F. Supp. 2d at 985-87 (asserting a blanket privilege for documents is insufficient and requiring the defendant to produce a privilege log identifying those documents being withheld on legislative (deliberative process) privilege, attorney-client privilege, or work produce privilege). Nor have they "describe[d] the nature of the withheld documents … in a manner that, without revealing information itself privileged or protected, will enable the parties to asses the claim." FED. R. CIV. P. 45(e)(2). Here, the Legislators do not intend to provide such a log until the Court rules on its relevance and proportionality arguments, unnecessarily prolonging this discovery dispute and final resolution of the matter. In light of the clear authority demonstrating the relevance of the requested documents and the proportionality of those requests to the needs of the case, the Legislators refusal to produce any documents or a privilege log is contemptuous.[9] Accordingly, "privilege" is not a valid objection to compliance with the subpoenas.

---

[9] Plaintiffs submit that the Legislators' claims of privilege are invalid; however, without a privilege log and the requisite specificity demonstrating the application of any privilege to a certain document or electronically stored information, it would be purely academic to provide an in-depth analysis of those privileges at this time. In the event the Legislators raise more substantive "privilege" objections in response to these motions, Plaintiffs will address those arguments in their reply brief.

## CONCLUSION

Each legislator was involved in drafting and passing the Health Care Ban. The legislative intent in passing that Ban was discriminatory and violated Plaintiffs' equal protection, due process and First Amendment rights. Information and documentation held by Legislators are not entitled to blanket protection from disclosure; and no grounds exist to shield such documentation from disclosure in this case. Accordingly, Plaintiffs' Motion for an order to show cause why Mary Bentley, Alan Clark, Robin Lundstrum, Marcus Richmond, and Jim Wooten should not be held in contempt and to compel each Legislator to produce responsive documents should be granted, along with attorneys' fees and costs as the Court sees appropriate under the circumstances.

Dated: January 20, 2022                               Respectfully submitted,

/s/ Leslie Cooper
Leslie Cooper                                         Beth Echols, Ark. Bar No. 2002203
Chase Strangio*                                       Christopher Travis, Ark. Bar No. 97093
American Civil Liberties Union                        Drake Mann, Ark. Bar No. 87108
Foundation                                            Gill Ragon Owen, P.A.
125 Broad St.                                         425 W. Capitol Ave., Suite 3800
New York, NY 10004                                    Little Rock, AR 72201
Telephone: (917) 345-1742                             Telephone: (501) 376-3800
lcooper@aclu.org                                      echols@gill-law.com
cstrangio@aclu.org                                    travis@gill-law.com
*Attorneys for the Plaintiffs*                        mann@gill-law.com
                                                      *Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077                    Sarah Everett, Ark. Bar No. 2017249
Walas Law Firm, PLLC

| | |
|---|---|
| P.O. Box 4591<br>Bozeman, MT 59772<br>Telephone: (501) 246-1067<br>breean@walaslawfirm.com<br>*Attorneys for the Plaintiffs* | Arkansas Civil Liberties Union Foundation, Inc.<br>904 W. 2nd St.<br>Little Rock, AR 72201<br>Telephone: (501) 374-2842<br>sarah@acluarkansas.org<br>*Attorneys for the Plaintiffs* |
| Garrard R. Beeney*<br>Jonathan J. Ossip*<br>Alexander S. Holland*<br>Sullivan & Cromwell LLP<br>125 Broad St.<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>beeneyg@sullcrom.com<br>ossipj@sullcrom.com<br>hollanda@sullcrom.com<br>*Attorneys for the Plaintiffs*<br><br>*\*Admitted pro hac vice* | Laura Kabler Oswell*<br>Duncan C. Simpson LaGoy*<br>Sullivan & Cromwell LLP<br>1870 Embarcadero Rd.<br>Palo Alto, CA 94303<br>Telephone: (650) 461-5600<br>oswell@sullcrom.com<br>simpsond@sullcrom.com<br>*Attorneys for the Plaintiffs* |

**CERTIFICATE OF SERVICE**

I, Breean Walas, affirm that on this January 20, 2022, I have filed the foregoing using the CM/ECF system, which will send notice of such filing to counsel of record for all parties, and I have served Mary Bentley, Alan Clark, Robin Lundstrum, Marcus Richmond, and Jim Wooten by emailing a copy of the same to their counsel, Dylan L. Jacobs, Assistant Solicitor General, Office of Arkansas Attorney General Leslie Rutledge, dylan.jacobs@arkansasag.gov.

*/s/ Breean Walas*
Breean Walas