# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DYLAN BRANDT, by and through his mother,**                    **PLAINTIFFS**
**Joanna Brandt, et al.**

v.                    No. 4:21-CV-00450-JM

**LESLIE RUTLEDGE, in her official capacity as**                **DEFENDANTS**
**the Arkansas Attorney General, et al.**

## STIPULATED PROTECTIVE ORDER

Discovery in this case may involve the production of confidential or private information, including patient-identifying information, that should be kept confidential. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

Each Party or Non-Party that designates information or items for production under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party, as defined below, must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of

this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**1. DEFINITIONS**

    1.1. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    1.2. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    1.3. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    1.4. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.5. Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.6. Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

1.7. House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.8. Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1.9. Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

1.10. Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.11. Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.12. Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.13. Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.14. Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 2. SCOPE

2.1. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

-4-

testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 3. DURATION

3.1. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4. DESIGNATING PROTECTED MATERIAL**

4.1. Any party producing any document, information, testimony, response to interrogatory, correspondence, or other material that contains patient-identifying information shall mark it as "CONFIDENTIAL".

A party may in good faith and for good cause designate specific portions of a deposition as containing patient-identifying information after transcription, provided that written notice is promptly given to all counsel of record within fourteen (14) days after notice by the court reporter of the completion of the transcript.

**5. ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. When the litigation has been terminated, a

Receiving Party must comply with the provisions of section 10 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

5.2.1. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

5.2.2. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary

for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5.2.3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5.2.4. the court and its personnel;

5.2.5. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5.2.6. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

> bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.
>
> 5.2.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.
>
> 5.3. If any counsel determines that a need exists to disclose patient identifying information to a person or entity other than those listed, written authorization of opposing counsel must be obtained in advance of such disclosure. Authorization should be freely given if counsel's need to disclose is not unreasonable. Should opposing counsel refuse to grant such authorization, counsel may move the Court for authorization.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

> 6.1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

6.1.1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

6.1.2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

6.1.3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

6.2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1. <u>Meet and Confer.</u>  In case of any disagreement between the parties concerning whether some information should be kept confidential, the parties will meet and confer in a good faith effort to resolve the dispute. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if

no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.2. <u>Judicial Intervention.</u>  Should the parties be unable to reach an agreement, the Challenging Party may file a motion asking that the Court conduct an *in camera* review of the information in order to resolve the dispute. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge shall be on the Designating Party.

## 8. FILING PROTECTED MATERIAL

8.1. If any patient-identifying information is to be filed with the Court in connection with any proceedings in this action, such material shall be filed under seal.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FINAL DISPOSITION

10.1. Within 60 days after the final disposition of this action, as defined in paragraph 3, the Producing Party may request a certification that each Receiving Party will return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 30 days of receiving the request that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (**DURATION**).

Garrard R. Beeney*
Jonathan J. Ossip*
Alexander S. Holland*
Sullivan & Cromwell LLP
125 Broad Street

Dated:  February 2, 2022                        Respectfully submitted,

/s/ Leslie Cooper

| | |
|---|---|
| Leslie Cooper<br>Chase Strangio*<br>American Civil Liberties Union Foundation 125 Broad St.<br>New York, NY 10004<br>Telephone:  (917) 345-1742<br>lcooper@aclu.org  cstrangio@aclu.org<br>*Attorneys for the Plaintiffs* | Beth Echols, Ark. Bar No. 2002203<br>Christopher Travis, Ark. Bar No. 97093 Drake Mann, Ark. Bar No. 87108 Gill Ragon Owen, P.A.<br>425 W. Capitol Avenue, Suite 3800<br>Little Rock, AR 72201<br>Telephone:  (501) 376-3800<br>echols@gill-law.com<br>travis@gill-law.com<br>mann@gill-law.com<br>*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*<br>*Attorneys for the Plaintiffs* |
| Breean Walas, Ark. Bar No. 2006077<br>Walas Law Firm, PLLC<br>P.O. Box 4591<br>Bozeman, MT 59772<br>Telephone:  (501) 246-1067<br>breean@walaslawfirm.com  *On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*<br>*Attorneys for the Plaintiffs* | Gary L. Sullivan, Ark. Bar No. 92051<br>Sarah Everett, Ark. Bar No. 2017249<br>Arkansas Civil Liberties Union Foundation, Inc.<br>904 W. 2nd Street<br>Little Rock, AR 72201<br>Telephone:  (501) 374-2842<br>Gary@acluarkansas.org<br>sarah@acluarkansas.org<br>*Attorneys for the Plaintiffs* |
| New York, NY 10004  Laura Kabler Oswell*<br> Duncan C. Simpson LaGoy*<br> Sullivan & Cromwell LLP<br>Telephone:  (212) 558-4000<br>beeneyg@sullcrom.com<br>ossipj@sullcrom.com<br>hollanda@sullcrom.com<br>*Attorneys for the Plaintiffs* | 1870 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone:  (650) 461-5600<br>oswell@sullcrom.com<br>simpsond@sullcrom.com<br>*Attorneys for the Plaintiffs* |

*Admitted pro hac vice

*/s/ Michael A. Cantrell*
 LESLIE RUTLEDGE
  Arkansas Attorney General

 NICHOLAS J. BRONNI (2016097)
  Arkansas Solicitor General
 VINCENT M. WAGNER (2019071)
  Deputy Solicitor General
 MICHAEL A. CANTRELL (2012287)
  Assistant Solicitor General
 KA TINA R. GUEST (2003100)
  Senior Assistant Attorney General
 OFFICE OF THE ARKANSAS ATTORNEY GENERAL
 323 Center Street, Suite 200
 Little Rock, Arkansas 72201
 (501) 682-8090
 vincent.wagner@arkansasag.gov
  *Counsel for Defendants*

**IT IS SO ORDERED.**

_____
Hon. James M. Moody, Jr.
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Arkansas on [date] in the case of *Dylan Brandt* v. *Attorney General Leslie Rutledge, in her official capacity*, Case No. 4:21cv450 JM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____