## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DYLAN BRANDT, et al.,**                                              **PLAINTIFFS**

**v.**                              **Case No. 4:21-CV-00450-JM**

**LESLIE RUTLEDGE, et al.,**                                       **DEFENDANTS**

### REPLY IN SUPPORT OF
### MOTION FOR ORDER TO SHOW CAUSE
### and
### TO COMPEL PRODUCTION OF DOCUMENTS

The Legislators' Opposition provides no excuse for their failure to produce

documents in response to Plaintiffs' subpoenas.

*First*, the Legislators' argument that contempt is not appropriate here is

incorrect — the discovery requests are relevant and proportional to the needs of the

case such that the Legislators are "without adequate excuse" for refusing to comply

with the subpoena.  Moreover, while contempt is a perfectly appropriate remedy for

the Legislators' failure to comply with their discovery obligations, the Motion also

requests the production of documents sought by Plaintiffs' subpoenas and, as

described below, the Legislators have offered no possible basis on which they are

not required to do so.

*Second*, the Opposition spends four pages parsing defined terms in the

Requests, but ignores that the parties held a telephonic meet and confer to discuss

any perceived ambiguity about the Requests and agreed to resolve the Legislators' burden objection by using search terms to find responsive documents. *See Motion to Show Cause and to Compel Production of Documents* (Doc. No. 84) ("Motion"), Exhibit 12. But after Plaintiffs sent their proposed list of search terms, the Legislators changed their minds and refused to even run the terms. *See* Motion (Doc. No. 84), Exhibit 13. Not only does the Opposition ignore Plaintiffs' efforts to reach reasonable accommodations to address any concerns about ambiguity or burden, the Legislators continue in the Opposition to fail to provide any metric to substantiate their assertion that the Requests are unduly burdensome.

*Third*, the Legislators' argument that the Requests seek irrelevant documents ignores all of the cases cited in the Motion holding that documents related to legislative intent are relevant to an equal protection claim like the one Plaintiffs have brought here. *See* Motion (Doc. No. 85), at 5; *see also Cave v. Thurston*, 2021 U.S. Dist. LEXIS 203757, at *14 (E.D. Ark. Oct. 22, 2021)**;** *Doe v. Nebraska*, 788 F. Supp. 2d 975, 981-982 (D. Neb. 2011); *S.D. Farm Bureau v. Hazeltine*, 340 F.3d 583 (8th Cir. 2003).

*Lastly*, legislative privilege also is not an "adequate excuse" for refusing to obey a subpoena when, as here, the Legislators have expressly objected on privilege grounds but refuse to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information

itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(e)(2)(A).

Nothing raised by the Legislators in their Consolidated Response negates Plaintiffs' position. *See Consolidated Response in Opposition to Plaintiffs' Motion for Order to Show Cause and to Compel Production of Documents* (Doc. 94) ("Consolidated Response"). Accordingly, Plaintiffs' Motion should be granted.

1.   **Contempt is an appropriate remedy because the Legislators did not have an adequate excuse to refuse compliance with the subpoena duces tecum.**

Federal Rule of Civil Procedure 45(g) is unambiguous: "The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena or an order related to it." This does not mean, as the Legislators argue, that they must first be compelled to comply with the subpoena and violate that order before they can be held in contempt. Rule 45(g) clearly gives the Court authority to hold each Legislator in contempt *if* it finds they are "without adequate excuse" in failing to obey the subpoena duces tecum. *See also* FED. R. CIV. P. 45, *Notes on Advisory Committee on 2013 Amendments, Subdivision (g)* ("Subdivision (g) carries forward the authority of former subdivision (e) to punish disobedience of subpoenas as contempt."); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975) ("If the non-party [commanded person] was in

fact errant without 'adequate excuse,' the proper course was to find him in contempt under Rule 45(f)," now Rule 45(g)).

A finding of contempt is warranted here. As established in Plaintiffs' Motion, the Legislators' frivolous and unsubstantiated objections are not an adequate defense to compliance with the subpoena served on each Legislator. The Legislators, having notice of Plaintiffs' position and request for the Legislators to be held in contempt, have chosen to respond only through their counsel and have provided no affidavits or other proof demonstrating they have a valid reason not to comply with the subpoena. Because the Legislators have had the opportunity to respond, and have failed to present an adequate excuse for their refusal to comply with the subpoena, grounds exist for the Court to hold each Legislator in contempt for failing to obey a subpoena.

**2.      The Legislators should be compelled to produce responsive documents, communications, and materials.**

  **A.    Plaintiffs seek relevant information.**

"Relevancy is a difficult objection upon which to prevail during the discovery phase of an action" and "[t]he party opposing the motion to compel must provide specific explanations or factual support as to how each request is improper." *Cave,* 2021 U.S. Dist. LEXIS 203757, at *19. If the party resisting production or objecting to discovery does not carry this burden, then the objection cannot be sustained. *Id.* at *18-19. Such is the case here.

-4-

The subpoenaed documents are relevant to the issues in this case; specifically, the Court's analysis of whether the General Assembly's enactment of the Health Care Ban violates Plaintiffs' constitutional rights.  This analysis necessarily includes inquiry into whether the Health Care Ban was passed for an impermissible discriminatory purpose.   And, in such cases where potential violations of constitutional rights have occurred, courts have allowed discovery into legislators' motivations.  *Cave,* 2021 U.S. Dist. LEXIS 203757, at *14; *see also Hazeltine,* 340 F.3d 583  (relying on meeting notes, memorandum, and drafter statements, and the absence of studies or economic forecasts commissioned prior to passage of the statute, as evidence of legislative intent).

Here, the subpoenaed documents are one source where proof of legislative intent and motivation is likely to be found.  The Legislators have said nothing to refute this.   Instead, they claim "the motivations of individual legislators in proposing and voting for the SAFE Act are not relevant to Plaintiffs' claims under any level of scrutiny" because legislative intent "can be found on the face of the Act."  Consolidated Response (Doc. 94) at pp. 8-9.  But this is not the standard for discovery under the Federal Rules of Civil Procedure.   Rather Rule 26 permits discovery of "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Kirschenman* v. *Auto-Owners Ins.*, 280 F.R.D. 474, 481 (D.S.D. 2012) (citing *EEOC* v. *Woodmen of*

*the World Life Ins. Soc.*, 2007 WL 1217919, at *1 (D. Neb. March 15, 2007)). Accordingly, the possibility that proof of legislative intent may be available from other sources does not render the requested documents irrelevant.  If anything, the Legislators' argument demonstrates the relevance of the subpoenaed documents and the frivolity of the Legislators' refusal to comply with the subpoena on relevance grounds.

> **B.    Plaintiffs' discovery requests are proportionate to the needs of the case.**

When a person objects to producing documents on the basis that the requests are disproportionate to the needs of the case, *i.e.,* overly broad and unduly burdensome, the objector-respondent cannot rest on conclusory allegations and must provide some evidence regarding the time or expense required.  *Cave,* 2021 U.S. Dist. LEXIS 203757, at *22.  The Legislators have not done this.  Instead, as occurred prior to Plaintiffs' filing their Motion, the Legislators assert that responding to the Plaintiffs' requests would be burdensome and expensive *even if* they had tried to run the search terms or review materials in their possession for responsive documents.  Consolidated Response (Doc. 94) at pp. 9-10.  Yet the admission that they did not even attempt to search for responsive documents coupled with the blanket assertions of their counsel, without submission of any evidence to support their claims of undue burden and expense, renders their objection meritless and their

refusal to comply with the subpoena defenseless.  *See Cave,* 2021 U.S. Dist. LEXIS 203757, at *23.

> **C.     The Legislators have not met their burden of showing legislative privilege applies and is an adequate defense to refuse compliance with the subpoena.**

Legislative privilege is not an "adequate excuse" for failing to comply with the subpoena where, as here, "the Legislators have not yet withheld any documents on the basis of privilege; they have instead objected to the request on relevance on proportionality grounds and have thus not identified responsive documents in order to even begin assessing privilege claims."  Consolidated Response (Doc. 94) at p. 12. Simply put, the Legislators cannot use a placeholder-objection to avoid complying with a duly-issued and properly-served subpoena duces tecum.   They are either asserting legislative privilege (and, maybe, attorney-client privilege and attorney work product doctrine)[1] as grounds for withholding documents, which requires compliance with Rule 45(e)(2), or they have raised a frivolous objection since they have not reviewed or "identified responsive documents in order to even begin assessing privilege claims."  Consolidated Response (Doc. 94) at p. 12.  If it is the former, then the privilege-objection is invalid due to the Legislators failure to comply with Rule 45(e)(2).  If it is the latter, then the objection is "inadequate" because the Legislators did not even attempt to comply with the subpoena.  Either

---

[1] Consolidated Response (Doc. 94) at p. 11, n.4

way, grounds exist to compel the Legislators to produce responsive documents *and* to hold each in contempt under Rule 45(g).

Finally, and although "[t]he Legislators agree with Plaintiffs that, given the current posture of the parties' dispute, 'it would be purely academic to provide an in-depth analysis of' the privilege issues 'at this time[,]'"[2] Plaintiffs would be remiss to not at least address the inaccuracies of the Legislators' position that "[m]uch of Plaintiffs' document requests will be barred by legislative privilege." Consolidated Response (Doc. 94) at p. 11, n.5 & p. 10.

In cases such as this, where the matter is before the court on federal question jurisdiction, courts apply the federal law of privilege. *Doe,* 788 F.Supp.2d at 983. Common law legislative privilege is found in the Speech and Debate Clause of the United States Constitution, and the evidentiary privilege provided therein "only applies to members of Congress and Senators and does not, by its plain language, apply to state legislators." *Id.* at 983-984. Nevertheless, federal courts have held that the evidentiary legislative privilege found in the Speech and Debate Clause may protect state and local officials from testifying, but they "are not necessarily exempted from producing documents." *Id.* at 984. Rather,

> in most cases the only evidentiary legislative privilege regarding the production of documents available to state legislators (and other local government officials) is a very narrow and qualified one, sometimes referred to as a "deliberative process privilege."

---

[2] Consolidated Response (Doc. 94) at p. 11, n.5

*In re Grand Jury*, 821 F.2d. at 959 (internal citations omitted); *see also Cave,* 2021 U.S. Dist. LEXIS 203757, at *15-16 (recognizing the *Doe* decision as a well-reasoned explanation of legislative privilege as applied to state legislators).  In light of the foregoing Eighth Circuit jurisprudence, the Legislators blanket assertion that "the core of Plaintiffs' request – documents concerning the SAFE Act – are covered by the privilege and protected from disclosure"[3] cannot stand as a matter of law.

Moreover, considering the Legislators refusal to review their files to identify responsive documents and their refusal to comply with Rule 45(e)(2)(A), there is nothing for the court to review to even determine whether any of the responsive documents actually "involve opinions, recommendations or advice about legislative decisions between legislators or between legislators and their aides – that is, documents that are pre-decisional, deliberative and contain matters of opinion" created prior to the passage and implementation of the Health Care Ban. *Doe,* 788 F.Supp.2d at 986.  Absent such information, particularly since the evidentiary legislative privilege available to state legislators is so narrow, the Legislators' legislative privilege objection is an inadequate and baseless reason to refuse compliance with the subpoena duces tecum.  *See United States v. Reserve Mining Co.*, 412 F.Supp. 705, 711 (D. Minn. 1976) (a person does not have the unilateral

---

[3] Consolidated Response (Doc. 94) at p. 11

right to determine which documents are protected or which documents to reveal exist, and failure to identify the document and adequately explain how privilege attaches precludes application of those theories to justify refusing to produce documents).

## CONCLUSION

Legislators Mary Bentley, Alan Clark, Robin Lundstrum, Marcus Richmond, and Jim Wooten "fail[ed] without adequate excuse to obey the subpoena."  None of them has a valid defense for refusing to comply with the subpoena. The documents, communications, and materials sought are clearly relevant to Plaintiffs' constitutional claims and the State's defenses thereto, and are proportionate to their needs in this case.   Neither can the Legislators use "legislative privilege" as a placeholder to avoid compliance with the subpoenas.  Accordingly, the Legislators are "without adequate excuse" for refusing to comply with the subpoena duces tecum and, along with being compelled to produce responsive documents, they should be held in contempt and ordered to pay Plaintiffs' attorneys fees and costs related to having to pursue this relief.

Dated: February 24, 2022                    Respectfully submitted,

/s/ Leslie Cooper
Leslie Cooper                               Beth Echols, Ark. Bar No. 2002203
Chase Strangio*                             Christopher Travis, Ark. Bar No. 97093
American   Civil   Liberties   Union        Drake Mann, Ark. Bar No. 87108
Foundation                                  Gill Ragon Owen, P.A.
125 Broad St.                               425 W. Capitol Ave., Suite 3800

New York, NY 10004
Telephone:  (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Little Rock, AR 72201
Telephone:  (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
*Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone:  (501) 246-1067
breean@walaslawfirm.com
*Attorneys for the Plaintiffs*

Sarah Everett, Ark. Bar No. 2017249
Arkansas    Civil    Liberties    Union
Foundation, Inc.
904 W. 2nd St.
Little Rock, AR 72201
Telephone:  (501) 374-2842
sarah@acluarkansas.org
*Attorneys for the Plaintiffs*

Garrard R. Beeney*
Jonathan J. Ossip*
Alexander S. Holland*
Sullivan & Cromwell LLP
125 Broad St.
New York, NY 10004
Telephone:  (212) 558-4000
beeneyg@sullcrom.com
ossipj@sullcrom.com
hollanda@sullcrom.com
*Attorneys for the Plaintiffs*

Laura Kabler Oswell*
Duncan C. Simpson LaGoy*
Sullivan & Cromwell LLP
1870 Embarcadero Rd.
Palo Alto, CA 94303
Telephone:  (650) 461-5600
oswell@sullcrom.com
simpsond@sullcrom.com
*Attorneys for the Plaintiffs*

*Admitted pro hac vice*