# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DYLAN BRANDT, et al.,**                                         **PLAINTIFFS**

**v.**                         **CASE NO. 4:21-CV-00450-JM**

**LESLIE RUTLEDGE, et al.,**                                    **DEFENDANTS**

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 33.1 and any other applicable rules or governing law (collectively, the "Applicable Rules"), Plaintiffs Dylan Brandt, Joanna Brandt, Sabrina Jennen, Lacey Jennen, Aaron Jennen, Brooke Dennis, Amanda Dennis, Shayne Dennis, Parker Saxton, Donnie Saxton, Michele Hutchison, and Kathyrn Stambough (collectively, "Plaintiffs") hereby demand, by and through their undersigned attorneys, that Defendants Leslie Rutledge, Amy E. Embry, Sylvia D. Simon, Robert Breving Jr., Veryl D. Hodges, John H. Scribner, Elizabeth Anderson, Rhys L. Branman, Edward "Ward" Gardner, Rodney Griffin, Betty Guhman, Brian T. Hyatt, Timothy C. Paden, Don R. Philips, William L. Rutledge, and David L. Staggs (collectively, "Defendants") produce the documents described herein for inspection and copying at the offices of Gill Ragon Owen, P.A., 425 West Capitol Avenue, Suite 3800, Little Rock, Arkansas, 72201, within 30 days, or at such other time and place as may be

mutually agreed, in the manner prescribed by the Federal Rules and the Local Rules, and in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

1. All terms used in these Document Requests (the "Requests"), including but not limited to the terms "document," "communication," "identify," "person" and "concerning," have the broadest meaning accorded to them under Fed. R. Civ. P. 34, and all documents and information should be produced in accordance with the Applicable Rules.

2. "Communication" means the transmittal of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes, but is not limited to, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email and postings of any type.

3. "Concern" or "concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being

factually, legally or logically connected to, in whole or in part, the stated subject matter.

4. "Document" means the original (or, if the information requested cannot be provided as to the original, each and every copy, duplicate or reproduction) of any medium upon which information can be recorded or retrieved, and includes any written, recorded or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices or any other media and includes, but is not limited to, papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, email, text messages, instant messages, reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.  A request for all Documents concerning a particular subject matter includes within its scope all Communications concerning that subject matter.

5. "Health Care Ban" means the Save Adolescents from Experimentation (SAFE) Act, 2021 Ark. Act 626 (bill filed Feb. 25, 2021) (codified at Ark. Code 20-9-1501 through -1504).

6. "You," "your" or "Defendants" refer to Leslie Rutledge, the Arkansas State Medical Board, Amy E. Embry, Sylvia D. Simon, Robert Breving Jr., Veryl D. Hodges, John H. Scribner, Elizabeth Anderson, Rhys L. Branman, Edward "Ward" Gardner, Rodney Griffin, Betty Guhman, Brian T. Hyatt, Timothy C. Paden, Don R. Philips, William L. Rutledge, and David L. Staggs.

## INSTRUCTIONS

1. In responding to these Requests, You are required to produce all documents described below that are in Your possession, custody or control.

2. For the purpose of reading, interpreting or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

3. Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation or exclusion, except that each request shall not be construed to call for documents that are called for by previous requests.

4. If You withhold any document, or any portion of any document, under a claim of privilege, immunity or protection, including the attorney-client privilege

-4-

or work product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 26 of the Federal Rules of Civil Procedure.

5. If information is redacted or otherwise withheld from a document produced in response to a request, You shall identify the redaction or otherwise withheld information by stamping the word "Redacted" on the document at each place from which information has been redacted or otherwise withheld and separately log each such redaction on the privilege log.

6. The documents must be produced in the format agreed to by the parties for production of documents. If no such agreement on format exists at the time of production, the documents must be produced as they are kept in the usual course of business or organized and labeled to correspond with the Request number to which the documents are responsive.

7. In the event that a copy of a requested document is not identical to any other copy of the same document in Your possession, custody or control, all non-identical copies shall be produced.

8. Unless otherwise indicated, these Requests pertain to the period of October 1, 2020 to the present.

## DOCUMENT REQUESTS

1. All documents and communications concerning the Health Care Ban, including, but not limited to video and audio recordings concerning any state

legislative hearings and committee meetings at which the Health Care Ban was discussed.

2. All documents and communications concerning gender dysphoria, gender transition, gender transition procedures, transgender people, and medical policies and guidelines related to the treatment of gender dysphoria by professional medical groups, including, but not limited to, the World Professional Association for Transgender Health and the Endocrine Society.

3. Documents sufficient to show all medical procedures or treatments that are or have been prohibited under Arkansas law or regulations since January 1, 2016.

4. All documents from January 1, 2016 to the present concerning any proposal to prohibit a medical procedure or treatment.

5. All documents concerning surgical interventions to treat infants, children, and/or adolescents with disorders of sexual development or intersex conditions.

6. All documents, including but not limited to, policies, practices and medical guidelines, concerning the treatment of gender dysphoria of individuals in the custody of the State of Arkansas, including, but not limited to, prisoners and youth in foster care.

7. All documents concerning the impact of the Health Care Ban on the well-being of minors.

8. All documents referenced in Defendants' Initial Disclosures.

Dated: October 18, 2021

/s/ Leslie Cooper
Leslie Cooper
Chase Strangio*
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
Telephone: (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Beth Echols, Ark. Bar No. 2002203
Christopher Travis, Ark. Bar No. 97093
Drake Mann, Ark. Bar No. 87108
Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone: (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone: (501) 246-1067
breean@walaslawfirm.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Sarah Everett, Ark. Bar No. 2017249
Arkansas Civil Liberties Union Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone: (501) 374-2842
sarah@acluarkansas.org
*Attorneys for the Plaintiffs*

Garrard R. Beeney*
Jonathan J. Ossip*
Alexander S. Holland*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Laura Kabler Oswell*
Duncan C. Simpson LaGoy*
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 461-5600

Telephone:  (212) 558-4000
beeneyg@sullcrom.com
ossipj@sullcrom.com
hollanda@sullcrom.com
*Attorneys for the Plaintiffs*

oswell@sullcrom.com
simpsond@sullcrom.com
*Attorneys for the Plaintiffs*

*\*Admitted pro hac vice*