# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT, et al.,**                                      **PLAINTIFFS**

**v.**             **CASE NO. 4:21-CV-00450-JM**

**LESLIE RUTLEDGE, et al.,**                                **DEFENDANTS**

**DEFENDANTS' RESPONSES TO PLAINTIFFS'
REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW, the Defendants, Leslie Rutledge, et al., by and through their attorneys, Leslie Rutledge, Attorney General of the State of Arkansas, and Senior Assistant Attorney General Kat Hodge, and for their Responses to Plaintiffs' Requests for Production of Documents, state:

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications concerning the Health Care Ban, including, but not limited to video and audio recording concerning any state legislative hearings and committee meetings at which the Health Care Ban was discussed.

**RESPONSE NO. 1:** The Defendants object to these requests for production of documents to the extent they seek information which is in the possession, custody, or control of persons other than the State Defendants.

The Defendants object to these requests for production of documents to the extent that: (1) the discovery sought by any such request is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) compliance with any such request would be unduly

burdensome, expensive, annoying, or oppressive; (3) any such request is intended solely to harass the Defendants; (4) any such request seeks information or documents that is not relevant to the claims or defenses in this action; and (5) any such request seeks information or documents that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further objecting, this request seeks information that postdates the passage of the SAFE Act, which is not relevant to any claims or defenses in this case. Plaintiffs allege that the SAFE Act was not enacted for a "legitimate bas[i]s." Compl. ¶ 170. But information postdating the passage of the SAFE Act is not relevant to determining the basis for the Act.

Further objecting, the request is improper because it may include documents, materials, or tangible things that were prepared in anticipation of or preparation for litigation. It may also cover those mental impressions, conclusions, opinions, or legal theories of the party's attorney or other representative concerning litigation.

Subject to and without waiving these objections, and in a good-faith effort to participate in discovery, Defendants state that after reasonable inquiry, that the Defendants are unable to locate any documents responsive to this request at this time.

This response will be supplemented if and when responsive documents are located pursuant to Fed. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 2**:  All documents and communications concerning gender dysphoria, gender transition, gender transition procedures, transgender people, and medical policies and guidelines related to the treatment of gender dysphoria by professional medical groups, including, but not limited to, the World Professional Association for Transgender Health and the Endocrine Society.

**RESPONSE NO. 2**:  The Defendants object to this request for production of documents to the extent that:  (1) the discovery sought by any such request is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) compliance with any such request would be unduly burdensome, expensive, annoying, or oppressive; (3) any such request is intended solely to harass the Defendants; and (4) any such request seeks information or documents that is not relevant to the claims or defenses in this action.

Expressly objecting, this request is unduly burdensome and seeks documents in no way relevant to this case of action.  The Office of the Attorney General serves as legal counsel for the State of Arkansas and its agencies, departments, officials, and employees.  The office includes several departments, including Administrative Offices, Consumer/Public Protection, Civil Litigation, Criminal, Public Outreach, Opinions, and a Special Investigative Division.  The request as written would require the OAG to potentially scour countless documents to determine whether or not such documents are

included in this request. For instance, a consumer protection complaint could mention the words "transgender people." This complaint would be covered by the request, but be wholly irrelevant to the legal issues presented in this matter. The OAG is active in hundreds of cases, complaints, and legal matters office-wide. It is too burdensome to require the OAG to scour all files of all employees for any document concerning the terms identified above.

Furthermore, the Defendants object to this request because it could be construed as seeking documents protected by the attorney-client and attorney work product doctrines. For example, counsels' work product and internal communications could be construed as documents and communications concerning gender dysphoria, gender transition, gender transition procedures, transgender people, and medical policies and guidelines related to the treatment of gender dysphoria by professional medical groups. Additionally, the request is improper because it may include documents, materials, or tangible things that were prepared in anticipation of or preparation for litigation. It may also cover those mental impressions, conclusions, opinions, or legal theories of the party's attorney or other representative concerning litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(3)(A)—(5), counsel for Defendant, Attorney General Leslie Rutledge, has protected, privileged information, including to name just a few exemplary items, draft briefs, scientific literature collected by counsel for use in litigation, and counsel's notes on that literature. Because of its unreasonable scope, this request sweeps in, among other things, drafts of briefs

filed in this lawsuit and communications between counsel of record in this lawsuit about Defendants' legal strategy.

Without waiving any objections, please see responses numbered DEF0001-0008. This response will be supplemented if and when non-privileged, responsive documents are located pursuant to Fed. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 3**: Documents sufficient to show all medical procedures or treatments that are or have been prohibited under Arkansas Law or regulations since January 1, 2016.

**RESPONSE NO. 3**: The Defendants object to these requests to the extent they seek production of documents already in Plaintiffs' possession, custody, or control. To the extent any such documents are responsive to these or future requests, the defendants refer Plaintiffs to those documents.

Furthermore, the Defendants object to this request as vague. It is unclear what the request means by asking for documents that are "sufficient to show" which procedures or treatments have been prohibited since 2016. Without waiving the objection, Plaintiffs may search relevant case law and regulatory laws for the State of Arkansas to determine whether any medical procedures or treatments have been prohibited since 2016.

Furthermore, the Defendants object to this request because it could be construed as seeking documents protected by the attorney-client and attorney work product

doctrines. For example, counsels' work product and internal communications could be construed as documents and communications concerning medical procedures or treatments that are or have been prohibited under Arkansas Law or regulations since January 1, 2016. Additionally, the request is improper because it may include documents, materials, or tangible things that were prepared in anticipation of or preparation for litigation. It may also cover those mental impressions, conclusions, opinions, or legal theories of the party's attorney or other representative concerning litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(3)(A)—(5), counsel for Defendant, Attorney General Leslie Rutledge, has protected, privileged information including, to name just a few exemplary items, draft briefs, scientific literature collected by counsel for use in litigation, and counsel's notes on that literature. Because of its unreasonable scope, this request sweeps in, among other things, drafts of briefs filed in this lawsuit and communications between counsel of record in this lawsuit about Defendants' legal strategy.

This response will be supplemented if and when non-privileged, responsive documents are located pursuant to Fed. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 4:** All documents from January 1, 2016 to the present concerning any proposal to prohibit a medical procedure or treatment.

**RESPONSE NO. 4**:  The Defendants object to this to the extent it seeks private, confidential medical information for individuals who are not parties to this action and who have not consented to the release of their confidential medical records.  As such, the request exceeds the scope of permissible discovery.

The Defendants further object to this request because it could be construed as seeking documents protected by the attorney-client and attorney work product doctrines.  For example, counsels' work product and internal privileged communications concerning any proposal to prohibit a medical procedure or treatment would be covered.  Additionally, the request is improper because it may include documents, materials, or tangible things that were prepared in anticipation of or preparation for litigation.  It may also cover those mental impressions, conclusions, opinions, or legal theories of the party's attorney or other representative concerning litigation.

Subject to and without waiving those objections, after reasonable inquiry, Defendants are unable to locate any documents responsive to this request at this time. This response will be supplemented if and when responsive documents are located pursuant to Fed. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 5**:  All documents concerning surgical intervention to treat infants, children, and/or adolescents with disorders of sexual development or intersex conditions.

**RESPONSE NO. 5**:  The Defendants object to this request to the extent it seeks private, confidential medical information for individuals who are not parties to this

action and who have not consented to the release of their confidential medical records. As such, the request exceeds the scope of permissible discovery.

Furthermore, the Defendants object to this request because it could be construed as seeking documents protected by the attorney-client and attorney work product doctrines. For example, counsels' work product and internal communications could be construed as documents and communications concerning surgical intervention to treat infants, children, and/or adolescents with disorders of sexual development or intersex conditions. Additionally, the request is improper because it may include documents, materials, or tangible things that were prepared in anticipation of or preparation for litigation. It may also cover those mental impressions, conclusions, opinions, or legal theories of the party's attorney or other representative concerning litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(3)(A)—(5), counsel for Defendant, Attorney General Leslie Rutledge, has protected, privileged information including, to name just a few exemplary items, draft briefs, scientific literature collected by counsel for use in litigation, and counsel's notes on that literature. Because of its unreasonable scope, this request sweeps in, among other things, drafts of briefs filed in this lawsuit and communications between counsel of record in this lawsuit about Defendants' legal strategy.

Subject to and without waiving those objections, after reasonable inquiry, Defendants are unable to locate any documents responsive to this request at this time. This response will be supplemented if and when responsive documents are located pursuant to Fed. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 6:** All documents, including but not limited to, policies, practices and medical guidelines, concerning the treatment of gender dysphoria or individuals in the custody of the State of Arkansas, including, but not limited to, prisoners and youth in foster care.

**RESPONSE NO. 6:** The Defendants object to this request because it seeks information that is not relevant to any party's claim or defense, is overly broad, unduly burdensome, and also because it is disproportionate to the needs of the case and is, therefore, outside the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1). There are thousands of individuals, including prisoners, youth in foster care, and individuals confined to the State hospital. The request unreasonably requires Defendants to scour potentially thousands records to search for documents referencing or concerning gender dysphoria for a large population of individuals who are not in any way related to the pending litigation.

The Defendants object to this request to the extent it seeks private, confidential medical information for individuals who are not parties to this action and who have not consented to the release of their confidential medical records. As such, the request exceeds the scope of permissible discovery.

The Defendants further object to this request because it could be construed as seeking documents protected by the attorney-client and attorney work product doctrines. Furthermore, the Defendants object to this request because it could be construed as seeking documents protected by the attorney-client and attorney work

product doctrines. Additionally, the request is improper because it may include documents, materials, or tangible things that were prepared in anticipation of or preparation for litigation. It may also cover those mental impressions, conclusions, opinions, or legal theories of the party's attorney or other representative concerning litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(3)(A)—(5), counsel for Defendant, Leslie Rutledge, has protected, privileged information including, to name just a few exemplary items, draft briefs, scientific literature collected by counsel for use in litigation, and counsel's notes on that literature. Because of its unreasonable scope, this request sweeps in, among other things, drafts of briefs filed in this lawsuit and communications between counsel of record in this lawsuit about Defendants' legal strategy. Counsel for Defendant, Attorney General Leslie Rutledge, has protected, privileged information including, to name just a few exemplary items, draft briefs, scientific literature collected by counsel for use in litigation, and counsel's notes on that literature. Because of its unreasonable scope, this request sweeps in, among other things, drafts of briefs filed in this lawsuit and communications between counsel of record in this lawsuit about Defendants' legal strategy.

This response will be supplemented if and when non-privileged, responsive documents are located pursuant to Fed. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 7**:  All documents concerning the impact of the Health Care Ban on the well-being of minors.

**RESPONSE NO. 7**:

Defendants object to producing any documents covered by Federal Rule of Civil Procedure 26(b)(4).

Defendants state that after reasonable inquiry, Defendants are unable to locate any documents responsive to this request at this time. This response will be supplemented if and when responsive documents are located pursuant to Ark. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 8**:  All documents referenced in Defendants' Initial Disclosures.

**RESPONSE NO. 8**:  At this time, all documents referenced in the Defendants initial disclosures are attached to pleadings that are filed of record in this case.  This response will be supplemented if and when responsive documents are located pursuant to Ark. R. Civ. P. 26(b)(1) and the Court's Scheduling Order.

    Respectfully submitted,

    LESLIE RUTLEDGE
    Attorney General

By:   */s/ Kat Hodge*
    Katina Hodge
    Ark. Bar No. 2003100
    Senior Assistant Attorney General

Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-1307
Fax:     (501) 682-2591
Email: Katina.Guest@ArkansasAG.gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Kat Hodge, hereby certify that on <u>November 17, 2021</u>, I forwarded a true and accurate copy of the foregoing via electronic mail to the following counsel of record:

Foundation
125 Broad St.
New York, NY 10004
Telephone: (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone: (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
On behalf of the Arkansas Civil Liberties
Union Foundation, Inc.
*Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone: (501) 246-1067
breean@walaslawfirm.com

On behalf of the Arkansas Civil
Liberties Union Foundation, Inc.
*Attorneys for the Plaintiffs*

Garrard R. Beeney*
Jonathan J. Ossip*
Alexander S. Holland*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
ossipj@sullcrom.com
hollanda@sullcrom.com
*Attorneys for the Plaintiffs*

*Admitted pro hac vice

Sarah Everett, Ark. Bar No. 2017249
Arkansas Civil Liberties Union
Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone: (501) 374-2842
sarah@acluarkansas.org
*Attorneys for the Plaintiffs*

Laura Kabler Oswell*
Duncan C. Simpson LaGoy*
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 461-5600
oswell@sullcrom.com
simpsond@sullcrom.com
*Attorneys for the Plaintiffs*