# Exhibit 4

## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-650-461-5600
FACSIMILE: 1-650-461-5700
WWW.SULLCROM.COM

*1870 Embarcadero Road*
*Palo Alto, California 94303-3308*

LOS ANGELES • NEW YORK • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 6, 2021

<u>Via E-mail</u>

Kat Guest,
   Assistant Attorney General,
      323 Center Street, Suite 200,
         Little Rock, AR 72201.

         Re:    <u>Brandt</u> v. <u>Rutledge</u>, Case No. 4:21-cv-450 JM

Dear Kat:

        I write on behalf of Plaintiffs to discuss the issues raised during the parties' November 23, 2021 meet and confer regarding Plaintiffs' First Set of Requests for the Production of Documents, dated October 18, 2021 (the "Requests").

**<u>Defendants' Inadequate Search for Documents</u>**

        Defendant Rutledge produced only four publically available press releases in response to the Requests and the Medical Board Defendants did not produce any documents. Defendants' Responses and Objections assert that Defendants made a "reasonable inquiry" but were "unable to locate any documents responsive to" most of the Requests. During our meet and confer, you were unable to provide any meaningful detail about the "reasonable inquiry" that Defendants conducted to search for responsive documents. In relation to Defendant Rutledge, you only stated that a custodian from the Office of the Attorney General, Julie Benefield, conducted a search for emails and that certain department heads were asked to conduct a search of their documents. But you were unable to provide the parameters of any of the searches Ms. Benefield conducted for documents, and were unable to state whether Defendant Rutledge's emails were searched at all. In relation to the Medical Board Defendants, you were unable to provide any information about the search that was conducted.

        During our meet and confer, you argued that if Plaintiffs wanted additional information about the searches Defendants ran, Plaintiffs would need to serve an interrogatory asking for that information. But Plaintiffs have requested information concerning the searches Defendants ran in order to make a good faith effort to cooperate in discovery, and "parties are entitled 'to know what search criteria was used in retrieving

Kat Guest                                                                                                          -2-

relevant ESI.'"  *Beef Prod., Inc.* v. *Hesse*, 2019 WL 6841362, at *8 (D.S.D. Dec. 16, 2019) (quoting *Nissan N. Am., Inc.* v. *Johnson Elec. N. Am., Inc.*, 2011 WL 1002835, at *4 (E.D. Mich. Feb. 17, 2011); *see also William A. Gross Constr. Assoc., Inc.* v. *Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y.2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.")  Indeed, the fact that Defendants' "reasonable inquiry" returned only four public documents demonstrates that Defendants' searches were inadequate.  For example, while Defendants have produced four press releases issued on behalf of Defendant Rutledge, they have produced no drafts of those press releases or emails or other communications concerning those press releases.  Moreover, the assertion that Defendant Rutledge, who has made multiple public statements concerning the Health Care Ban and transgender people, and that the Medical Board Members, who are charged with enforcing the Health Care Ban, have no documents relating to these issues is highly dubious.

Plaintiffs reiterate their request for a detailed description of the parameters used to search for documents responsive to their requests including: (1) a list of all document custodians; (2) a list of all search terms; (3) the date range applied to the searches and (4) a description of any hard copy files that were searched.  Plaintiffs request this information no later than December 20, 2021.

**Privilege Log for All Withheld Documents**

Defendants objected to each of the Requests on the grounds of attorney-client privilege, attorney work product doctrine, or both.  During our meet and confer on November 23, Defendants agreed to provide a privilege log for all documents withheld on the basis of privilege.  Please produce your privilege log no later than December 20, 2021.

**Response to Request No. 1**

Defendants objected to Request No. 1 on the grounds that "these requests for production . . . seek information which is in the possession, custody, or control of persons other than the State Defendants."  During our meet and confer, you clarified that this objection applied to the request for certain legislative materials related to the Health Care Ban, and I asked whether Defendant Rutledge is able to request these materials from the state entity that maintains them.  You did not know whether these materials could be requested, but asserted that, even if Defendant Rutledge could request these materials, you would not be obligated to produce them because they are not kept in the normal course of your business.  Your argument is incorrect, because "[d]ocuments are deemed to be within the possession, custody, or control if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Cave* v. *Thurston*, 2021 WL 4936185, at *3 (E.D. Ark. Oct. 22, 2021) (quoting *Prokosch* v. *Catalina*

Kat Guest                                                                                                                    -3-

*Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (internal quotation marks omitted); *see also id*. ("[C]ontrol does not require that the party have legal ownership or actual physical possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.")  If Defendant Rutledge has the ability to request the legislative materials responsive to Request 1, she has control of those documents and is obligated to produce them.

        Defendants also objected to Request No. 1 on the grounds that

> (1) the discovery sought by any such request is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) compliance with any such request would be unduly burdensome, expensive, annoying, or oppressive; (3) any such request is intended solely to harass the Defendants; (4) any such request seeks information or documents that is not relevant to the claims or defenses in this action; and (5) any such request seeks information or documents that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

        During the meet and confer, you confirmed that you were not standing on these objections and were not withholding any documents based on these objections, which are improper blanket objections.  *See* Local Rule 33.1(b) ("A blanket objection to a set of . . . requests for production will not be recognized.  Objections must be made to the specific interrogatory or request, or to a part thereof if it is compound.  It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant.  The ground or grounds for the objection must be stated with particularity.").  Similarly, while Defendants objected to the timeframe of Request No. 1 — October 1, 2020 through October 18, 2021 — you confirmed that you had searched for responsive document through this entire timeframe, and that you were not withholding documents based on this objection.  In any event, this objection is unfounded because information about the motivations for the enactment of the SAFE Act may be present in documents postdating its passage.

        As discussed above, Defendants were unable to explain the parameters of the search they ran to find documents responsive to Request No. 1, and the fact that

Kat Guest                                                                                                                                  -4-

Defendants only produced two documents concerning the Health Care Ban indicates that Defendants' search was inadequate. Plaintiffs request that Defendants conduct an adequate search for electronically stored information and hard copy documents responsive to Request No. 1. Defendants should search the custodial files of Defendant Rutledge as well as each of the Medical Board Members during the period from October 1, 2020 through October 18, 2021. Because Defendants were unable to explain the parameters of the search they ran, Plaintiffs have compiled a list of search terms that are likely to return responsive documents, attached as Appendix A. Defendants should run these terms and review any resulting documents for responsiveness to Request No. 1. To the extent Defendants believe any terms are returning an unreasonably high number of non-responsive documents, Defendants should provide a report that lists the number of hits for each search term. Plaintiffs request that Defendants run these search terms and confirm they will review the results for documents responsive to Request No. 1, or provide hit counts, no later than December 20, 2021.

**Response to Request No. 2**

Defendants object to Request No. 2 on the grounds that "this request is unduly burdensome" because it would require Defendants to "potentially scour countless documents to determine whether or not such documents are included in the request." During the meet and confer, I clarified that Plaintiffs were not seeking documents responsive to this request from every employee of the Office of the Attorney General, but that Plaintiffs only sought documents from Defendant Rutledge and the Medical Board Members.

As with the Request No. 1, Defendants' search for documents in response to Request No. 2 clearly was inadequate because Defendants produced only four documents for Defendant Rutledge and zero documents for the Medical Board Members. Plaintiffs request that Defendants run the same search terms contained in Appendix A and confirm they will review the results for documents responsive to Request No. 2, or provide hit counts, no later than December 20, 2021.

**Response to Request No. 3**

Defendants object to Request No. 3 on the grounds that documents responsive to this request are "already in the Plaintiff's possession, custody, or control." During our meet and confer, you clarified that you believed that documents responsive to this request are publically available, and that Plaintiffs therefore are not permitted to request these documents from Defendants. But "[d]istrict courts in the Eighth Circuit have explicitly rejected the position that the production of publicly available documents cannot or should not be compelled through discovery." *Cave*, 2021 WL 4936185, at *13 (citing cases). Defendants have no valid objection to producing documents responsive to

Kat Guest                                                                                                                           -5-

Request No. 3, and Plaintiffs request that Defendants conduct an adequate search for documents and produce any responsive documents no later than December 20, 2021.

**Response to Request No. 4**

Defendants object to Request No. 4 "to the extent it seeks private, confidential medical information for individuals who are not parties to this action." As discussed in during our meet and confer, Plaintiffs are not seeking any private medical information. Plaintiffs request that Defendants conduct an adequate search for documents responsive to this Request and produce any responsive documents no later than December 20, 2021.

**Response to Request No. 5**

Defendants object to Request No. 5 "to the extent it seeks private, confidential medical information for individuals who are not parties to this action." As discussed in during our meet and confer, Plaintiffs are not seeking private medical information. Plaintiffs seek documents discussing or mentioning surgical intervention to treat children and/or adolescents with disorders of sexual development or intersex conditions in possession of Defendants that are not privileged. Plaintiffs request that Defendants conduct an adequate search for documents responsive to this Request and produce any responsive documents no later than December 20, 2021.

**Response to Request No. 6**

Defendants object to Request No. 6 on the grounds that "it seeks information that is not relevant to any party's claims or defense." As discussed during our meet and confer on November 23, this objection is unfounded because Defendants attached documents from the Bureau of Prisons in their filings and identified the Bureau of Prisons as a witness in Defendants' disclosures.

Defendants also object to Request No. 6 on the grounds that it is "overly broad, unduly burdensome, and also because it is disproportionate to the needs of the case." As discussed during our meet and confer, we seek policies, practices, and guidelines concerning the treatment of gender dysphoria or individuals in the custody of the State of Arkansas, including the Bureau of Prisons and Division of Children and Family Services. Plaintiffs do not seek the specific case file or medical records of any individuals in the custody of the State of Arkansas. Plaintiffs request that Defendants conduct an adequate search for documents responsive to this Request and produce any responsive documents no later than December 20, 2021.

Kat Guest -6-

**Response to Request No. 7**

Defendants object Request No. 7 on the grounds that it would require them to "produc[e] documents covered by Federal Rule of Civil Procedure 26(b)(4)." As discussed during out meet and confer on November 23, Plaintiffs are not seeking any documents covered by Rule 26(b)(4), and instead seek documents from the custodial files of Defendant Rutledge and the Medical Board Members. Plaintiffs request that Defendants conduct an adequate search for documents responsive to this Request and produce any responsive documents no later than December 20, 2021.

**Response to Request No. 8**

Regarding Response to Request No. 8, Plaintiffs understand Defendants' response.

We look forward to your prompt response.

Sincerely,

*/s/ Duncan Simpson LaGoy*

Duncan Simpson LaGoy

## Appendix A

| | |
|---|---|
| 626 | experimental |
| 1570 | facial w/10 feminization |
| 2196 | gallstones |
| "American Psychiatric Association" | gender |
| "Coronary artery" | gender /s affirm! |
| "Family Council" | genital! |
| "liver dysfunction" | gluteal w/10 augmentation |
| "transgender laws" | gonadotropin |
| 20-9-1501 | hair w/10 reconstruction |
| 20-9-1502 | heritage |
| 20-9-1503 | hiatt |
| 20-9-1504 | hormone! |
| 23-79-164 | hypertension |
| adf | hypertriglyceridemia |
| adolescen! | hysterectomy |
| affirm! | infertil! |
| alliance w/10 freedom | intersex |
| androgens | lgbt |
| biological w/10 (sex OR female! OR male!) | LGBT /s agenda |
| burleigh | lipofilling |
| cancer w/10 (breast OR uterine) | liposuction |
| cerebrovascular | undstrum |
| cholelithiasis | macroprolactinoma |
| chromosome! | mammoplasty |
| clark | mastectomy |
| clitoroplasty | metoidioplasty |
| cross w/10 sex | minor! |
| desist! | nonconforming |
| endocrin! | nongenital |
| erythrocytosis | oophorectomy |
| estrogen | orchiectomy |

pectoral w/10 implants

penectomy

Perry

persistence

phalloplasty

pronoun

prostheses w/10 (erection OR testicular)

puberty

queer /s agenda

reassign!

referral w/10 (unprofessional OR discipline OR enforce!)

reproduc!

safe w/10 Act

save w/10 adolesc!

scrotoplasty

sex

steril!

suicid!

testosterone

thromboembolic

thyroid w/10 cartilage

trans!

urethra

vaginectomy

vaginoplasty

voice w/10 surgery

vulvoplasty

watchful w/10 wait!

world w/10 prof!

wpath