# Exhibit 8

ATTORNEY GENERAL
# LESLIE RUTLEDGE
ARKANSASAG.GOV

Kat R. Hodge                                         Direct Dial: (501) 682-1307
Senior Assistant Attorney General          Email: KaTina.Guest@ArkansasAG.gov

                              January 21, 2022

Duncan C. Simpson LaGoy Esq.,
Sullivan & Cromwell, LLP
1870 Embarcadero Road
Palo Alto, CA 94303

        Re:    *Brandt, et al. v. Rutledge, et al.*
               Case No.: 4:21-cv-00450-JM

Duncan:

        I hope you had a pleasant holiday and that your new year is off to a great
start.

        I have received your December 6, 2021 correspondence concerning the
Defendants' responses to Plaintiffs' First Set of Request for Production of
Documents.   At the outset, I disagree with several statements made in the
correspondence.    Nevertheless, below please find objections and supplemental
responses to Plaintiffs' discovery request.

        As a preliminary matter, it is important to note that Plaintiffs originally
propounded eight Requests for Production of Documents, extremely broad in scope.
In response, Defendants provided objections, including for example, challenges to
relevancy, breadth and asserted privilege, pursuant to FRCP 26.

        On December 6, 2021, Plaintiffs provided, for the first time, search terms and
requested a search of the Defendants' emails using the requested search terms.
Defendants have run a query for the search terms provided in Plaintiffs' December
6, 2021 correspondence for Attorney General Rutledge and the Medical Board
Defendants' email addresses.   Like Plaintiffs' initial Request for Production of
Documents, the search terms are extremely overbroad.   For example, the search
term "trans*" generated wholly irrelevant documents, including for example emails
related to the "transfer" of employees, and would encompass terms, such as
"transfer", "transportation", and "translate."

        Indeed, the initial query of the Medical Board Defendants' emails generated
approximately 33 GB of data.   The estimated number of results is 317,822.   As you

can imagine, reviewing more than 300,000 emails is a daunting task and the likelihood that many of those will be irrelevant to this litigation makes the burden that much greater. In response to your request for the "hit list," I previously provided the list for the Medical Board Defendants' query. Notably, the query for "trans*" resulted in 293,452 items. The query for "minor*" resulted in 12,102 items. On January 14, 2021, Plaintiffs submitted a revised search list. I have forwarded the revised search terms to the Medical Board's agency counsel, who will work with their IT team on the revised query.

Unfortunately, the Attorney General's technology department was unable to provide the requested "hit list" for all search terms. However, IT reported that the "trans*" query accounts for approximately 75% of the results for Attorney General Rutledge's emails. Further, the initial query returned approximately 4,500 emails. Of those, 3,388 are related to the "trans*" query. In a good faith effort to comply with the discovery rules, staff began reviewing several thousand emails over the holiday break. As I previously communicated, many of those emails are simply irrelevant to this cause of action.

Regarding Defendants' custodial files, the Medical Board's files are limited to documents related to licensing, regulation, and discipline, pursuant to the Medical Practices Act. As I mentioned during our good faith conferral, the Medical Board operates on a complaint basis. Because there have been no complaints or any attempt to enforce the SAFE Act, the Medical Board Defendants simply do not have any hard copy documents relevant to the enforcement of the SAFE Act or its promulgation. The Medical Board Defendants do not maintain, separately, any hard copy documents. Rather documents related to the complaint process are maintained electronically using the content management software—*Laserfiche*. However, because there has been no licensing or disciplinary issues related to the SAFE Act, none of the documents maintained by the Medical Board using *Laserfiche* are relevant to this cause of action. As you know, the threshold requirement of discoverability is whether the information sought is "relevant to the subject matter involved in the pending litigation." *Shelton v. American Motors*, 805 F.2d 1323, 1326 (8th Cir. 1986). Our discovery rules simply do not permit fishing expeditions, and the documents maintain in *Laserfiche* do not reasonably bear upon the issues presented in this case. *Hofer v. Mack Trucks, Inc.* 981 F.2d 377 (8th Cir. 1992).

Similarly, Attorney General Rutledge, in her official capacity, does not maintain separate hard copy custodial files. Her office's custodial files are maintained by the more than 167 staff members employed at the Office of the Attorney General. In response to Plaintiffs' First Set of Request for Production of Documents, General Rutledge maintained that the Request for Production of documents was unduly burdensome because they sought documents in no way relevant to this cause of action—noting that the OAG serves as legal counsel for the State of Arkansas and its agencies, departments, officials, and employees; that her

2

office includes several departments, including Administrative Offices, Consumer/Public Protection, Civil Litigation, Criminal, Public Outreach, Opinions, and a Special Investigative Division; and that the request as written would require the OAG to potentially scour countless documents to determine whether or not such documents are included in this request. It is too burdensome to require the OAG to scour all files of all employees for any document meeting the overbroad search terms or categorically overbroad document request.

During our good faith conferral, you clarified that Plaintiffs' request sought production of only General Rutledge's hard copy files and emails. General Rutledge does not separately maintain hard files and attached to this correspondence are emails responsive to Plaintiffs' revised Request for Production of Documents. (DEF00 – DEF020)

Turning now to Plaintiffs' responses to the Defendants objections to the original eight Request for Production of Documents.

**Request No. 1:** Plaintiffs rely on *Cave v. Thurston*, 2021 WL 4936185, at *3 (E.D. Ark. Oct. 22, 2021) for the proposition that Attorney General Rutledge is obligated to produce documents that she does not have possession of. First, the *Cave* decision is not mandatory authority. Second, the *Cave* decision does not hold that General Rutledge is *required* to obtain documents from other state agencies or officials, including the Arkansas General Assembly. The opinion simply holds that an official capacity Defendant must affirmatively state whether she is in possession, custody, or control of documents requested in discovery. General Rutledge is not in possession, custody, or control of documents request in RFP No. 1. Plainly, the documents sought in RFP No. 1 are in the custody, possession, or control of the General Assembly. It appears that Plaintiffs are aware that these documents are in possession, custody, or control of the General Assembly and have issued subpoenas to obtain these documents. Consistent with the *Cave* court's decision, though not binding her, Attorney General Rutledge affirmatively states that she does not have custody, possession, or control of the documents requested in RFP 1.

Furthermore, I have not discovered and Plaintiffs have not cited mandatory, controlling authority from the Eighth Circuit Court of Appeals or United States Supreme Court for the proposition that one official capacity state actor has the right, authority, or practical ability to demand documents from another state actor, agency, or official. *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633 does not support this conclusion, and Plaintiffs' suggestion that it does goes too far. There is no body of law authorizing General Rutledge to demand documents from non-party members of separate branches of government. Even the *Prokosch* case recognized that documents from a third party are not attributable to a party to litigation absent a showing that the third party's relationship was more than merely a consultant.

Next, Defendants' objections to RFP 1 are not inappropriate blanket objections. Plaintiffs' request for documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive is a valid objection. Telling, Plaintiffs have sought the documents requested in RFP 1 from the members of the General Assembly pursuant to Rule 45 and are aware that some of the materials are public record.

Additionally, the law requires Plaintiffs [and the Court] to accept at face value a party's representation that is fully produced all materials that are discoverable. Nothing in the Federal Rules of Civil Procedure or the cases discussing ESI allows Plaintiffs, through their counsel, to depose Defendants through informal interrogatories in the guise of a "good faith conferral." If after reviewing Defendants' supplemental responses Plaintiffs find that they require additional information relevant to the subject-matter presented in the case, then they should seek that information within the parameters set forth in the applicable Federal Rules of Civil Procedure. Importantly, Defendants have continued to cooperate with Plaintiffs' request for ESI as noted in this correspondence and previous emails. There should be no confusion about the parameters of the search given the Medical Board's submission of their "hit list" and the information provided by the OAG's IT professionals.

**Request No. 2:** RFP 2 was clearly overbroad and unduly burdensome. The initial search was not inadequate; rather the initial request was objectionable. In light of Plaintiffs' revised request, namely the use of search terms and the limitations to hard copy custodial files and emails for the official capacity parties only, Defendants provide this supplemental response.

Attorney General Rutledge has no hard copy custodial files responsive to this request.

The Medical Board Defendants object to producing hard copy custodial files from *Laserfiche* based upon lack of relevancy to this cause of action, and otherwise has no hard copy custodial files responsive to this request.

Attorney General Rutledge supplements her previous response with the attached electronic emails. (DEF00 – DEF020) Electronic records withheld for privilege appear on the attached Privilege Log.

**Request No. 3:** Defendants reassert their original objections. Plaintiffs' conferral only addresses the "public availability" argument and ignore the remaining valid objections, including vagueness. *Cave*, *supra*, is not binding precedent in this case. And again, Plaintiffs' assertion that the *Cave* decision *requires* Defendants to seek out and produce publically available records is overstated. The request must first be appropriate, and Defendants are in no better position than Plaintiffs to identify the requested information.

4

Further and without waiving any objections, Attorney General Rutledge has no hard copy custodial files responsive to this request.

The Medical Board Defendants object to producing hard copy custodial files from *Laserfiche* based upon lack of relevancy to this cause of action.

Attorney General Rutledge supplements her previous response with the attached electronic emails. (DEF009 – DEF020) Electronic records withheld for privilege appear on the attached Privilege Log.

Medical Board Defendants supplement their previous response with the attached documents, (DEF0021-DEF0157) Arkansas' Medical Practices Act.

**Request No. 4:** Defendants reassert their original objections. Plaintiffs' conferral only address the "confidentiality" objection and clarify that they do not seek private medical information. Notwithstanding Plaintiffs' clarification, Defendants are not in possession of any documents responsive to RFP 4.

**Request No. 5:** Defendants reassert their original objections. Plaintiff's conferral only address the "confidentiality" objection and clarify that they do not seek private medical information. Notwithstanding Plaintiffs' clarification, Defendants are not in possession of any documents responsive to RFP 5.

**Request No. 6:** Defendants reassert their original objections with the following supplementations. Defendants are not in possession, custody, or control of the documents requested, and reassert their objections as stated in this correspondence. There is a single exception. Defendants provided a Declaration of Christine Cryer, the Arkansas Department of Corrections' Chief Legal Officer and a copy of Administrative Directive 14-19, which establishes the ADC's responsibilities, policies, and procedures to ensure a standard of care for the treatment of Gender Dysphoria.

**Request No. 7:** Defendants reassert their original objection and state that, at this time, they are unable to locate any documents responsive to this request.

Thank you for your conferral letter, and I look forward to continuing to work with you.

Sincerely,

Kat Hodge
Senior Assistant Attorney General

KH
Enclosures