IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT, et al.,**                                                                 **PLAINTIFFS**

v.                                        Case No. 4:21-CV-00450-JM

**LESLIE RUTLEDGE, et al.,**                                                              **DEFENDANTS**

BRIEF IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs served their requests for production four months ago requesting, among other things, documents from the Office of the Attorney General related to the Health Care Ban and to transgender people. After months of negotiations, the parties agreed that Defendants would review 4,500 emails and produce any responsive, non-privileged documents. But despite originally agreeing to produce responsive documents, Defendants have produced a total of five emails from the Office of the Attorney General and are now taking the position that Plaintiffs' requests seek irrelevant documents. On that basis, Defendants have withheld from production 99.9% of the documents they already reviewed. It is not conceivable that only five emails from the Office of the Attorney General are responsive to Plaintiffs' requests, and this exceptionally limited production demonstrates that Defendants are applying an unreasonable relevance standard.

The few documents Defendants have produced indicate clearly that there are many more responsive materials in the possession of the Attorney General. For

-1-

example, Defendants have produced a number of press releases addressing the Attorney General's extensive work on the Health Care Ban. Yet Defendants' production does not include any documents reflecting the Office's efforts to develop the legislation, lobby for it in the Arkansas legislature, or build political support following its enactment. Moreover, Defendants are withholding records related to the GIRLS Act, which the Office drafted itself. That law, like the Health Care Ban, targets transgender youth for differential treatment under the law. But despite their obvious responsiveness to Plaintiffs' request for documents and obvious relevance to Plaintiffs' claims that Arkansas's elected representatives are passing laws based on anti-trans animus, Defendants have asserted that emails related to the GIRLS Act are irrelevant.

Defendants' unreasonable relevance objection and failure to produce more than five emails over the last four months undermine any assertion that they have conducted a reasonable review of documents and indicate that Defendants are likely withholding many more relevant emails. Plaintiffs cannot wait any longer to receive the documents they requested four months ago, as Defendants' delays have already prejudiced Plaintiffs' ability to conduct needed discovery. Plaintiffs respectfully request that the Court order Defendants to produce all 4,500 emails that were located in the files of the Office of the Attorney General based on the parties' agreed search terms within two weeks.

## RELEVANT FACTS

On October 18, 2021, Plaintiffs served their first set of requests for production on Defendants Arkansas Attorney General Leslie Rutledge, the Arkansas Medical Board, its members, and Defendants' Counsel.[1] These requests asked Defendants to produce, among other documents:

> 1. All documents and communications concerning the Health Care Ban, including but not limited to video and audio recordings concerning any state legislative hearings and committee meetings at which the Health Care Ban was discussed.
>
> 2. All documents and communications concerning gender dysphoria, gender transition, gender transition procedures, transgender people, and medical policies and guidelines related to the treatment of gender dysphoria by professional medical groups, including, but not limited to, the World Professional Association for Transgender Health and the Endocrine Society.[2]

On November 17, Defendants served their objections to these requests and produced eight pages of publicly available press releases from the Attorney General's Office.[3] Following receipt of Defendants' Responses, on November 23, 2021, the parties met and conferred about Defendants' objections. Plaintiffs provided search terms for Defendants' review of records from the Office of the Attorney General on December 6.[4] On January 10, 2022, Defendants stated that

---

[1] *See Exhibit 1* (Plaintiffs' First Set of Requests for Production (the "Requests").
[2] *Id.*, at pp. 5-6.
[3] *See Exhibit 2* (Defendants' Responses to Plaintiffs' Request for Production of Documents); *Exhibit 3* (DEF0001-0008).
[4] *Exhibit 4* at p. 4 (December 6, 2021 letter from D. Simpson LaGoy to K. Guest).

Plaintiffs' search terms returned 4,500 documents from Attorney General Leslie Rutledge's emails and Defendants agreed to review those emails.[5]

On January 21, Defendants represented that they had reviewed all of Attorney General Rutledge's emails and produced 12 pages of redacted emails, along with a publicly available print of the Arkansas Medical Practices Act and Regulations.[6] Defendants also provided a privilege log asserting attorney-client privilege and/or work product protection over 22 emails.[7] For the remaining 4,000+ documents, Defendants claimed they were irrelevant to this case.[8] On January 31, Plaintiffs' counsel requested a meeting to clarify the nature of Defendants' search for documents and production.[9] In response, the Defendants' Counsel claimed they were unavailable for two weeks.[10] The parties met and conferred on February 15, but were unable to resolve the dispute.

To date, Defendants have produced a total of 157 pages of documents from the Attorney General's Office, including publicly available press releases.[11] Among them is an email that references the Gender Integrity Reinforcement Legislation for Sports Act (the "GIRLS Act"), a 2021 statute that prevents transgender girls from

---

[5] *See Exhibit 5* (January 10, 2022 email from K. Guest to D. Simpson LaGoy).
[6] *See Exhibit 6* (DEF009-00157).
[7] *See Exhibit 7* (Defendants' privilege log).
[8] *See Exhibit 8* (January 21, 2022 letter from K. Guest to D. Simpson LaGoy).
[9] *See Exhibit 9* (January 31, 2022 Letter from D. Simpson LaGoy to K. Guest).
[10] *See Exhibit 10* (February 1, 2022 email from K. Guest to D. Simpson LaGoy).
[11] *See Exhibit 3* (DEF0001-0008); *Exhibit 6* (DEF 009-00157).

participating in youth sports alongside other young women.[12] That email states that the Attorney General's Office "drafted the GIRLS Act" and describes it as "one of the transgender bills going through the legislature right now."[13] Despite this description of the GIRLS Act as being related to transgender issues, Defendants stated at the February 15 meet and confer that they would refuse to produce additional documents related to the GIRLS Act on the ground that they are not relevant to this case.

## LEGAL STANDARD

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). Prior to moving for such an order, a party must attempt to meet and confer with the non-compliant party to obtain the requested information. FED. R. CIV. P. 37(a)(1); *See Freeman* v. *Nance*, 2014 WL 4219602, at *2 (E.D. Ark. Aug. 25, 2014) (describing the parties' obligation to "confer[] in good faith" under Local Rule 7.2(g)).

Under FED. R. CIV. P. 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case." "Relevancy is a difficult objection upon which to prevail during the discovery phase of an action" and "[t]he party opposing

---

[12] *Exhibit 6*, at p. 2 (DEF009).
[13] *Id*.

the motion to compel must provide specific explanations or factual support as to how each request is improper." *Cave* v. *Thurston*, No. 4:18-cv-342, 2021 U.S. Dist. LEXIS 203757, at *19 (E.D. Ark. Oct. 22, 2021). "The party resisting production or objecting to discovery on the grounds of relevancy carries the burden to sustain the objection." *Id*. at *18-19.

## ARGUMENT

This Court's intervention is required to compel the production of documents that are undoubtedly relevant to this case and not subject to any valid objection. To date, Defendants have failed to produce relevant documents from the custodial files of the Attorney General's Office. Given Defendants' steadfast refusal to produce these documents, Plaintiffs respectfully ask this Court to grant the motion to compel and order production of all 4,500 emails that were returned by the parties' agreed search terms from the files of the Attorney General's Office within two weeks.

Defendants are withholding from production thousands of emails from the custodial file of Leslie Rutledge based on improper relevance and burden objections. Defendants have not revealed the full extent of the emails they are withholding, nor have they stated whether any of these documents relate to the Health Care Ban. To the contrary, the Defendant's limited production demonstrates that they are withholding emails related to the GIRLS Act—a law drafted by the Office of the Attorney General that, like the Health Care Ban, discriminates against transgender

youth. Moreover, Attorney General Rutledge has publicly discussed the Health Care Ban on multiple occasions,[14] and has issued a number of press releases highlighting her work on the Health Care Ban and other initiatives targeted at transgender people—including a brief opposing the inclusion of a transgender woman in the Miss USA pageant.[15]  Given that Attorney General Rutledge has made anti-trans efforts like the Health Care Ban such a high profile part of her agenda, it is unlikely that there are only a handful of emails in the Office's possession related to these efforts.[16] Emails about the Health Care Ban, the GIRLS Act, and any other topics involving transgender people are undoubtedly relevant to Plaintiffs' claims.  And because Defendants have already reviewed these emails, there is no burden for them to be produced.

Rule 26 provides for the discovery of "*any* nonprivileged matter that is relevant to *any* party's claim or defense" (emphasis added).  The Eighth Circuit holds that this provision should be liberally construed and has explained that the scope of permissible discovery under Rule 26 is broader than the scope of admissibility at trial.  *See Hofer* v. *Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).  Under that

---

[14] *See, e.g.*, "Leslie Rutledge discusses the importance of protecting the SAFE Act," youtube.com,  https://www.youtube.com/watch?v=_aa2rL-vHsI.
[15] *See Exhibit 3* (DEF0005).
[16] *See Exhibit 7* (Defendants' privilege log).  The Privilege Log identified two documents involving the Health Care Ban, in addition to the five emails that were produced.

standard, relevancy "is not limited to the precise issues set out in the pleadings," but instead "encompasses any matter that could bear on, or that reasonably could lead to other matter [sic] that could bear on, any issue that is or may be in the case." *Kirschenman* v. *Auto-Owners Ins.*, 280 F.R.D. 474, 481 (D.S.D. 2012) (citing *E.E.O.C.* v. *Woodmen of the World Life Ins. Soc.*, 2007 WL 1217919, at *1 (N. Neb. March 15, 2007)).

The requested documents are relevant to at least three disputed issues in this case. *First*, the State's *intent* to discriminate against transgender Arkansans is relevant to Plaintiffs' equal protection claim. *See generally Washington* v. *Davis*, 426 U.S. 229, 247 (1976); *see also Vill. of Arlington Heights* v. *Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977) (noting that "[t]he legislative or administrative history may be highly relevant" to discriminatory intent); *S.D. Farm Bureau, Inc.* v. *Hazeltine,* 340 F.3d 583 (8th Cir. 2003) (relying on meeting notes, memoranda, and drafter statements, and the absence of economic forecasts commissioned prior to passage of the statute, as evidence of legislative intent). *Second*, the parties have vigorously debated the appropriate level of scrutiny that should apply to Plaintiffs' claim. Two important considerations in that debate are whether transgender individuals have faced discrimination "[a]s a historical matter" and are "politically powerless." *See Lyng* v. *Castillo*, 477 U.S. 635, 638 (1986). *Third*, all of the Plaintiffs' constitutional claims (whether under the First Amendment, Equal

Protection Clause, or Due Process Clause) involve an assessment of the government's interests under a heightened standard of review. That standard assesses whether the government's asserted justifications are "genuine" or are instead simply "invented *post hoc*." *United States* v. *Virginia*, 518 U.S. 515, 533 (1996).

The Attorney General's emails about transgender people are relevant to each of these issues. *First*, the emails are likely to provide information about the intentions of the legislators who worked with the Office to craft legislation targeting transgender minors. Multiple district courts adjudicating similar equal protection claims have required defendants to produce evidence regarding the legislative process. *See Cave,* U.S. Dist. LEXIS 203757, at *14 (citing cases); *Doe* v. *Nebraska*, 788 F. Supp. 2d 975, 981-82 (D. Neb. 2011); *Kelly* v. *City of Oak Park*, 2014 WL 4829601, at *7 (E.D. Mich. Sept. 29, 2014). *Second*, the emails may speak to whether or not transgender individuals are disfavored by governmental actors. For example, Defendants have argued that transgender individuals enjoy "institutional support . . . from all levels of American society," including the support of the U.S. Attorney General. App. Br. at 37, No. 21-2875 (8th Cir. Feb. 3, 2022). *Third*, the withheld emails may demonstrate that the government's asserted rationales in this case are simply a pretext for animus against transgender children.

One clear example of relevant emails that Defendants are improperly withholding relate to the GIRLS Act. Like the Health Care Ban, the GIRLS Act targets transgender minors for discriminatory treatment under state law and is enforced by the Arkansas Attorney General. ARK. CODE ANN. § 16-130-105(a) (providing that "[t]he Attorney General may bring a cause of action" for violations of the GIRLS Act). Moreover, the GIRLS Act *was drafted by* the Attorney General's Office. That Defendants would object to the production of materials that are so obviously relevant to this case calls into question whether they are also withholding documents that bear directly on the Health Care Ban. Without any meaningful explanation as to why clearly responsive emails are being withheld, it is impossible to know whether Defendants are reviewing other documents in good faith. Given Defendants' willingness to invoke such a baseless objection, the only way to avoid further stonewalling is to order the production of all 4,500 documents in the Office's custody.

Defendants also object to producing the Attorney General's emails on the ground that it would be too burdensome. But the parties agreed to search terms that returned 4,500 emails, and Defendants have already reviewed all of those emails. Defendants cannot point to any additional burden that would be required to produce these relevant emails.

## CONCLUSION

The Attorney General's Office is responsible for enforcing the Health Care Ban and possesses documents that are relevant to critical and disputed issues in this case. In the face of a request to produce this clearly relevant and non-privileged material, Defendants have offered only baseless relevance and burden objections. Plaintiffs have exhausted their attempts to resolve these issues with Defendants in good faith, and accordingly ask that this Court grant the motion to compel and order attorney's fees and costs as the Court deems appropriate under the circumstances.

Dated: March 7, 2022                    Respectfully submitted,

*/s/ Leslie Cooper*
Leslie Cooper                           Beth Echols, Ark. Bar No. 2002203
Chase Strangio*                         Christopher Travis, Ark. Bar No. 97093
American Civil Liberties Union          Drake Mann, Ark. Bar No. 87108
Foundation                              Gill Ragon Owen, P.A.
125 Broad St.                           425 W. Capitol Ave., Suite 3800
New York, NY 10004                      Little Rock, AR 72201
Telephone: (917) 345-1742               Telephone: (501) 376-3800
lcooper@aclu.org                        echols@gill-law.com
cstrangio@aclu.org                      travis@gill-law.com
*Attorneys for the Plaintiffs*          mann@gill-law.com
                                        *Attorneys for the Plaintiffs*


Breean Walas, Ark. Bar No. 2006077      Sarah Everett, Ark. Bar No. 2017249
Walas Law Firm, PLLC                    Arkansas Civil Liberties Union
P.O. Box 4591                           Foundation, Inc.
Bozeman, MT 59772                       904 W. 2nd St.
Telephone: (501) 246-1067               Little Rock, AR 72201
breean@walaslawfirm.com                 Telephone: (501) 374-2842
*Attorneys for the Plaintiffs*          sarah@acluarkansas.org
                                        *Attorneys for the Plaintiffs*

| | |
|---|---|
| Garrard R. Beeney* | Laura Kabler Oswell* |
| Jonathan J. Ossip* | Duncan C. Simpson LaGoy* |
| Alexander S. Holland* | Sullivan & Cromwell LLP |
| Sullivan & Cromwell LLP | 1870 Embarcadero Rd. |
| 125 Broad St. | Palo Alto, CA 94303 |
| New York, NY 10004 | Telephone: (650) 461-5600 |
| Telephone: (212) 558-4000 | oswell@sullcrom.com |
| beeneyg@sullcrom.com | simpsond@sullcrom.com |
| ossipj@sullcrom.com | *Attorneys for the Plaintiffs* |
| hollanda@sullcrom.com | |
| *Attorneys for the Plaintiffs* | |

*Admitted pro hac vice