IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT, et al.,**                                                                          **PLAINTIFFS**

**v.**                          **Case No. 4:21-CV-00450-JM**

**LESLIE RUTLEDGE, et al.,**                                                  **DEFENDANTS**

**REPLY IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants' Opposition asserts that Plaintiffs' request for documents related to "gender dysphoria, gender transition, gender transition procedures, [and] transgender people" "amounted to a fishing expedition." This is a bold argument to make in a case challenging the constitutionality of a law that, on its face, prohibits transgender minors from receiving "gender transition procedures." Ark. Code Ann. § 20-9-1502. Remarkably, the Opposition does not attempt to explain why the Attorney General's Office has produced only nine emails in response to Plaintiffs' request, five of which were publicly-available documents.

Defendants acknowledge that 4,500 documents in their possession are responsive to Plaintiffs' request and have already been reviewed. Yet Defendants have produced only a handful of records and now—facing a Motion to Compel— have produced 96 more, almost all of which are also publicly-available. Defendants' limited and selective production is undoubtedly the result of an improper relevancy

standard. In the face of Defendants' failure to conduct discovery in good faith, Plaintiffs' Motion to Compel should be granted.

I. **The Attorney General Should be Compelled to Produce Documents Relating to State Government Discrimination Against Transgender Individuals, Including Materials Relating to The GIRLS Act.**

Defendants do not raise any objection based on privilege or burden. The sole issue here is whether the withheld documents relate to "any matter that could bear on, or that reasonably could lead to other matter [sic] that could bear on, any issue that is or may be in the case." *Kirschmenman* v. *Auto-Owners Ins.*, 280 F.R.D. 474, 481 (D.S.D. 2012). Given the Attorney General's involvement in legislation targeting transgender rights,[1] her emails concerning transgender people are relevant, at a minimum, to the State's intent to discriminate against transgender Arkansans and the government's asserted interests in the Health Care Ban. *Brief in Support of Motion to Compel* 8-9. That is enough to obtain these records in discovery. *See Miles* v. *Century 21 Real Estate LLC*, 2006 WL 2711534, at *2 (E.D. Ark. Sept. 21, 2006) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." (citation omitted)).

---

[1] Including her work on the GIRLS Act and promoting the SAFE Act nationally. *Infra*, 4-5.

Defendants' arguments against that straightforward conclusion demonstrate that they are not faithfully applying the relevancy standard.

### A. Rather Than Producing All Relevant Records, Defendants Continue to Cherry-Pick Publicly-Available Documents

Plaintiffs' motion explained that, months after the documents from the Attorney General's Office were initially requested, Defendants had produced only nine emails, five of which were publicly-available press releases. Defendants' Opposition advances no argument as to how that meager production comports with this Court's relevancy standard. Instead, Defendants offer a new production of 96 additional emails, all but seven of which are daily newsletters from Law360, a legal news site, or press clippings from selected news outlets. But the fact that Defendants were able to cherry-pick 96 unresponsive emails says nothing about the 4,500+ emails they continue to withhold—Defendants do not even claim that this is a random sample or is somehow representative of the other emails they are withholding. None of the emails in Defendants' "sampling" include communications from the Attorney General, let alone communications involving transgender individuals. Defendants cannot avoid their obligation to produce records relevant to this case by flooding this Court with material that sheds no light on the documents that Plaintiffs have not yet seen.

### B. Defendants Continue to Withhold Records That Are Obviously Relevant to This Case

Plaintiffs know from Defendants' productions that they are withholding documents that could be important to this case. For instance, Defendants have produced final versions of press releases addressing the Health Care Ban, but have not produced any drafts of those press releases. It is implausible that these press releases simply materialized in their published form, or that these press releases reflect the only communications within the Attorney General's Office on the Health Care Ban given Attorney General Rutledge's efforts to promote SAFE Act legislation.[2] The Opposition offers no response to these arguments.

Instead, Defendants' focus all their efforts on Plaintiffs' request for records on the GIRLS Act—a statute drafted by the Attorney General's Office that Defendants' own records describe as "one of the transgender bills going through the legislature right now."[3] Plaintiffs' Motion explained that the failure to produce GIRLS Act records was a striking example of Defendants' improper relevancy standard. In Response, Defendants do not seriously contend that communications

---

[2] For example, on October 8, 2021, Attorney General Rutledge appeared on a panel entitled "Keeping Kids SAFE From Radical Gender Ideology." *See* Family Research Council, PrayVoteStand Summit (2021), *available at* https://prayvotestand.org/schedule. Defendants have produced no records associated with this appearance.

[3] *Exhibit 6*, at p. 2 (DEF009).

involving one law targeted at transgender youth are not relevant to the constitutionality of a second law targeted at transgender youth. Instead, they offer two arguments, one that misstates the law and one that misconstrues the facts.

*First*, Defendants assert (without citation) that the views of Executive Branch officials can never be relevant to Equal Protection cases. That position is at odds with Supreme Court precedent, which holds that Equal Protection claims call for "a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *See Vill. of Arlington Heights* v. *Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-268 (1977); *see also Boston Alliance of Gay, Lesbian and Transgender Youth* v. *HHS*, 2021 WL 3667760, at *16 (D. Mass. Aug. 18, 2021). *Second*, Defendants argue that the GIRLS Act has nothing to do with transgender people. That position is absurd on its face, and is also inconsistent with the Attorney General's own statement that the GIRLS Act would "send a strong message to President Biden and his administration that here in Arkansas, we intend to require schools to prohibit biological boys who self-identify as girls" that is, transgender girls, "onto girls' sports teams." Paige Cushman, *Arkansas AG introduces bill to ban transgender athletes from girl's school sports*, KATV.com (Feb. 22, 2021) available at https://tinyurl.com/KATVArkansasAG.

Defendants have already reviewed the emails at issue in this Motion. They do not claim that producing them would create any burden or run afoul of any

privilege.  Instead, Defendants have simply claimed that these emails are not relevant to this litigation.  That argument is meritless.  Plaintiffs respectfully request that the Court order Defendants to produce the 4,500 emails from the Attorney General's Office within two weeks.

Dated: March 28, 2022                    Respectfully submitted,

*/s/ Leslie Cooper*
Leslie Cooper                            Beth Echols, Ark. Bar No. 2002203
Chase Strangio*                          Christopher Travis, Ark. Bar No. 97093
American Civil Liberties Union           Drake Mann, Ark. Bar No. 87108
Foundation                               Gill Ragon Owen, P.A.
125 Broad St.                            425 W. Capitol Ave., Suite 3800
New York, NY 10004                       Little Rock, AR 72201
Telephone:  (917) 345-1742               Telephone:  (501) 376-3800
lcooper@aclu.org                         echols@gill-law.com
cstrangio@aclu.org                       travis@gill-law.com
*Attorneys for the Plaintiffs*           mann@gill-law.com
                                         *Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077       Sarah Everett, Ark. Bar No. 2017249
Walas Law Firm, PLLC                     Arkansas Civil Liberties Union
P.O. Box 4591                            Foundation, Inc.
Bozeman, MT 59772                        904 W. 2nd St.
Telephone:  (501) 246-1067               Little Rock, AR 72201
breean@walaslawfirm.com                  Telephone:  (501) 374-2842
*Attorneys for the Plaintiffs*           sarah@acluarkansas.org
                                         *Attorneys for the Plaintiffs*

Garrard R. Beeney*                       Laura Kabler Oswell*
Jonathan J. Ossip*                       Duncan C. Simpson LaGoy*
Alexander S. Holland*                    Sullivan & Cromwell LLP
Sullivan & Cromwell LLP                  1870 Embarcadero Rd.
125 Broad St.                            Palo Alto, CA 94303
New York, NY 10004                       Telephone:  (650) 461-5600
Telephone:  (212) 558-4000               oswell@sullcrom.com
beeneyg@sullcrom.com                     simpsond@sullcrom.com

ossipj@sullcrom.com  *Attorneys for the Plaintiffs*
hollanda@sullcrom.com
*Attorneys for the Plaintiffs*

*\*Admitted pro hac vice*