# Exhibit 3

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-650-461-5600
FACSIMILE: 1-650-461-5700
WWW.SULLCROM.COM

*1870 Embarcadero Road*
*Palo Alto, California 94303-3308*

LOS ANGELES • NEW YORK • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 3, 2022

Via E-mail

Mike Cantrell,
   Assistant Attorney General,
      323 Center Street, Suite 200,
         Little Rock, AR 72201.

           Re:    *Brandt v. Rutledge*, Case No. 4:21-cv-450 JM

Dear Mike:

        I write to memorialize our meet and confer on April 27 about the 30(b)(6) deposition of the Arkansas Medical Board. During the call, you did not raise any objections to the deposition topics, but stated that you did not believe the Medical Board's 30(b)(6) witness would be able to offer substantive testimony concerning topics 11, 12, and 13 — which, generally, cover the appropriate treatment for adolescents with gender dysphoria and Arkansas' purported interest in passing Act 626 — because the Medical Board was not involved in passing Act 626. Defendants' prior briefing in this litigation has included numerous arguments concerning the information covered in topics 11, 12, and 13 — for example, Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction explained that "Arkansas asserts . . . the compelling governmental interests in protecting children from experimental gender-transition procedures and safeguarding medical ethics." (ECF No. 44 at 97-98.) As we discussed on the call, Plaintiffs are entitled to take discovery concerning these topics, and a 30(b)(6) witness "must testify about information known or reasonably available to the organization." (Fed. R. Civ. P. 30(b)(6).) If the Medical Board possesses no knowledge whatsoever concerning topics 11, 12, and 13, we expect they will be prepared to state that on the record at the deposition. During the call, you also confirmed that Amy Embry would appear as the 30(b)(6) witness on the date and time noticed in the Notice of Deposition.

Sincerely,

Duncan Simpson LaGoy