IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT ET AL.**                                                                                    **PLAINTIFFS**

vs.                                          NO. 4:21-CV-00450-JM

**LESLIE RUTLEDGE ET AL.**                                                                               **DEFENDANTS**

### PRELIMINARY RESPONSE IN OPPOSITION TO MOTION TO COMPEL

Representative Mary Bentley, Senator Alan Clark, Representative Robin Lundstrum, Representative Marcus Richmond, and Representative Jim Wooten (collectively, the "Legislators") respectfully submit this preliminary response[1] to the Motion to Compel, *see* ECF Nos. 122-123 (the "Motion) filed on behalf of Plaintiffs. The Court should deny the Motion summarily due to Plaintiffs' non-compliance with Rule 37(a)(1) of the Federal Rules of Civil Procedure, Local Rule 7.2(g), and the pre-trial scheduling directives entered by the Court.

### I.   INTRODUCTION

Despite their clear meet-and-confer obligations set forth by this Court and by Local Rule, Plaintiffs filed the Motion without making any effort to resolve this discovery issue with the non-party Legislators. In doing so, Plaintiffs violated Rule 37(a)(1) and Local Rule 7.2(g), which require that "[a]ll motions to compel discovery and all other discovery-enforcement motions . . . shall contain a statement by the moving party that the parties have conferred in good faith on the

---

[1]   In the Amended Final Scheduling Order, the Court directed that "[u]pon the filing of such motion [to compel], a response shall be filed promptly." ECF No. 99, at 1. The Legislators wish to comply with these directives of the Court and, therefore, submit this preliminary response to the Motion, which highlights Plaintiffs' failure to comply with their meet-and-confer obligations. This non-compliance subjects the Motion to dismissal summarily. But in the event the Court desires briefing on the merits, the Legislators ask for the full allotment of time to respond to the Motion as contemplated by Local Rule 7.2(b).

specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court." This Court issued a similar directive in its Amended Final Scheduling Order. Given Plaintiffs disregard of these settled rules, the Legislators were stripped of any ability to see if a pre-filing compromise could have been reached. The Legislators thus ask for the relief expressly authorized by Local Rule 7.2(g)—that the Motion "be dismissed summarily for failure to comply."

## II. BACKGROUND

On March 9, 2022, the Court entered an order directing the Legislators by March 24, 2022 to produce documents and file a privilege log in response to various subpoenas issued by Plaintiffs. ECF No. 105, at 1. The Legislators complied with the Court's ruling, producing more than 6,381 pages of responsive documents to Plaintiffs. *See* ECF No. 109, at 1. The Legislators also properly claimed privilege over 2557 pages of documents pursuant to the legislative privilege, the attorney-client privilege, and the work-product doctrine. *See* ECF No. 109-1 (privilege log). These documents were withheld from the production made to Plaintiffs. After producing the documents and filing the privilege log, the Legislators heard nothing from Plaintiffs for nearly two months. No letters or emails were received about the privilege log. No phone calls were placed. A period of *fifty days* passed without any attempt whatsoever by Plaintiffs to discuss or challenge a single privilege call made by the Legislators, much less a communication as to "the specific issue or issues in dispute" that Plaintiffs argue in the Motion.

Prior to the production by the Legislators, the Court entered an Amended Final Scheduling Order, which fixed various deadlines and described the parties' obligations in this litigation. The Amended Final Scheduling Order includes three provisions relevant to the present dispute:

- *First*, the Court directed that "*[a]ll* non-expert discovery will be completed no later than May 26, 2022."

- *Second*, the Amended Final Scheduling Order stated that "[a]ll discovery requests *and motions must be filed sufficiently in advance of that date to allow for a timely response*."

- *Third*, the Court informed the parties that "[a] discovery motion *should not be filed* until counsel make a good faith effort to resolve the discovery dispute."

ECF No. 99, at 1 (emphasis added).

Plaintiffs complied with none of these provisions. Without conferring, Plaintiffs filed the Motion on the evening of May 13, 2022, less than fourteen days (the timeframe to otherwise file a "timely response" to a motion in this Court) prior to the discovery deadline.[2] And in the Motion, Plaintiffs baldly claim entitlement to each and every document validly withheld by the Legislators pursuant to the legislative privilege they enjoy under federal common law.

---

[2] The Motion is also untimely. The Court's Amended Final Scheduling Order states, "All discovery requests *and motions must be filed sufficiently in advance of that date to allow for a timely response*." ECF No. 99, at 1. To allow for "timely response in advance of that date" (the Court's May 26, 2022 discovery deadline), Plaintiffs needed to file the Motion on or before May 12, 2022—or, arguably, even sooner—because our rules allow for a fourteen-day response time for discovery-related motions. Plaintiffs failed to meet this May 12, 2022 deadline, despite the fact that Plaintiffs had been in possession of the privilege log they now challenge for a period of fifty days.

### III.  ARGUMENT

The Court need not decide the merits[3] of the present discovery dispute, as the Motion is subject to summary dismissal. Rule 37(a)(1) requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 7.2(g) states,

> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule.

Local R. 7.2(g). "The language in Rule 37(a)(1) and Local Rule 7.2(g) was put there for an important reason: to require lawyers to make a good faith effort to work out their discovery problems before seeking judicial assistance." *B&B Hardware, Inc. v. Fastenal Co.*, No. 4:10CV00317 BRW/JTR, 2011 WL 2115546, at *3-4 (E.D. Ark. May 25, 2011) (denying "an *anticipatory or preemptive* Motion to Compel").

Courts in the Eastern District of Arkansas routinely summarily deny motions to compel which lack the requisite certification that the moving party has satisfied its meet-and-confer obligations. *See, e.g.*, *Engleman v. United States*, No. 4:14CV00601 JLH, 2015 WL 12696094, at

---

[3]  The Legislators stand on the privilege calls listed in the log filed of record. *See* ECF No. 109-1 (privilege log); *see also Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502-03 (1975) (discussing the privilege); *Cunningham v. Chapel Hill, ISD*, 438 F. Supp. 2d 718, 722 (E.D. Tex. 2006) (same). Because the Court requested a "prompt[]" response to any motion to compel in its Final Amended Scheduling Order, the Legislators submit this preliminary response as to the fatal procedural deficiencies in Plaintiffs' filing. Should the Court wish to entertain argument on the merits of this discovery dispute, the Legislators respectfully ask that the Court allow them to prepare a substantive response in the time allowed by Local Rule 7.2(b) (fourteen days, which falls after the Court's discovery deadline).

*1 (E.D. Ark. Sept. 24, 2015) ("The parties have not had a conversation about this discovery dispute, so they have not conferred at all, much less conferred in good faith. The motions are therefore summarily DENIED."); *Smith v. Portfolio Recovery Assocs., LLC*, No. 4:12CV00212 JLH, 2012 WL 12904289, at *1 (E.D. Ark. Sept. 11, 2012) ("The parties have not had a conversation about this discovery dispute, so they have not conferred at all, much less conferred in good faith. The motion is therefore summarily denied."); *Lipsey v. Seeco, Inc.*, No. 4:16CV00149 JLH, 2016 WL 9244023, at *2 (E.D. Ark. Sept. 2, 2016) ("Local Rule 7.2(g) provides that all motions to compel discovery must contain a statement by the moving party that the parties have conferred in good faith and are unable to resolve their disagreements. Any motion that lacks such a statement may be dismissed summarily. The plaintiff's motion contains no such statement."). The Court should treat the Motion no differently. It lacks a certification by Plaintiffs that they attempted to resolve the present discovery dispute with the Legislators. Such a certification is lacking because Plaintiffs made no effort whatsoever to meet about the issues raised in the Motion. The Motion is thus subject to summary dismissal.

## IV.    CONCLUSION

The Court should summarily deny the Motion.

Respectfully submitted,

Anton L. Janik, Jr. (Ark. Bar No. 2007271)
Graham Talley (Ark. Bar No. 2015159)
**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, PLLC**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone:  501-688-8800
Fax:  501-688-8807
ajanik@mwlaw.com
gtalley@mwlaw.com