IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - x
DYLAN BRANDT, et al.,                              :
                                                   :
                    Plaintiff,                     :
                                                   :
            v.                                     :   Case No. 4:21-CV-00450-JM
                                                   :
LESLIE RUTLEDGE, et al.,                           :
                                                   :
                    Defendant.                     :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - x
```

**<u>REPLY IN SUPPORT OF</u>**
**<u>MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**

On January 20, 2022, after having spent two months negotiating with the Legislators' counsel concerning the scope of their document production in response to Plaintiffs' spubpoenas, Plaintiffs filed a Motion for Order to Show Cause and to Compel Production of Documents from the Legislators. (ECF No. 84.) This Motion sought production of documents which, among other things, the Legislators asserted were protected by the legislative privilege. (*Id*. at 2 (requesting order "compelling each Legislator to produce responsive documents").) There is no serious dispute that the parties met and conferred concerning the Legislators' reliance on the legislative privilege; the Legislators' own counsel memorialized this discussion in a letter of December 22, 2021, stating "[w]e conferred regarding the Legislators' objections as to the lack of relevance of the documents sought by the

Subpoenas, the disproportionate scope of the document requests, *and the Legislators' claim of common-law privilege as to certain categories of documents that could potentially be responsive to Plaintiffs' requests*."[1]  Further, the issue of whether documents could be protected by the legislative privilege was briefed by both Plaintiffs and the Legislators in connection with the Motion for Order to Show Cause.[2]  Clearly, the Legislators understood then that the parties had a disagreement concerning legislative privilege that required the Court's intervention.  On February 28, 2022, the Court granted Plaintiffs' Motion in part.  Rather than ordering the Legislators to produce all documents responsive to the subpoenas, as Plaintiffs requested, the Court ordered the Legislators to file a privilege log.  (ECF No. 98.)

In Round 2 of this dispute, Plaintiffs filed the pending Motion to Compel seeking the same relief sought by Plaintiffs' prior Motion for Order to Show Cause — production of documents withheld on the basis of legislative privilege.  (ECF No. 122.)  Rather than respond to the merits of this Motion to Compel, the Legislators instead filed a "Preliminary Response" and await the Court's instruction to respond on the merits.  (ECF No. 127.)  This Preliminary Response rests on the incorrect assertion that the parties have not met and conferred about the issue of

---

[1] ECF No. 84-13; *see also* ECF No. 85 at 2-3 (summarizing meet and confer process).

[2] ECF No. 85 at 7 n.9 ("Plaintiffs submit that the Legislators' claims of privilege are invalid"); ECF No. 94 at 10 ("Legislative privilege bars compelled production of documents requested by the subpoenas."), *see also id*. at 10-12 (discussing scope of legislative privilege); ECF No. 96 at 8 (addressing the "inaccuracies of the Legislators' position that "[m]uch of Plaintiffs' document requests will be barred by legislative privilege'").

whether the Legislators may withhold certain documents pursuant to the legislative privilege. But the parties had already met and conferred about the Legislators' assertion of the legislative privilege and had made "a good faith effort to work out their discovery problems before seeking judicial assistance." *B&B Hardware, Inc. v. Fastenal Co.*, No. 4:10CV00317 BRW/JTR, 2011 WL 2115546, at *3-4 (E.D. Ark. May 25, 2011). Moreover, the Legislators' Preliminary Response demonstrates that any supplemental meet and confer would have been fruitless. The Legislators' Preliminary Response does not state that the Legislators are willing to produce any documents at issue in Plaintiffs pending Motion to Compel. To the contrary, the Legislators' Preliminary Response states that the "Legislators [] properly claimed privilege over 2557 pages of documents pursuant to the legislative privilege" (ECF No. 127 at 2) and "[t]he Legislators stand on the privilege calls listed in the log filed of record" (*id*. a 4 n.3). Clearly, the dispute at issue in Plaintiffs' Motion to Compel is ripe for Court intervention.

Finally, the Court should not "summarily dismiss" the Motion due to the inadvertent omission of a meet-and-confer statement. This statement was included in Plaintiffs' original Motion for Order to Show Cause (ECF No. 85 at 3.) And while our courts require strict compliance with the meet-and-confer requirements, that compliance has been met here. As the Court is aware, the Motion is simply a continuation of the discovery dispute between the Legislators and

Plaintiffs over these documents. Failure to include the meet-and-confer statement is not fatal to Plaintiffs motion. *See* L.R. 7.2 (g) (regarding motions to compel discovery, "[i]f any such motion lacks such a statement, that motion **may** be dismissed summarily for failure to comply with this rule" (emphasis added)).[3]

For these reasons, and those stated in the Motion, the Court should grant Plaintiffs' Motion to Compel. The Legislators have shown no reason why they could not have prepared a substantive response in support of their assertion of privilege, particularly because this specific objection has been before the Court since Plaintiffs filed their original Motion for Order to Show Cause. Should the Court grant the Legislators' request to "allow them to prepare a substantive response" to Plaintiffs' Motion, Plaintiffs request leave to file a reply to that substantive response.[4]

---

[3] Even if the Court agreed with the Legislators' arguments, the appropriate resolution would be dismissal of the pending motion without prejudice to Plaintiffs bringing the same motion after meeting and conferring, which would serve no purpose given the parties' current dispute. *Hawk Tech. Sys., LLC* v. *Oaklawn Jockey Club, Inc.*, No. 6:15-CV-06037, 2015 WL 13813612, at *2 (W.D. Ark. Nov. 5, 2015) ("Defendant did not comply with Local Rule 7.2(g) prior to filing these Motions, Defendant's Motion for Protective Order (ECF No. 15) and Motion to Quash (ECF No. 19) are DENIED without prejudice to refiling upon Defendants's compliance with the local rules of this court."); *Edwards* v. *Whatley*, No. 4:16-CV-00002-KGB, 2018 WL 3326848, at *2 (E.D. Ark. Feb. 27, 2018) ("Mr. Edwards has failed to satisfy Local Rule 7.2(g) as to these deposition topics, and the Court is unable to rule on this discovery dispute as it relates to these additional topics at this time. For that reason, the Court denies without prejudice Mr. Edwards' motion to compel as to these additional discovery requests.").

[4] The Legislators argue that Plaintiffs filed their Motion to Compel a day late because it was filed 13 days before the close of fact discovery. Plaintiffs regret this inadvertent error.

Dated: May 19, 2022

/s/ Leslie Cooper
Leslie Cooper
Chase Strangio*
American Civil Liberties Union
Foundation
125 Broad St.
New York, NY 10004
Telephone: (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Beth Echols, Ark. Bar No. 2002203
Christopher Travis, Ark. Bar No. 97093
Drake Mann, Ark. Bar No. 87108
Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone: (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone: (501) 246-1067
breean@walaslawfirm.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Sarah Everett, Ark. Bar No. 2017249
Gary Sullivan, Ark. Bar No. 92051
Arkansas Civil Liberties Union
Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone: (501) 374-2842
sarah@acluarkansas.org
*Attorneys for the Plaintiffs*

Garrard R. Beeney*
Jonathan J. Ossip*
Brandyn Rodgerson*
Emily T.L. Armbruster*
Alexander S. Holland*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
ossipj@sullcrom.com

Laura Kabler Oswell*
Duncan C. Simpson LaGoy*
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 461-5600
oswell@sullcrom.com
simpsond@sullcrom.com
*Attorneys for the Plaintiffs*

rodgersonb@sullcrom.com
armbrustere@sullcrom.com
hollanda@sullcrom.com
*Attorneys for the Plaintiffs*

Daniel J. Richardson\*
1700 New York Avenue NW
Suite 700
Washington, DC 20006
Telephone:  202-956-7500
richardsond@sullcrom.com
*Attorney for Plaintiffs*                              \**Admitted pro hac vice*