# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DYLAN BRANDT,** *et al.*,

                                                                                             **PLAINTIFFS,**

**v.**                                     **No. 4:21-CV-00450-JM**

**LESLIE RUTLEDGE,** *et al.*,                                                    **DEFENDANTS.**

## MOTION FOR PROTECTIVE ORDER AND TO QUASH
## NOTICE OF DEPOSITION OF SEPARATE DEFENDANT RHYS L. BRANMAN

Defendants, through counsel, for their Motion for Protective Order and to Quash the Notice of Deposition to Dr. Rhys L. Branman, hereby state as follows:

1.     Plaintiffs filed this lawsuit on May 25, 2021.

2.     Defendant Dr. Branman has been sued in his official capacity as a member of the Arkansas State Medical Board.

3.     This Court issued a Final Scheduling Order on September 30, 2021, initially setting a discovery deadline of December 17, 2021. The discovery deadline, after having been twice further extended, is now set for May 26, 2022.

4.     Less than two weeks before the extended discovery deadline, Plaintiffs notified Defendants – for the first time– that they sought to depose Dr. Branman. Plaintiffs proposed May 24 and 25 as desired dates for deposing Dr. Branman.

5.     Notwithstanding Plaintiffs' unreasonably delayed notice, Defendants attempted to work with these proposed dates, but, with such a short turnaround time, Dr. Branman is not available for either date. Dr. Branman is a surgeon who actively treats patients and regularly conducts surgery in his treatment of those patients. Those surgeries are typically scheduled months in advance. Plaintiffs were notified in writing of Dr. Branman's unavailability for those dates.

6.  Only nine days before the extended discovery deadline, Plaintiffs issued a Notice of Deposition to Dr. Branman for the following Tuesday, May 24, 2022. A copy of the Notice of Deposition is attached hereto as Exhibit "A" and incorporated herein by reference.

7.  On May 24, 2022, Dr. Branman is scheduled to perform three separate surgeries on three separate patients. These surgeries have been scheduled for months and were scheduled prior to Plaintiffs' notifying Defendant Branman that they seek to depose him in this matter.

8.  Additionally, Dr. Branman is unavailable for the remaining days during the week of May 23, 2022. A Declaration of Dr. Branman detailing his unavailability is attached hereto as Exhibit "B" and incorporated herein by reference.

9.  On Monday, May 23, 2022, Dr. Branman is scheduled to perform a surgery on a patient that will last a total of six hours. He is also scheduled to see three patients for post operative follow up appointments. *See* Ex. B, ¶ 7.

10. On Wednesday, May 25, 2022, Dr. Branman is scheduled to perform two surgeries, one of which is scheduled to last five hours and the other will last one hour. *See* Ex. B, ¶ 9.

11. Dr. Branman is also scheduled to undergo a personal medical procedure on Thursday, May 26, 2022. After undergoing this procedure, he will need a recovery time of approximately one week. During this recovery time, he will also be unavailable. *See* Ex. B, ¶ 11.

12. As a result, Dr. Branman is unavailable during the week of May 23, 2022. Counsel for Dr. Branman notified Plaintiffs that Dr. Branman was not available for the date in question. In an attempt to confer in good faith without the need for this Court's intervention, Defendants requested that Plaintiffs withdraw their Notice of Deposition, and that Defendants would need to file a motion to quash the Notice if Plaintiffs did not do so. Plaintiffs have unreasonably refused.

13.     Of particular note, the parties have conferred for months in scheduling and coordinating depositions for multiple other parties and witnesses, and virtually all of the depositions have been scheduled several weeks in advance. Plaintiffs have never indicated throughout the parties' communications a desire to depose Dr. Branman. Forcing Dr. Branman to sit for a deposition at the last minute will impose an undue burden on him due to both professional and personal medical obligations. Plaintiffs could have easily avoided imposing this undue burden on Dr. Branman because at any time in previous negotiations, they could have – and should have – indicated a desire to depose him. Further, Dr. Branman has been a named Defendant since the inception of this litigation. The last-minute Notice suggests that Plaintiffs seek to annoy, harass, and place an undue burden on Dr. Branman with no regard to his personal and professional obligations. Plaintiffs have not provided any reason for why they waited until the eve of the extended discovery deadline, what additional information Defendant Branman will provide, or how his deposition is not otherwise duplicitous or within the scope of the rules of discovery.

14.     There are currently four other depositions of the parties' expert witnesses scheduled for the weeks of May 16, 2022, and May 23, 2022, which represent the last remaining depositions that were set to take place. Specifically, expert depositions took place on Thursday, May 19, 2022, and Friday, May 20, 2022. Two more expert depositions are set to take place on Wednesday, May 25, 2022, and Thursday May 26, 2022. The expert reports prepared by these witnesses total hundreds of pages of analysis that are central to the complex legal issues in this case. Accordingly, there is extensive preparation involved for these depositions, and requires not only a thorough review of the reports and opinions of each expert, but in preparing for the witnesses' examination as well.

15. While Plaintiffs, who are currently represented by 17 different attorneys, may not take issue with preparing for another deposition at the last minute, Defendants have only four active attorneys handling this case. Defendants have relied upon the discovery agreements put in place between the parties in preparing for the already-packed deposition schedules. Because of Defendants' limited number of attorneys, they will be hindered in their ability to prepare for a deposition prior to conducting the already-scheduled expert depositions on May 25 and 26. Moreover, Defendants have now had to prepare this Motion due to Plaintiffs' conduct, which is exactly what this Court's Final Scheduling Order sought to avoid.

16. Based on these circumstances, good cause exists for quashing Dr. Branman's Notice of Deposition and issuing a protective order concerning the unduly delayed Notice of Deposition that was issued just before the close of discovery. Forcing Dr. Branman to cancel and reschedule both personal and professional medical procedures with mere days' notice could have been avoided without such a severe and undue burden to him.

17. A brief in support of this Motion is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, Defendants respectfully request that this Court enter a protective order denying Plaintiffs' unduly delayed discovery request and quashing Plaintiffs' Notice of Deposition to Dr. Branman.

Respectfully Submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Nicholas J. Bronni
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-6302
Email: nicholas.bronni@arkansasag.gov

Dylan L. Jacobs
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2700
Email: dylan.jacobs@arkansasag.gov

Michael Cantrell
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2401
Email: michael.cantrell@arkansasag.gov

Amanda D. Land (2012135)
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2029
Fax: (501) 682-8118
amanda.land@arkansasag.gov

*Attorneys for Defendants*