**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DYLAN BRANDT, *et al.*,

PLAINTIFFS,

v.                               No. 4:21-CV-00450-JM

LESLIE RUTLEDGE, *et al.*,                        DEFENDANTS.

BRIEF IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER AND TO QUASH
NOTICE OF DEPOSITION OF SEPARATE DEFENDANT RHYS L. BRANMAN

Discovery in this case closes next week, and the parties have been working diligently to complete the remaining depositions that have been scheduled for weeks or months. Yet with just a week's notice, Plaintiffs served a notice of deposition on Defendant Dr. Branman. Despite Dr. Branman having been a defendant from the onset of this case, Plaintiffs have waited until now to attempt to depose him. This poses serious problems for Dr. Branman and his patients, because he has no fewer than six surgeries scheduled for next week, in addition to a medical procedure of his own. These surgeries have been scheduled for months, requiring Dr. Branman's patients to carve out time from their personal and professional lives for the procedure itself and recovery time. Forcing Dr. Branman and his patients to reschedule at the last minute would impose severe and undue burdens.

This was not inevitable. Plaintiffs could have identified Dr. Branman as a person they wished to depose months ago. That they failed to do so is not the fault of Dr. Branman or his patients, and they should not be the ones to suffer the consequences of Plaintiffs' lack of diligence. This Court should therefore enter a protective order quashing and prohibiting Plaintiffs' notice of deposition to Dr. Branman.

## I.      Background

Plaintiffs filed this lawsuit against Defendants, including Dr. Branman, on May 25, 2021. The Court set an original discovery deadline of December 17, 2021. (*See* Final Scheduling Order, Doc. 76). That deadline was extended twice, and the Court has now set an extended discovery deadline of May 26, 2022. The parties began scheduling deposition dates by agreement in mid-February 2022. As a result of these scheduling negotiations, nearly twenty witnesses have now been deposed, as agreed to between the parties. Discovery is set to conclude on schedule, yet Plaintiffs waited until less than two weeks before the close of extended discovery to notify Defendants of their intent to depose Dr. Branman, notwithstanding the aforementioned months of coordination between the parties of convenient dates, times, and locations for each deponent. Then, on May 17, 2022, Plaintiffs issued a notice for Dr. Branman's deposition to be held a mere seven days later, on Tuesday, May 24, 2022.

The parties were required to do their due diligence in identifying deponents and scheduling their depositions, rather than waiting until the eve of the discovery deadline to do so. Yet that is precisely what Plaintiffs have done. Now Plaintiffs seek to depose Dr. Branman so unreasonable it would require him to reschedule surgeries scheduled for his patients on May 24, 2022. Specifically, Dr. Branman is scheduled to perform three separate surgeries, which have all been scheduled for months. *See*, Ex. A, ¶ 8, Decl. of Dr. Branman.  In fact, forcing Dr. Branman to sit for a deposition at the eleventh-hour on any day during the week of May 23, 2022 would equally present severe and undue burdens on him and his patients. *See*, Ex. A. On Monday, May 23, 2022, Dr. Branman is scheduled to perform a six-hour surgery on a patient. *See*, Ex. A, ¶ 7. On Wednesday, May 25, 2022, Dr. Branman is scheduled to perform another two surgeries, collectively totaling six hours of surgery for the day. Ex. A, ¶ 9. Finally, Dr. Branman is scheduled

to undergo a personal medical procedure on Thursday, May 26, 2022, which will require recovery time of one week. *See*, Ex. A, ¶ 11. Given the fact that the surgeries performed by Dr. Branman are scheduled far in advance, it is unsurprising that he is unavailable on such short notice. Plaintiffs could have instead given notice of their intent to depose Dr. Branman at the onset of the parties' discovery agreements, which would have reduced or even eliminated the burden of rescheduling multiple surgeries at the last minute. Dr. Branman and his patients should not suffer due to Plaintiffs' lack of diligence.

In addition to the burden on Dr. Branman and his patients, Plaintiffs' delayed notice will have a significant hindrance on Defendants' continued preparation for the remaining expert depositions that are still scheduled to take place on May 25 and 26. Plaintiffs are currently represented by 17 attorneys and can absorb last-minute discovery changes, but Defendants are represented by only four attorneys and will be prejudiced by Plaintiffs' last-minute discovery. Defendants—already in the process of combing through expert reports and testimony in preparation for the currently scheduled depositions—would be pulled away to instead prepare for a last-minute deposition and, of course, this last-minute discovery dispute that now requires Court intervention.

Finally, this Court's amended final scheduling order specifically provides that extensions to discovery will not be granted simply because "a party does not have time in which to depose a witness, expert or otherwise." (*See* Final Scheduling Order, Doc. 76, ¶ 3). For the reasons set forth below, this Court should quash the Notice of Deposition and issue a protective order.

## II.    Argument

This Court should issue a protective order because the Notice of Deposition issued by Plaintiffs does not afford reasonable notice to Defendant Branman and would cause an undue

burden upon him. Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a motion for protective order in precisely this instance, which is where a notice of deposition does not provide reasonable notice and it violates the discovery provisions of the scheduling order applicable to the case. Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 30(b)(1) (requiring that a party who wants to depose a person by oral questions give reasonable written notice). This Court may issue such orders for the protection of parties in the discovery process in order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Similarly, Plaintiffs were required to engage in the discovery planning process in good faith, including in identifying the subjects and issues upon which discovery would be needed. Fed. R. Civ. P. 26(f).

Defendants have demonstrated good cause for issuing a protective order. *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1202 (8th Cir. 2015) (affirming district court's grant of a protective order when discovery requests were served one week before trial). As noted in Dr. Branman's Declaration, he has approximately six separate surgeries scheduled during the week of May 23, 2022, for patients under his care, as well as a personal medical procedure he is scheduled to undergo. All of these surgeries have been scheduled well in advance and moving them will now cause a significant hardship to Dr. Branman's medical practice, his patients' professional and personal lives, and Dr. Branman's own personal medical care.

When a party's need to conduct discovery on a particular issue has been apparent from the onset of the lawsuit, the Eastern District of Arkansas has denied that party's request to conduct discovery on the issue at the last minute. *See G&K Servs. Co. v. Bill's Super Foods, Inc.*, Case No. 3:08-cv-00048-SWW-JTR, 2009 WL 2215765, at *20 (E.D. Ark. Jul. 23, 2009) (denying a party's request to extend discovery, noting that the party offered "no explanation for [its] failure to conduct

the discovery before the expiration of the discovery cutoff deadline). Other courts have found similar circumstances to be unreasonable and an undue burden upon a deponent. *E.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005). In the matter of *Sulfuric Acid Antitrust Litigation*, the Northern District of Illinois denied a plaintiff's attempts to depose witnesses with ten days' notice, and reasoned:

> What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious—or at least probable—that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices. The plaintiffs were keenly aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been percolating for some period.

*In re Sulfuric Acid*, 231 F.R.D. at 327.

Plaintiffs may argue that the amount of time given to Dr. Branman is reasonable, but Defendants have presented facts that clearly show how unreasonable the circumstances are. The scheduling conflicts presented to him are not minor; rather, they will affect the medical treatment of several patients, as well as his own medical treatment. Further, had Plaintiffs ever indicated at any time in earlier discovery negotiations that Dr. Branman's deposition would be sought, he could have avoided scheduling surgeries for the day of his deposition or at least had a reasonable amount of time to reschedule any already scheduled surgeries without undue burden to his practice or the patients under his care. In addition to the constraints on Dr. Branman, Plaintiffs' last-minute conduct places a strain on Defendants' ability to adequately prepare for the remaining expert depositions in this case. Two expert depositions took place on May 19 and 20, and another two expert depositions are scheduled for May 25 and 26. Inserting an eleventh-hour deposition prior to the remaining expert depositions will present a significant hardship on preparing for all of them.

Defendants already face reviewing the hundreds of pages of expert reports and preparing for the substance of the testimony with four attorneys to do so.

Significantly, Dr. Branman has been a named Defendant throughout the entirety of this lawsuit. This case has involved numerous witnesses and depositions, and multiple lawyers have entered appearances on behalf of the parties. Plaintiffs have known from the onset of the case the facts and witnesses they would need to pursue their case, as well as the discovery demands involved. Because of this, Plaintiffs should have known whether they would need to depose Dr. Branman, and certainly should have known prior to the eve of the discovery deadline. Yet, until less than two weeks before the extended discovery deadline, Plaintiffs never indicated that Dr. Branman would need to be deposed. If Plaintiffs had done so, this would have enabled Dr. Branman to avoid the significant scheduling conflicts that have now arisen due to Plaintiffs' delayed Notice. This Court should not permit Plaintiffs to engage in delayed discovery tactics that not only place an undue burden on the deponent, but that would do an end run around the previous orders of this Court. Additionally, this Court's amended final scheduling order specifically provides that extensions to discovery will not be granted simply because a party does not have time to depose a witness. (*See* Final Scheduling Order, Doc. 76). As a result, this Court should exercise its discretion and enter an order quashing the Notice of Deposition due to its unreasonable notice and undue burden upon Defendant Branman.

## III.   Conclusion

Defendants respectfully request that this Court enter a protective order denying and quashing Plaintiffs' Notice of Deposition to Separate Defendant Branman because it would impose an undue burden on him.

Respectfully Submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Nicholas J. Bronni
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-6302
Email: nicholas.bronni@arkansasag.gov

Dylan L. Jacobs
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2700
Email: dylan.jacobs@arkansasag.gov

Michael Cantrell
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2401
Email: michael.cantrell@arkansasag.gov

Amanda D. Land (2012135)
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2029
Fax: (501) 682-8118
amanda.land@arkansasag.gov

*Attorneys for Defendants*