IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - x
DYLAN BRANDT, et al.,           :
                                :
            Plaintiff,          :
                                :
    v.                          :  Case No. 4:21-CV-00450-JM
                                :
LESLIE RUTLEDGE, et al.,        :
                                :
            Defendant.          :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Plaintiffs first informed Defendants of their intent to depose Dr. Branman, a defendant in this action, three days after completing the deposition of Amy Embry, the Executive Director of the Arkansas Medical Board. During her deposition, Ms. Embry declined to discuss the views or actions of Board members, which prevented Plaintiffs from exploring important issues about the State's justifications for the Health Care Ban. Upon contacting Defendants, Plaintiffs offered to take the deposition at a time most convenient for Dr. Branman, including after the close of discovery. Plaintiffs subsequently proposed limiting the deposition to three hours and told Defendants that they were willing to schedule the deposition during the evenings or on the weekend if that was best for Dr. Branman and his

patients. Rather than respond to any of these requests, Defendants filed their Motion to quash the deposition.

Defendants do not dispute that Dr. Branman's testimony could be relevant to this case, nor do they argue that Dr. Branman is unavailable at any point beyond May 26, 2022. Instead, they argue that two weeks is not "reasonable notice" under Federal Rule of Civil Procedure 30(b), and that a deposition after the close of fact discovery would somehow derail preparation for a trial in October. Both arguments are baseless. Courts routinely allow depositions with notice of only a few days, and there is no reason to think that a deposition that accommodates Dr. Branman's schedule would delay the proceedings in any way—particularly since trial is scheduled to begin almost five months from now.

Despite their obligation to meet and confer, Defendants have yet to speak with Plaintiffs at any point about this matter. In fact, Plaintiffs have learned more about Dr. Branman's schedule from reading the Defendants' brief than they did in three separate attempts to discuss the deposition. Plaintiffs remain willing to work with Defendants on a mutually agreeable solution. The Court should deny the Defendants' Motion and allow those good faith discussions to finally commence.

## BACKGROUND

On May 10, 2022, Plaintiffs took the deposition of Amy Embry, who Defendants designated to speak on behalf of the Arkansas Medical Board under

Federal Rule of Civil Procedure 30(b)(6).[1]  During her deposition, Ms. Embry was unwilling or unable to answer questions about the views or actions of Arkansas Medical Board members, including Dr. Branman.  For instance, in response to the question "Does the Board recognize that gender-affirming hormones can be a help to some adolescents?", Ms. Embry replied "not to my knowledge."  When asked to explain that answer, she said "You're going to have 14 different Board members with 14 different opinions, so you can have 14 different answers."[2]  Similar answers were provided for a host of questions seeking information central to this case.[3]

    After reviewing those responses, Plaintiffs decided to move forward with the deposition of a member of the Board, Dr. Branman.  Plaintiffs notified Defendants of this decision on May 13, three days after Ms. Embry's deposition and two weeks before the close of discovery.[4]  Plaintiffs' message to Defendants offered possible dates of May 23 or May 24, and went on to say that "[w]e are willing to

---

[1] *See Exhibit A* - Embry Deposition .

[2] *See, e.g., id.* at 170.

[3] *See, e.g.*, *id.* at 149–150, 158, 161, 226.

[4] *Exhibit B* – Good Faith Email Chain, at May 13 email from Daniel Richardson to Michael Cantrell.

meet and confer about dates, including to potentially stipulate to taking his deposition after the close of fact discovery, if those dates do not work."[5]

Defendants did not respond to that request. On May 17, Plaintiffs served a Notice of Deposition, which provided that the deposition would take place on May 24, 2022, in Little Rock, Arkansas, where Dr. Branman works. Once again, Plaintiffs clarified that "we are willing to revise the date if there is a better one for the witness."[6] Defendants responded the next day, but rather than attempting to reach any reasonable agreement concerning the date or length of the deposition, Defendants simply asked Plaintiffs to withdraw the Notice. Plaintiffs replied by offering to "limit the deposition to three hours on the record and to meet with [Dr. Branman] at a time that is most convenient, including in the evenings or during the weekend."[7] But Defendants refused to engage, deciding instead to file this Motion. Prior to that filing, Defendants never attempted to discuss specific constraints on Dr. Branman's schedule, never proposed any limits on the deposition, and never explained why a deposition after the close of discovery would inhibit preparation for a trial nearly five months away.

---

[5] *Id.*

[6] *Id.* at May 17 email from Daniel Richardson to Michael Cantrell.

[7] *Id*.

## ARGUMENT

"A party seeking to quash a deposition in its entirety has a heavy burden of demonstrating good cause." *Ruminer* v. *Gen. Motors Corp.*, 2005 WL 8164522, at *1 (E.D. Ark. Nov. 10, 2005) (quoting *Bucher* v. *Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994)) (denying a motion to quash and reasoning that "[e]ven four days notice of a deposition has been found to be reasonable under the particular circumstances"). Defendants provide only one ground for "good cause": that "the Notice of Deposition issued by Plaintiffs does not afford reasonable notice to Defendant Branman."[8] Under Rule 30(b), "the determination of whether the notice given can be deemed 'reasonable' is highly fact-specific, and depends upon the circumstances of the particular case." *Smith* v. *Wallace*, 2016 WL 6962817, at *2 (E.D. Mo. Nov. 29, 2016). Here, the facts show that Plaintiffs served the Notice shortly after the Rule 30(b)(6) deposition of the Arkansas State Medical Board by its designee, the Board's Executive Director Ms. Embry, during which it became apparent that testimony from a member of the Board would be necessary. Moreover, Plaintiffs first notified Defendants of their intent to depose Dr. Branman two weeks before the close of discovery; have consistently offered to meet with Defendants to discuss accommodations for Dr. Branman's schedule—including holding the

---

[8] *Defendant's Brief in Support of Motion for a Protective Order* 3.

deposition sometime after the close of discovery—and reasonable limits on Dr. Branman's deposition; and each time have received either no response from Defendants or have been met with demands to withdraw the Notice. Taken together, those facts show reasonable conduct by the Plaintiffs and steadfast obstruction by the Defendants. *See Ruminer,* 2005 WL 8164522, at *2 ("Even four days notice of a deposition has been found to be reasonable under the particular circumstances." (citing *F.A.A. v. Landy,* 705 F.2d 624, 634-35 (2nd Cir. 1983)); *CFTC* v. *United Invs. Grp., Inc.*, 2006 WL 8446783, at *3 (S.D. Fla. Mar. 6, 2006) (holding that notice of five days was reasonable in part because of "Plaintiff's unrebutted assertion that it offered to work with defendants regarding the timing and order of completing the depositions prior to the close of discovery" (citations omitted)).

      Defendants offer no persuasive argument against that straightforward conclusion. First, there is no *per se* rule that notices must be filed many weeks before a deposition. To the contrary, courts regularly find that notice of only a few days is sufficient. *See, e.g.*, *Ruminer*, 2005 WL 8164522, at *2. Reasonableness turns on the facts, and here Plaintiffs had good reason for waiting until Ms. Embry's deposition before moving forward. Given the circumstances, there was nothing unreasonable about serving a notice more than one week away, even if Plaintiffs had not offered to take the deposition at a later point. *See Paul* v. *Winco Holdings, Inc.*,

249 F.R.D. 643, 656 (D. Idaho 2008) (holding that notice eight business days before the close of discovery was reasonable).

None of the cases cited by Defendant suggest otherwise.  *Jackson* v. *Allstate Ins. Co.* involved discovery requests served one week *before trial*.  785 F.3d 1193, 1202 (8th Cir. 2015).  In *Sulfuric Acid Antitrust Litig.*, the plaintiff sought to depose foreign citizens in the United States and failed to respond to defendants' effort to discuss the deposition for two weeks.  231 F.R.D. 320, 327 (N.D. Ill. 2005).  Based on those particular circumstances, the Court granted the motion to quash, while noting that "ten business days' notice would [ordinarily] seem reasonable."  *Id*.  And *G&K Servs. Co.* v. *Bill's Super Foods Inc.* addressed a party's attempt to extend the discovery deadline, which is not at issue here.  2009 WL 2215765, at *20 (E.D. Ark. July 23, 2009).

Second, Plaintiffs offered to depose Dr. Branman after the close of discovery to accommodate his schedule.  Defendants failed to mention this in their motion when arguing that Dr. Branman's deposition would cause "significant hindrance on Defendants' continued preparation" for depositions on May 25 and May 26.[9]  And a deposition after the close of fact discovery would not impair Defendants' ability to litigate this case.  Defendants offer no reason why a deposition

---

[9] *Brief in Support*, at 3.

in the weeks following the May 26 close of discovery—particularly one that Plaintiffs offered to limit to three hours—would interfere with preparation for a trial in October. And while Defendants assert that Plaintiffs' request has "pulled [them] away" to "prepare for this last minute discovery dispute that now requires Court intervention," they are the ones that chose to file a motion before picking up the phone.

Third, there is nothing unusual or improper about taking a deposition after the close of fact discovery. Plaintiffs understand that Dr. Branman has a busy schedule and that the medical care he provides to his patients should not be interrupted. For that reason, Plaintiffs stand ready to meet whenever is most convenient for him, whether that means waiting a few weeks or taking his deposition in the evening or on the weekend. It is not clear why Defendants are unwilling to do the same. Defendants argue that this Court's scheduling order somehow prevents the parties from stipulating to a later deposition. It does no such thing. The portion of the Order quoted by the Defendants relates to motions for a continuance, which no one here is seeking.[10] And the very same paragraph contemplates discovery beyond the date provided in the Scheduling Order.[11] The present dispute arose prior

---

[10] *See* Final Scheduling Order, Doc. 76, at 1.

[11] *Id.* ("The parties may conduct discovery beyond this date if all parties are in agreement to do so.").

to the close of discovery. If Defendants were not prepared to agree to a deposition after the close of discovery, they should have identified some point during the two week period when the deposition could have taken place. To the extent that Dr. Branman's deposition will now occur after the close of fact discovery, that is as much the product of Defendant's delay tactics as it is Dr. Branman's busy schedule.

## CONCLUSION

Plaintiffs have made three efforts to meet with Defendants to discuss this deposition and have unilaterally proposed limits in order to reach an agreement. Rather than respond in good faith, Defendants burdened the Court with this Motion. That conduct falls well short of the parties' obligation to meet and confer, and this Court should deny the Motion.

Dated: May 25, 2022

/s/ Leslie Cooper
Leslie Cooper
Chase Strangio*
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
Telephone: (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Beth Echols, Ark. Bar No. 2002203
Christopher Travis, Ark. Bar No. 97093
Drake Mann, Ark. Bar No. 87108
Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone: (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*

Breean Walas, Ark. Bar No. 2006077
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone: (501) 246-1067
breean@walaslawfirm.com
*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*
*Attorneys for the Plaintiffs*


Garrard R. Beeney*
Jonathan J. Ossip*
Brandyn Rodgerson*
Emily T.L. Armbruster*
Alexander S. Holland*
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
ossipj@sullcrom.com
rodgersonb@sullcrom.com
armbrustere@sullcrom.com
hollanda@sullcrom.com
*Attorneys for the Plaintiffs*

Daniel J. Richardson*
1700 New York Avenue NW
Suite 700
Washington, DC 20006
Telephone: 202-956-7500
richardsond@sullcrom.com

*Attorney for Plaintiffs*

Sarah Everett, Ark. Bar No. 2017249
Gary Sullivan, Ark. Bar No. 92051
Arkansas Civil Liberties Union Foundation, Inc.
904 W. 2nd Street
Little Rock, AR 72201
Telephone: (501) 374-2842
sarah@acluarkansas.org
gary@acluarkansas.org
*Attorneys for the Plaintiffs*


Laura Kabler Oswell*
Duncan C. Simpson LaGoy*
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 461-5600
oswell@sullcrom.com
simpsond@sullcrom.com
*Attorneys for the Plaintiffs*



*Admitted pro hac vice