IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT ET AL.**                                                                      **PLAINTIFFS**

vs.                                       NO. 4:21-CV-00450-JM

**LESLIE RUTLEDGE ET AL.**                                                              **DEFENDANTS**

### SUPPLEMENT TO PRELIMINARY RESPONSE
### IN OPPOSITION TO MOTION TO COMPEL

Representative Mary Bentley, Senator Alan Clark, Representative Robin Lundstrum, Representative Marcus Richmond, and Representative Jim Wooten (collectively, the "Legislators") respectfully submit this supplement to their preliminary response, *see* ECF No. 127, to the Motion to Compel, *see* ECF Nos. 122-123 (the "Motion), filed on behalf of Plaintiffs. The Legislators file this supplement solely for the purpose of highlighting the irreconcilable positions taken by Plaintiffs regarding the failure to satisfy their meet-and-confer obligations.

The Legislators argued in the preliminary response that the Court should summarily deny the "*anticipatory or preemptive*" Motion because Plaintiffs failed to first confer as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure, Local Rule 7.2(g), and the Amended Final Scheduling Order entered by the Court. *See* ECF No. 127, at 4 (quoting *B&B Hardware, Inc. v. Fastenal Co.*, No. 4:10CV00317 BRW/JTR, 2011 WL 2115546, at *3-4 (E.D. Ark. May 25, 2011)). On May 19, 2022, Plaintiffs (without first seeking leave of this Court) filed a reply brief in support of the Motion, in which they argue that "the parties had already met and conferred about the Legislators' assertion of the legislative privilege." *See* ECF No. 129, at 3. These prior conversations, according to Plaintiffs, took place in late 2021 when the parties fought over the subpoenas served on the Legislators, which culminated in an order overruling the Legislators'

relevance objections and requiring them to file a privilege log. *See* ECF No. 105, at 1. Despite having the privilege log initially requested in connection with the subpoenas, Plaintiffs now take the position that "any supplemental meet and confer would [be] fruitless." ECF No. 129, at 3.

It is impossible to reconcile Plaintiffs' current position with their prior briefing on the application of the legislative privilege. As the parties fought over the subpoenas served on the Legislators, Plaintiffs stated unequivocally that "*without a privilege log and the requisite specificity demonstrating the application of any privilege to a certain document or electronically stored information, it would be purely academic to provide an in-depth analysis of those privileges at this time*." ECF No. 85, at 7 n.9 (emphasis added). Thus, so the Court could fully evaluate the discovery dispute, Plaintiffs reserved the right to later address "more substantive 'privilege' objections" raised by the Legislators. *Id.*; *see also* ECF No. 96 (arguing in a reply brief that, without a privilege log, "there is nothing for the court to review to even determine whether any of the responsive documents actually 'involve opinions, recommendations or advice about legislative decisions between legislators or between legislators and their aides—that is, documents that are pre-decisional, deliberative and contain matters of opinion' created prior to the passage and implementation of the Health Care Ban" (quoting *Doe v. Nebraska*, 788 F. Supp. 2d 975, 986 (D. Neb. 2011)). No conversations about these "more substantive 'privilege' objections" have taken place between the parties.

While the Legislators complied with the Court's order by filing a detailed, thirty-nine-page privilege log, Plaintiffs sat on their hands, doing nothing for nearly two months. But Plaintiffs now claim that they should be able to sidestep the Court's meet-and-confer process despite the prior acknowledgement of a need for further "specificity demonstrating the application of any privilege to a certain document." ECF No. 85, at 7 n.9. The Legislators provided exactly what

2

Plaintiffs asked for, and what the Court required.  Plaintiffs were thus obligated to go through the meet-and-confer process necessary to adjudicate fully the application of document-specific privileges.  The Local Rules required that Plaintiffs do this before filing their Motion.  But they refused.  The Court should not allow Plaintiffs to make a forced decision on complex, privilege-related issues in the untimely,[1] preemptive manner sought by Plaintiffs, and without the benefit of a full record that includes documentation on the parties' pre-Motion meet-and-confer process.  To do otherwise would be (as Plaintiffs put it) a "purely academic" exercise.

The Court should summarily deny the Motion.

Respectfully submitted,

Anton L. Janik, Jr. (Ark. Bar No. 2007271)
Graham Talley (Ark. Bar No. 2015159)
**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, PLLC**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone:  501-688-8800
Fax:  501-688-8807
ajanik@mwlaw.com
gtalley@mwlaw.com

---

[1] Plaintiffs recognize in a footnote to the reply brief that they did indeed file their Motion after the expiration of the Court's scheduling deadline.  *See* ECF No. 129, at 4 n.4.

3