# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

DYLAN BRANDT, *et al.*,

                    PLAINTIFFS,

v.                No. 4:21-CV-00450-JM

LESLIE RUTLEDGE, *et al.*,              DEFENDANTS.

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION OF SEPARATE DEFENDANT DR. RHYS L. BRANMAN**

Plaintiffs mischaracterize and conflate the nature of discovery discussions that have transpired between the parties. Plaintiffs go so far as to assert that Defendants have made "baseless" arguments, have engaged in "obstruction," and are engaged in "delay tactics." (Doc. 135, pp. 2, 6, 9). These insinuations are false.

Discovery has closed. Pursuant to this Court's Amended Final Scheduling Order, motions are due in 16 days. (Doc. 99). This dispute arose when Plaintiffs issued an eleventh-hour Notice of Deposition to Dr. Branman in the closing days of the discovery period. At that point, the parties were preparing to take five other depositions (four of which were expert witnesses) prior to the close of discovery. In language that was originally proposed by Plaintiffs themselves, the Court's Order advised that the Court would not move the discovery deadline simply because a party did not have time to depose a witness. Therefore, when Plaintiffs realized that they had waited so long that they did not have time to depose Dr. Branman, they tried to strong-arm Defendants into complying with their eleventh-hour discovery attempt. This Court should issue an Order quashing the Notice of Deposition of Dr. Branman, which is nothing more than an end-run around this Court's scheduling order.

First and foremost, Plaintiffs incorrectly characterize Defendants as having "refused" to engage in discussions about Dr. Branman's availability, or that Defendants otherwise failed to meet and confer. These characterizations are demonstrably false. (Doc. 135-2). Plaintiffs inquired with Defendants 13 days before the close of discovery as to whether Dr. Branman would be available for a deposition on Monday, May 23 or Tuesday, May 24. (Doc. 135-2, p. 3).[1] Instead of giving Defendants adequate time to communicate with Dr. Branman—and without so much as picking up the phone to discuss the matter with Defendants—Plaintiffs then issued a Notice of Deposition. (Doc. 135-2, p. 3). Defendants responded to Plaintiffs that Dr. Branman was unavailable the week of May 23. Defendants accordingly requested that Plaintiffs withdraw their Notice. Plaintiffs refused, leaving Defendants no other choice but to file their Motion to Quash and for a Protective Order. (Doc. 135-2, p. 2). Plaintiffs claim that Defendants did not provide the reasons for Dr. Branman's unavailability prior to filing this Motion, yet that is precisely because Plaintiffs went ahead and issued the Notice without conferring in good faith and then refused to withdraw it. Plaintiffs' claim that Defendants are engaged in obstructing discovery or delay tactics falsely suggests that Defendants have simply made up Dr. Branman's unavailability or were otherwise untruthful concerning the fact that his schedule is routinely booked months in advance.

Plaintiffs also mischaracterize Medical Board Director Amy Embry's deposition, suggesting that Ms. Embry refused to answer questions during her deposition. This characterization suggests that Defendants have refused to comply with discovery as it relates to

---

[1] It should be noted that the 13-day inquiry, and the Notice of Deposition issued just days before the close of discovery, do not provide the parties ample time to resolve discovery disputes, which is another requirement of this Court's Final Scheduling Order. (Doc. 99, ¶ 3).

their 30(b)(6) witness, an issue Defendants were made aware of for the first time in Plaintiffs' Response to the Motion for Protective Order. To the extent Plaintiffs took issue with this testimony, or with whether it complied with the 30(b)(6) Notice, they were required to confer with Defendants in good faith about the testimony they felt did not comply. They failed to do so. *See* Fed. R. Civ. P. 26(c)(1). As a result, if Plaintiffs argue that the Notice of Deposition to Dr. Branman is necessary, that request should be categorically denied on that basis alone due to Plaintiffs' failure to meet and confer on this issue.

Further, at no point did Ms. Embry refuse to answer questions. The one example Plaintiffs present is that Ms. Embry answered, "Not to my knowledge" when asked if the Board recognized that gender-affirming hormones could be a help to some adolescents. (Doc. 135, p. 3). This can hardly be labeled as a refusal or inability to answer questions. Rather, Plaintiffs' issue with the testimony is that Ms. Embry did not testify with the answers that Plaintiffs wanted to hear. What Ms. Embry's deposition does reveal is that neither Dr. Branman in his capacity as a Board member, nor any Board member, have taken any position on the SAFE Act, nor has the Board received any complaint regarding the Act. (Doc. 135-1, pp. 227-29).

It is unclear why Plaintiffs feel it is now necessary to depose Dr. Branman concerning his "views and actions," when Ms. Embry concisely answered that the Board has not taken up any issue regarding the SAFE Act, nor has the Board taken any official position on the Act. Plaintiffs have their answers as to the Board's views and actions regarding the SAFE Act; they simply do not like the answers. Therefore, Plaintiffs' desire to depose Dr. Branman as to the views or actions of each Board member is nonsensical, repetitive, and an attempt to annoy and harass. Again, Plaintiff should have known from the outset of this case whether any inquiry into the "views and actions" of the Board members would be necessary. The argument that Plaintiffs did not know

they needed to inquire into this until Ms. Embry's deposition is questionable at best – particularly in light of the fact that Plaintiffs named Dr. Branman as a Defendant when they filed their complaint.

Plaintiffs acknowledge that this Court's inquiry into the reasonableness of the Notice of Deposition is fact-specific. (Doc. 135, p. 5).  However, Plaintiffs gloss over very important facts that must be addressed by this Court in resolving this dispute.  The other physicians in this case who have been deposed had over a month of notice prior to their depositions.  Like them, Dr. Branman needs more than just a few days' notice before being deposed.  But with the close of discovery, and with dispositive motions due in 16 days, conducting his deposition is neither feasible nor just.

Dr. Branman's Declaration reveals that he maintains a private medical practice in addition to his duties as a member of the Arkansas Medical Board. (Doc. 135-1, ¶ 2).  Dr. Branman attests that he schedules surgeries for his patients months in advance. (Doc. 135-1, ¶ 2).  If Plaintiffs had done their due diligence and inquired sooner, they would have been aware of these scheduling issues.  Plaintiffs' Notice of Deposition was unreasonable given the facts and circumstances surrounding this witness.  Further, during the final two weeks of discovery, Defendants were scrambling to prepare for the depositions of Dr. Janet Cathey on May 16, Dr. Jack Turban on May 19, Dr. Dan Karasic on May 20, Dr. Paul Hruz on May 25, and Dr. Stephen Levine on May 26—the last day of discovery.

Plaintiffs' solution for waiting until the eleventh hour—when Dr. Branman is unavailable due to scheduled medical procedures of his patients in addition to his own—is to depose Dr. Branman in the evenings or on weekends.  This highlights the unreasonableness of the Notice. Discovery sought within a reasonable timeframe would not force the parties to schedule it during

nights and weekends. Plaintiffs claim that they are willing to limit the deposition time to three hours—an offer which was not made until after Defendant were forced to file this Motion. It is unclear how a witness so necessary can be deposed in such a short time frame, as virtually every deponent in this case so far has sat for almost the full seven hours.

For the reasons set forth in Defendants' Motion and this Reply, this Court should issue a protective order denying Plaintiffs' last-minute attempt to depose Dr. Branman and quash the Notice of Deposition to Dr. Branman. Forcing Defendants to continue to engage in discovery past the deadline, mere days before the dispositive motions deadline, hinders their ability to defend their case. Defendants respectfully request that this Court enter an Order accordingly.

Respectfully Submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Dylan L. Jacobs
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2700
Email: dylan.jacobs@arkansasag.gov

Michael A. Cantrell
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2401
Email: michael.cantrell@arkansasag.gov

Amanda D. Land (2012135)
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2029
Fax: (501) 682-8118
amanda.land@arkansasag.gov
*Attorneys for Defendants*