IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT ET AL.**             **PLAINTIFFS**

**vs.**           **NO. 4:21-CV-00450-JM**

**LESLIE RUTLEDGE ET AL.**           **DEFENDANTS**

**NOTICE**

Representative Mary Bentley, Senator Alan Clark, Representative Robin Lundstrum, Representative Marcus Richmond, and Representative Jim Wooten (collectively, the "Legislators") respectfully submit this Notice in response to the Court's order of June 6, 2022, which directed the Legislators to file a substantive response to Plaintiffs' Motion to Compel (the "Motion"). *See* ECF No. 147, at 1.[1] The Legislators previously filed a substantive response[2] within the fourteen days required by the Local Rules. *See* ECF No. 143. For the reasons set forth in the substantive response, the Motion should be denied in its entirety.

Denial of the Motion is especially warranted now in light of the Court's ruling that Plaintiffs *may not* depose Rep. Lundstrum regarding any of her legislative activity. *See* ECF No. 147, at 1 (ordering the Representative sit for deposition regarding only her "non-legislative activity"). The Court's ruling here was correct—legislative privilege shields Rep. Lundstrum from compelled testimony concerning her legislative acts. The same privilege protects the documents

---

[1] In the order, the Court directed "Defendants" to file the substantive response. The pending Motion to Compel, however, does not seek discovery from Defendants, but rather the five, non-party Legislators. Counsel for the Legislators has conferred with Defendants' attorneys, who agree that it is the Legislators who must act in response to the June 9, 2022 order.

[2] The Legislators incorporate this substantive response by reference. *See* Fed. R. Civ. P. 10(c) (permitting incorporation by reference).

Plaintiffs seek in the Motion, for three reasons the Legislators wish to highlight following the Court's ruling as to Rep. Lundstrum's deposition.

*First*, Plaintiffs ask the Court in this case to recognize no legislative privilege whatsoever—they seek each and every document listed on the Legislators' privilege log, without regard to the nature of, or parties to, the communications. This is inconsistent with virtually all of the case law on legislative privilege, which (regardless of whether an absolute or qualified privilege is ultimately applied) endorses the use of a more nuanced approach. *See, e.g.*, *Lee v. Virginia State Bd. of Elections*, No. 3:15CV357 (HEH-RCY), 2015 WL 9461505, at *7 (E.D. Va. Dec. 23, 2015) (evaluating the privilege as applied to different types of documents).

*Second*, while Plaintiffs repeatedly suggest that the documents appropriately withheld by the Legislators are of paramount importance to the prosecution of their claims, they wholly ignore that the Legislators have already produced 6,381 pages of documents in response to the subpoenas. *See* ECF No. 119, at 1-2. Privilege does not protect these documents, so the Legislators produced them. But the withheld documents listed on the privilege log concern matters of "legislative activity" and should thus receive the same protection afforded to Rep. Lundstrum by the Court's June 9, 2022 order. ECF No. 147, at 1.

*Third*, Plaintiffs incorrectly frame the documents at issue in the Motion as "purely factual," "post-dating" the passage of the legislation, or "communications with third parties." Plaintiffs do this deliberately, ignoring critical distinctions between the different types of documents they seek. The communications at issue include, among other things, (1) direct legislator-to-legislator communications, (2) preliminary and draft legislation, (3) strategy discussions, and (4) communications between the Legislators and employees of the Bureau of Legislative Research, a non-partisan group tasked with assisting members of the General Assembly in performing their

legislative duties. Plaintiffs decline to address these categories of documents in their briefing in hopes of obtaining a sweeping ruling from this Court that could permanently strip our elected officials from engaging in the candid exchange of ideas and information necessary for the General Assembly to do its job. For this important reason, leadership in both chambers filed an *amicus* brief in support of the Legislators' position. *See generally* ECF No. 128 (*amicus* brief filed by President Pro Tempore of the Senate, Jimmy Hickey, Jr., on behalf of the Arkansas Senate, and Speaker of the House of Representatives, Matthew J. Shepherd, on behalf of the Arkansas House of Representatives).

The Court should recognize these important considerations and afford the Legislators protection for documents related to their "legislative activities," just as it did for Rep. Lundstrum. To achieve this result, the Motion must be denied.

Respectfully submitted,

Anton L. Janik, Jr. (Ark. Bar No. 2007271)
Graham Talley (Ark. Bar No. 2015159)
**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, PLLC**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: 501-688-8800
Fax: 501-688-8807
ajanik@mwlaw.com
gtalley@mwlaw.com