# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DYLAN BRANDT**, *et al.*,                                                                             **PLAINTIFFS**,

v.                                    No. 4:21-CV-00450-JM

**LESLIE RUTLEDGE**, *et al.*,                                                                           **DEFENDANTS**.

### DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EVIDENTIARY DEPOSITION DESIGNATIONS AND INCORPORATED BRIEF IN SUPPORT

Defendants, through counsel, for their Motion to Exclude Plaintiffs' Evidentiary Deposition Designations and Incorporated Brief in Support, hereby state as follows:

1. This is an action challenging Act 626 of 2021 (the "SAFE Act"). The case is set for trial commencing October 17, 2022. (*See* Amended Final Scheduling Order, Doc. 99).

2. On June 24, 2022, Plaintiffs served Defendants with deposition designations for trial, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

3. In the document served upon Defendants, Plaintiffs designated portions of the testimony of one witness, Amy Embry, the Federal Rule of Civil Procedure 30(b)(6) designee of the Arkansas State Medical Board.

4. Pursuant to the Court's Amended Final Scheduling Order, on July 1, 2022, Defendants made counter-designations to additional portions of Amy Embry's deposition testimony that should be read and admitted into evidence at trial if the Court permits her to testify via deposition. Defendants' counter-designations were made subject to and without waiving any objections. A true and correct copy of Defendants' counter-designations is attached hereto as Exhibit "B" and incorporated herein by reference.

5. Plaintiffs have not and cannot prove that this witness is unavailable to testify at trial, so their request to use deposition transcripts as evidence at trial is not permissible under Fed. R. Civ. P. 32(a)(4). The appropriate means of eliciting Ms. Embry's testimony is for her to appear and testify live at trial, under oath, and subject to cross examination.

6. To the extent this Court finds that the use of Ms. Embry's deposition testimony at trial is proper, it should not permit any testimony elicited on her interpretation of any law. Ms. Embry is not an attorney, and therefore her testimony on the meaning or effect of any law is irrelevant under Federal Rules of Evidence (the "Rules") 402 and 403, and improper lay opinion and legal conclusion under Rules 701 and 702. Further, the use of any deposition testimony that would call for speculation is not admissible at trial pursuant to Rule 602, including how the Board would rule or act on any particular matter, and therefore the Court should not permit the use of such deposition testimony.

7. Only relevant evidence is admissible under the Federal Rules of Evidence. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401(a)–(b). A number of Plaintiffs' deposition designations point to testimony by Ms. Embry that is simply irrelevant to this case. For example, questions about a state agency's positions on the use of the drug Ivermectin in the treatment of COVID-19 are wholly irrelevant to the SAFE Act, as are questions about the Board's actions with respect to issues concerning gastric bypass surgery, or opioids. The foregoing examples are not exhaustive of the irrelevant topics elicited during Ms. Embry's deposition, and Defendants have further highlighted the specific portions of the deposition designations that are irrelevant below. Accordingly, Defendants object to the use of any irrelevant deposition testimony.

8. Rule 701 of the Federal Rules of Evidence bars fact witnesses from offering opinion testimony unless it is: (a) rationally based on the witness's perception; (b) helpful to a clear understanding of their testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701(a)–(c). A party may not cloak impermissible legal conclusions in lay opinion testimony. *Hogan v. American Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) (noting that the "helpfulness" requirement in Rule 701 "assures against admitting opinions which would in essence tell the factfinder what result to reach"). Where a party proffers lay witness testimony that necessarily encompasses a legal conclusion, a trial court may conclude that a response would not be helpful to the trier of fact. *U.S. v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("The only restriction placed upon counsel was that he could not, in effect, ask the witness to draw a legal conclusion from his own testimony"). To the extent Plaintiffs seek to draw a legal conclusion from the testimony of Ms. Embry, it is improper and inadmissible evidence. Further, because Ms. Embry is not an attorney, it renders any of her lay opinions on the meaning of a law irrelevant under Rules 401 and 402.

9. Rule 602 requires that a witness have personal knowledge of a matter in order to provide evidentiary testimony. Fed. R. Evid. 602. Defendants object to the use of any deposition testimony that seeks to elicit speculative testimony on how the Board as a whole, or an individual Board member, may act in the future or in a hypothetical scenario. Ms. Embry does not have personal knowledge of any specific Board member's future thought processes, or how a specific Board member may act if presented with an unknown variable of facts.

10. Defendants respectfully move this Court to exclude certain portions of Plaintiffs' deposition designations. In the chart below, Defendants set forth their objections to the use of

certain portions of Amy Embry's deposition testimony. Defendants have provided the specific objection and legal basis supporting exclusion. In the event the designations are permitted and presented at trial, Defendants ask that the testimony be limited pursuant to the following objections:

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| 42 | 7 | 44 | 9 | No objection. |
| 45 | 7 | 50 | 16 | Object to lines 45:7–50:16 as to relevance under Rules 401 and 402.<br><br>Object to lines 46:1–47:4, 48:10–50:16 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 51 | 14 | 54 | 23 | Object to lines 51:14–54:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 51:24–52:24, 53:19–54:14 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 58 | 19 | 66 | 9 | Object to lines 58:19–66:9 as to relevance under Rules 401 and 402.<br><br>Object to lines 58:22–59:3, 61:4–62:3, 62:13–63:19, 64:24–66:9 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 71 | 6 | 83 | 23 | Object to lines 71:6–83:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 71:6–72:12, 77:9–23, 81:16–82:19, 83:3–83:23 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 92 | 14 | 102 | 14 | Object to lines 92:14–102:14 as to relevance under Rules 401 and 402.<br><br>Object to lines 92:14–102:14 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 107 | 2 | 116 | 24 | Object to lines 107:2–116:24 as to relevance under Rules 401 and 402.<br>(continued) |

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| | | | | Object to lines 107:2–113:22, 115:16–22, 116:12–21 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702.<br><br>Object to lines 109:7–16, 113:15–22. 115:16–22, 116:12–21 due to calling for speculation under Rule 602. |
| 119 | 2 | 122 | 24 | Object to lines 119:2 – 122:24 as to relevance under Rules 401 and 402. |
| 125 | 5 | 148 | 22 | Object to lines 125:5 – 148:22 as to relevance under Rules 401 and 402.<br><br>Object to lines 126:8–127:4, 127:9–130:3, 131:12–22, 132:13–135:20, 136:6–14, 137:11–138:8, 142:25–143:20, 147:3–148:12 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 149 | 9 | 154 | 25 | Object to lines 149:9–154:25 as to relevance under Rules 401 and 402.<br><br>Object to lines 149:9–18, 151:6–152:16, 154:7–24 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 159 | 8 | 164 | 18 | Object to lines 159:8–164:18 as to relevance under Rules 401 and 402.<br><br>Object to lines 160:7–19, 161:23–163:8 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 170 | 2 | 191 | 11 | Object to lines 170:2–191:11 as to relevance under Rules 401 and 402.<br><br>Object to lines 170:2–16, 170:20–173:15, 174:2–175:12, 176:16–181:8, 181:19–190:22 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 197 | 6 | 217 | 6 | Object to lines 197:6–217:6 as to relevance under Rules 401 and 402.<br><br>Object to lines 197:11–200:3, 200:25–217:6 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 221 | 3 | 221 | 12 | Object to lines 221:3–12 as to relevance under Rules 401 and 402. |

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| 223 | 12 | 228 | 8 | Object to lines 223:12–228:8 as to relevance under Rules 401 and 402.<br><br>Object to lines 223:12–228:8 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 229 | 8 | 233 | 3 | Object to lines 229:8–233:3 as to relevance under Rules 401 and 402.<br><br>Object to lines 230:18–231:12, 231:20–233:3 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 233 | 12 | 234 | 15 | Object to lines 233:12–234:15 as to relevance under Rules 401 and 402.<br><br>Object to lines 233:12–234:15 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702. |
| 235 | 18 | 245 | 15 | Object to lines 235:18–245:15 as to relevance under Rules 401 and 402.<br><br>Object to lines 235:18–245:15 as to improper lay opinion and legal conclusion testimony under Rules 701 and 702.<br><br>Object to lines 236:12–239:4 due to calling for speculation under Rule 602. |

WHEREFORE, Defendants respectfully request that this Court exclude Amy Embry's testimony via deposition, or, in the alternative, if it determines her testimony via deposition is proper, issue an order excluding the use of any testimony on her interpretation on matters of law or how the Board would rule or act on a particular matter.

Respectfully Submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Dylan L. Jacobs (2016167)
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2700
Email: dylan.jacobs@arkansasag.gov

Michael Cantrell (2012287)
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2401
Email: michael.cantrell@arkansasag.gov

Amanda D. Land (2012135)
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2029
Fax: (501) 682-8118
amanda.land@arkansasag.gov

*Attorneys for Defendants*