IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT**, *et al.*,   **PLAINTIFFS**,

v.   No. 4:21-CV-00450-JM

**LESLIE RUTLEDGE**, *et al.*,   **DEFENDANTS.**

**DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS'
EVIDENTIARY DEPOSITION DESIGNATIONS OF DR. RHYS BRANMAN AND
INCORPORATED BRIEF IN SUPPORT**

Defendants, through counsel, for their Motion to Exclude Plaintiffs' Evidentiary Deposition Designations of Dr. Rhys Branman and Incorporated Brief in Support, hereby state as follows:

1. This is an action challenging Act 626 of 2021 (the "SAFE Act"). The case is set for trial commencing October 17, 2022. (*See* Amended Final Scheduling Order, Doc. 99).

2. Discovery in this matter closed on May 26, 2022. Pursuant to this Court's order, Plaintiffs conducted the deposition of Dr. Rhys Branman after the close of discovery.

3. Pursuant to the parties' agreement, on July 14, 2022, Plaintiffs served Defendants with deposition designations for trial, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

4. In the document served upon Defendants, Plaintiffs designated portions of the testimony Dr. Branman, who has been sued in his official capacity as a member of the Arkansas State Medical Board.

5. Pursuant to the parties' agreement, on July 21, 2022, Defendants made counter-designations to additional portions of Dr. Branman's deposition testimony that should be read and admitted into evidence at trial if the Court permits him to testify via deposition. Defendants'

counter-designations were made subject to and without waiving any objections. A true and correct copy of Defendants' counter-designations is attached hereto as Exhibit "B" and incorporated herein by reference.

6.  The parties also mutually agreed Defendants would have two weeks after receipt of Plaintiffs' deposition designations to submit their objections. Defendants now submit their objections to Plaintiffs' deposition designations of Dr. Branman.

7.  First and foremost, Dr. Branman's testimony is irrelevant and should be excluded from trial. Fed. R. Evid. 402.

8.  To the extent this Court finds that the use of Dr. Branman's deposition testimony at trial is proper, it should not permit any testimony elicited on his interpretation of any law. Dr. Branman is not an attorney, and therefore his testimony on the meaning or effect of any law is irrelevant under Federal Rules of Evidence (the "Rules") 402 and 403, and improper lay opinion and legal conclusion under Rules 701 and 702. Further, the use of any deposition testimony that would call for speculation is not admissible at trial pursuant to Rule 602, including how the Board would rule or act on any particular matter, and therefore the Court should not permit the use of such deposition testimony.

9.  Only relevant evidence is admissible under the Federal Rules of Evidence. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401(a)–(b). Similar to Plaintiffs' deposition designations previously made for Defendants' 30(b)(6) witness Amy Embry, Plaintiffs asked multiple questions of Dr. Branman that are irrelevant. Those questions included inquiries into the drug Ivermectin, gastric bypass surgery, and opioids. To the extent this Court determines that it is appropriate for Dr. Branman to speculate on

legal and factual issues in this case, it should limit that speculation to topics that are germane to the SAFE Act – not how the Board might rule in matters involving COVID-19, gastric bypass surgeries, or any other irrelevant topic Plaintiffs suggest.

10. Rule 701 of the Federal Rules of Evidence bars fact witnesses from offering opinion testimony unless it is: (a) rationally based on the witness's perception; (b) helpful to a clear understanding of their testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701(a)–(c). A party may not cloak impermissible legal conclusions in lay opinion testimony. *Hogan v. American Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) (noting that the "helpfulness" requirement in Rule 701 "assures against admitting opinions which would in essence tell the factfinder what result to reach"). Where a party proffers lay witness testimony that necessarily encompasses a legal conclusion, a trial court may conclude that a response would not be helpful to the trier of fact. *U.S. v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("The only restriction placed upon counsel was that he could not, in effect, ask the witness to draw a legal conclusion from his own testimony"). To the extent Plaintiffs seek to draw a legal conclusion from the testimony of Dr. Branman, it is improper and inadmissible evidence. Further, because Dr. Branman is not an attorney, it renders any of his lay opinions on the meaning of a law irrelevant under Rules 401 and 402. Additionally, Dr. Branman has not been identified as an expert witness for purposes of this case. Any testimony that would elicit opinions requiring scientific or specialized knowledge is not appropriate for this case. Fed. R. Evid. 701 and 702.

11. Rule 602 requires that a witness have personal knowledge of a matter in order to provide evidentiary testimony. Fed. R. Evid. 602. Defendants object to the use of any deposition testimony that seeks to elicit speculative testimony on how the Board as a whole, or an individual

Board member, may act in the future or in a hypothetical scenario. Dr. Branman does not have personal knowledge of any specific Board member's future thought processes, or how a specific Board member may act if presented with an unknown variable of facts.

12. Defendants respectfully move this Court to exclude certain portions of Plaintiffs' deposition designations. In the chart below, Defendants set forth their objections to the use of certain portions of Dr. Branman's deposition testimony. Defendants have provided the specific objection and legal basis supporting exclusion. In the event the designations are permitted and presented at trial, Defendants ask that the testimony be limited pursuant to the following objections:

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| 24 | 16 | 25 | 1 | Object to lines 24:16–25:1 as to relevance under Rules 401 and 402.<br><br>Object to lines 24:15–25:1 due to calling for speculation under Rule 602.<br><br>Object to lines 24:15–25:1 due to designating incomplete testimony under Rule 106. |
| 28 | 11 | 29 | 14 | Object to lines 28:11–29:14 as to relevance under Rules 401 and 402.<br><br>Object to lines 28:11–29:14 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 28:11–29:14 due to designating incomplete testimony under Rule 106. |
| 30 | 5 | 31 | 12 | Object to lines 30:5–31:12 as to relevance under Rules 401 and 402.<br><br>Object to lines 30:5–31:12 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 30:5–31:12 due to calling for speculation under Rule 602. |

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
|  |  |  |  | Object to lines 30:5–31:12 due to designating incomplete testimony under Rule 106. |
| 31 | 24 | 32 | 3 | Object to lines 31:24–32:3 as to relevance under Rules 401 and 402.<br><br>Object to lines 31:24–32:3 due to designating incomplete testimony under Rule 106. |
| 33 | 18 | 33 | 23 | Object to lines 33:18–33:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 33:18–33:23 due to designating incomplete testimony under Rule 106. |
| 41 | 14 | 41 | 22 | Object to lines 41:14–41:22 as to relevance under Rules 401 and 402.<br><br>Object to lines 41:14–41:22 as to improper opinion testimony under Rules 701 and 702. |
| 42 | 7 | 43 | 9 | Object to lines 42:7–43:9 as to relevance under Rules 401 and 402.<br><br>Object to lines 42:7–43:9 due to designating incomplete testimony under Rule 106. |
| 47 | 11 | 47 | 21 | Object to lines 47:11–47:21 as to relevance under Rules 401 and 402.<br><br>Object to lines 47:11–47:21 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 47:11–47:21 due to designating incomplete testimony under Rule 106.<br><br>Object to lines 47:11–47:21 due to calling for speculation under Rule 602. |
| 65 | 13 | 65 | 20 | Object to lines 65:13–65:20 as to relevance under Rules 401 and 402. |

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| | | | | Object to lines 65:13–65:20 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 65:13–65:20 due to designating incomplete testimony under Rule 106. |
| 67 | 10 | 68 | 9 | Object to lines 61:10–68:9 as to relevance under Rules 401 and 402.<br><br>Object to lines 68:1–68:9 due to calling for speculation under Rule 602. |
| 81 | 21 | 82 | 21 | Object to lines 81:21–82:21 as to relevance under Rules 401 and 402. |
| 85 | 5 | 85 | 23 | Object to lines 85:5–85:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 85:5–85:23 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 85:5–85:23 due to designating incomplete testimony under Rule 106. |
| 86 | 3 | 87 | 8 | Object to lines 86:3–87:8 as to relevance under Rules 401 and 402.<br><br>Object to lines 86:3–87:8 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 86:3–87:8 due to designating incomplete testimony under Rule 106. |
| 87 | 24 | 88 | 12 | Object to lines 87:24–88:12 as to relevance under Rules 401 and 402.<br><br>Object to lines 87:24–88:12 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 87:24–88:12 due to designating incomplete testimony under Rule 106.<br><br>Object to lines 87:24–88:6 due to calling for speculation under Rule 602. |

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| 88 | 18 | 89 | 6 | Object to lines 88:18–89:6 as to relevance under Rules 401 and 402.<br><br>Object to lines 88:18–89:6 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 88:18–89:6 due to designating incomplete testimony under Rule 106. |
| 91 | 2 | 91 | 10 | Object to lines 91:2–91:10 as to relevance under Rules 401 and 402.<br><br>Object to lines 91:2–91:10 as to improper opinion testimony under Rules 701 and 702. |
| 103 | 7 | 103 | 10 | Object to lines 103:7–103:10 as to relevance under Rules 401 and 402. |
| 111 | 16 | 111 | 19 | Object to lines 111:16–111:19 as to relevance under Rules 401 and 402.<br><br>Object to lines 111:16–111:19 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 111:16–111:19 due to designating incomplete testimony under Rule 106. |
| 113 | 16 | 114 | 9 | Object to lines 113:16–114:9 as to relevance under Rules 401 and 402.<br><br>Object to lines 113:16–114:9 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 113:16–114:9 due to designating incomplete testimony under Rule 106. |
| 119 | 19 | 120 | 23 | Object to lines 119:19–120:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 119:19–120:23 as to improper opinion testimony under Rules 701 and 702. |

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| | | | | Object to lines 119:19–120:23 due to calling for speculation under Rule 602.<br><br>Object to lines 119:19–120:23 due to designating incomplete testimony under Rule 106. |
| 124 | 16 | 124 | 23 | Object to lines 124:16–124:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 124:16–124:13 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 124:16–124:23 due to designating incomplete testimony under Rule 106. |
| 127 | 2 | 130 | 3 | Object to lines 127:2–130:3 as to relevance under Rules 401 and 402.<br><br>Object to lines 127:2–130:3 as to improper opinion testimony under Rules 701 and 702. |
| 132 | 6 | 132 | 23 | Object to lines 132:6–132:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 132:6–132:23 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 132:6–132:23 due to designating incomplete testimony under Rule 106. |
| 135 | 5 | 135 | 23 | Object to lines 135:5–135:23 as to relevance under Rules 401 and 402.<br><br>Object to lines 135:5–135:23 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 135:5–135:23 due to designating incomplete testimony under Rule 106. |
| 137 | 9 | 137 | 17 | Object to lines 137:9–137:17 as to relevance under Rules 401 and 402.<br><br>Object to lines 137:9–137:17 as to improper opinion testimony under Rules 701 and 702. |

| Page Start | Line Start | Page End | Line End | Objection |
|---|---|---|---|---|
| | | | | Object to lines 137:9–137:17 due to designating incomplete testimony under Rule 106. |
| 138 | 18 | 139 | 8 | Object to lines 138:18–139:8 as to relevance under Rules 401 and 402.<br><br>Object to lines 138:18–139:8 as to improper opinion testimony under Rules 701 and 702. |
| 149 | 20 | 149 | 25[1] | Object to lines 149:20–149:25 as to relevance under Rules 401 and 402.<br><br>Object to lines 149:20–149:25 as to improper opinion testimony under Rules 701 and 702.<br><br>Object to lines 149:20–149:25 due to designating incomplete testimony under Rule 106. |

WHEREFORE, Defendants respectfully request that this Court exclude Dr. Branman's testimony because it is irrelevant. If the Court determines his testimony is somehow relevant, this Court should issue an order excluding the use of any testimony on his interpretation on matters of law, his speculation into vague issues about other medical treatments, or how the Board would rule or act on a particular matter.

---

[1] Plaintiffs originally designated lines 149:20 through 149:4, which may be a scrivener's error. Out of an abundance of caution, Defendants have asserted their objection to apply through line 25 of page 149.

Respectfully Submitted,

LESLIE RUTLEDGE
Arkansas Attorney General

Dylan L. Jacobs (2016167)
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2700
Email: dylan.jacobs@arkansasag.gov

Michael Cantrell (2012287)
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2401
Email: michael.cantrell@arkansasag.gov

Amanda D. Land (2012135)
Assistant Attorney General
ARKANSAS ATTORNEY GENERAL'S OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2029
Fax: (501) 682-8118
amanda.land@arkansasag.gov

*Attorneys for Defendants*