IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DYLAN BRANDT, ET AL                                                                PLAINTIFFS

V.                                              4:21CV00450 JM

LESLIE RUTLEDGE, ET AL                                                             DEFENDANTS

## ORDER

Pending is Plaintiffs' second motion to compel the production of documents from Representative Mary Bentley, Senator Alan Clark, Representative Robin Lundstrum, Representative Marcus Richmond, and Representative Jim Wooten (collectively, the "Legislators"). The Legislators filed responses, an addendum, and a notice objecting to the motion. Defendants filed a response and Plaintiffs have replied.

The Court previously ruled that legislative intent behind the passing of the SAFE Act is relevant in this case and granted Plaintiffs' first motion to compel the production of documents from the Legislators. (ECF No. 98). The Court ordered the Legislators to produce a privilege log. As directed, the Legislators provided Plaintiffs a privilege log identifying 584 documents that the Legislators contend are protected from production by the legislative or deliberative process privilege. In the current motion to compel, Plaintiffs argue that the Legislators are improperly applying the legislative or deliberative process privilege to 227 of the documents listed in the log. Plaintiffs state that the privilege does not apply to these 227 documents because they were made after the Health Care Ban was passed, contain purely factual information, or include correspondence with third parties. Plaintiffs concede that the remaining 357 documents listed on the privilege log may be subject to the privilege. They argue, however, that the Court should not apply the privilege to those documents after considering the balancing test used by many courts.

The Legislators argue that the Court should apply an absolute legislative privilege to all of the documents listed in the privilege log, and if the Court is inclined to apply a qualified privilege, should review the documents in camera.

The Court finds that "any legislative privilege regarding the production of documents available to state legislators is a qualified 'deliberative process privilege.'" *Cave v. Thurston*, 2021 WL 4936185 (E.D. Ark. 2021) (citations omitted). "[S]tate legislative privilege is a qualified one when . . . a plaintiff proceeds against the State and seeks evidence to vindicate important public rights guaranteed by federal law." *Bethune-Hill v. Virginia State Bd. of Elections*, 114 F. Supp. 3d 323, 336 (E.D. Va. 2015) (citing *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 304 (D. Md. 1992) (Murnaghan & Motz, JJ., concurring);  ("The doctrine of legislative immunity ... insulates legislators from liability for their official acts and shields them from judicial scrutiny into their deliberative processes[, but] ... does not necessarily prohibit judicial inquiry into legislative motive where the challenged legislative action is alleged to have violated an overriding, free-standing public policy.") "While a few . . . cases have held that state and local government legislators are immune from providing testimony in most civil cases, the evidentiary legislative privilege has not been extended to all document production." *Doe v. Nebraska*, 788 F. Supp. 2d 975, 984 (D. Neb. 2011). "[I]n most cases the only evidentiary legislative privilege regarding the production of documents available to state legislators (and other local government officials) is a very narrow and qualified one, sometimes referred to as a 'deliberative process privilege.'" *Id.* (citing *In re Grand Jury*, 821 F.2d 946, 958–59 (3d Cir. 1987); *Kay v. City of Rancho Palos Verdes*, 2003 WL 25294710 at *8–9 (C.D. Cal. 2003); *Rodriguez v. Pataki*, 280 F.Supp.2d 89, 95-6 (S.D. N.Y. 2003); *Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628, 637–639 (S.D. Cal. 2001); *Manzi v.*

*DiCarlo*, 982 F.Supp. 125 (E.D. N.Y. 1997); *Fla. Assn. of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Servs.*, 164 F.R.D. 257, 266–68 (N.D. Fla. 1995); *Corporacion Insular de Seguros v. Garcia*, 709 F.Supp. 288 (D. Puerto Rico 1989)).

"The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Qamhiyah v. Iowa State Univ. of Sci. & Tech.*, 245 F.R.D. 393, 396 (S.D. Iowa 2007) (quoting *Missouri ex rel. Shorr v. U.S. Army Corps of Eng'rs*, 147 F.3d 708, 710 (8th Cir. 1998)). The deliberate process privilege protects documents which are pre-decisional, deliberate and reflect the subjective intent of the legislator. *Doe*, 788 F.Supp. 2d at 985. Thus, documents containing "factually based information used in the decision-making process or disseminated to legislators or committees, such as committee reports and minutes of meetings" are not subject to the privilege. *Doe,* 788 F. Supp. 2d at 984-85. It is important to note that the party asserting the privilege has the initial burden of demonstrating that the privilege applies to the documents being withheld.

After a thorough review of the law and the pleadings, the Court finds that motion to compel is granted as to the documents listed in Appendix A to the Plaintiffs' motion to compel because they appear to be purely factual and/or dated after the passage of the SAFE Act, with the exception of GA-MEMBERS-PRIVILEGED-001921-1956. (ECF No. 122-1). Because the privilege does not apply to communications between legislators and third parties, the items listed in Appendix B to the Plaintiffs' motion to compel must be produced, with the exception of GA-MEMBERS-PRIVILEGED-002086, 2087, 2285, 2363, and 2489.[1] (ECF No. 122-2). As stated,

---

[1] Communications between the Legislators and email addresses with non-governmental extensions are not privileged because the Legislators have not proven the individual receiving or sending the communication is a legislator or privileged legislative staff. This includes but is not limited to the following extensions: yahoo.com, gmail.com, familycouncil.org, frc.org, arfb.com, tsg.bz, penzogroup.com, windstream.net, att.net, 1stamendmentpartnership.org,

the privilege does not apply to documents dated after passage of the SAFE Act on April 6, 2021. The Legislators must produce documents listed in Appendix C. (ECF No. 122-3). The excepted documents must be produced to the Court for in camera review.

"[E]ven if the documents requested appear to fall under the auspices of the deliberative process privilege, protection from production is not a given." *Doe*, 788 F.Supp. 2d at 985. "Where [the privilege] exists it may be overcome by a showing that the non-governmental party's need for the information outweighs the government's interest in non-disclosure." *Qamhiyah,* 245 F.R.D. at 396. The parties agree that the following four factors should be considered when balancing the need for disclosure against the need for governmental secrecy: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Doe,* 788 F.Supp. 2d at 985 (internal quotations omitted). Plaintiffs contend that the Court should consider a fifth factor, public policy considerations.

The documents listed in Exhibit 1 to Plaintiffs' motion to compel must be produced if they are dated after April 6, 2021, exchanged with third parties, or purely factual because the privilege does not apply to those documents. (ECF No. 12-4). The remaining documents in Exhibit 1 must be produced for in camera review. The Court will apply the balancing test to the documents after review.

Plaintiffs' motion to compel the production of documents from the Legislators (ECF No. 122) is GRANTED in part and DENIED in part.

---

anamericanspeaks.com. thefirstc.com, bentonvillek12.org, cox.net, sbcglobal.net, uic.edu, sudenlink.net, hotmail.com, familypolicyalliance.com

IT IS SO ORDERED this 4th day of August 2022.

                                                                                    _____
                                                                                    James M. Moody Jr
                                                                                    United States District Judge