IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DYLAN BRANDT, ET AL**                                                      **PLAINTIFFS**

V.                               **4:21CV00450 JM**

**LESLIE RUTLEDGE, ET AL**                                          **DEFENDANTS**

## ORDER

Pending are the Plaintiffs' motions to exclude the expert testimony of Dr. Patrick W. Lappert and Dr. Mark Regnerus and Defendants' motion in limine. The motions have been fully briefed and are ripe for consideration.

1. *Daubert* motions

Rule 702 imposes on the trial judge the gatekeeping responsibility of determining that expert testimony evidence is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993). "The main purpose of Daubert exclusion is to protect juries from being swayed by dubious scientific testimony," *United States v. McDaniel*, 925 F.3d 381, 385 (8th Cir. 2019) (quoting *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011)). Under Rule 702, proposed expert testimony must satisfy three prerequisites to be admitted. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). "First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact." *Id*. (citation omitted). "Second, the proposed witness must be qualified to assist the finder of fact." *Id*. (citation omitted). "Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." *Id*. (citation omitted) (internal quotation marks omitted). When the district court sits as the finder of fact, "'[t]here is less need for the

gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.'" *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012) (alteration in original) (quoting *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir.2005)). Thus, the Court will relax Daubert 's application for this bench trial.

Dr. Regnerus is a Professor of Sociology at the University of Texas. He obtained his Ph.D. from the University of North Carolina in 2000 and became a full professor at the University of Texas in 2018. "He has published numerous articles and four books on sexual relationship behavior and decision-making since 2003. His experience in the area of transgender research primarily concerns basic methodological matters, involving design, measurement, statistical inference, interpretation of data, and publications on the research and publication norms. . .." (ECF No. 156-1 at p.3). The Court finds that Dr. Regnerus's testimony may assist the Court in its role as the fact finder. Plaintiffs will have the opportunity on cross-examination and through its own evidence to challenge any bias or limitations in his opinions. "'As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility. . ..'" *Bonner v. ISP Techs., Inc*., 259 F.3d 924, 929–30 (8th Cir. 2001) (quoting *Hose v. Chi. Nw. Transp. Co*., 70 F.3d 968, 974 (8th Cir. 1995)).

Dr. Lappert received his Bachelor of Arts in Biological Sciences at the University of California, Santa Barbara in 1979. (ECF No. 154-2). He obtained his Doctor of Medicine degree at the Uniformed Services University of the Health Sciences in 1983 at Bethesda, Maryland. Id. He has been Board Certified in Surgery and Plastic Surgery. He was a practicing plastic surgeon for several years and was a teacher at Eastern Virginia Medical School in the Division of Plastic Surgery and at the Via College of Osteopathic Medicine. *Id*. Although Dr. Lappert has not published on an issue directly related to this case, he has experience treating transgender patients

in his practice. The Court finds that based upon the relaxed application of Rule 702 and *Daubert* in a bench trial, Dr. Lappert's testimony may assist in the Court's role as fact finder in this case. Dr. Lappert's testimony will not be excluded. However, the Court will consider Dr. Lappert's qualification to testify as an expert on a question-by-question basis.

2. Motion in Limine

Defendants seek to exclude five (5) areas of evidence at trial: 1) any testimony or documents regarding religious beliefs; 2) testimony or documents regarding personal beliefs on individuals who are gay, lesbian, bisexual, or transgender; 3) testimony or documents regarding lay opinions on legal or scientific matters including speculation on matters about which the witness has no personal knowledge; 4) testimony and evidence that was not disclosed during the course of discovery; and 5) testimony that is cumulative, repetitive, unnecessary and not admissible pursuant to Rule 403.

Testimony or documents regarding religious beliefs will be allowed at trial because inquiry about religious beliefs is allowed for the purpose of showing bias. *See* Fed. R. Evid. 610 ("While the rule forecloses inquiry into the religious beliefs or opinions of a witness for the purpose of showing that his character for truthfulness is affected by their nature, an inquiry for the purpose of showing interest or bias because of them is not within the prohibition.").

The Court will allow questions, testimony, and documents regarding personal beliefs about gay, lesbian, bisexual or transgender individuals. Witnesses' beliefs about LGBT people are relevant to Plaintiffs' claim in this case. "Private biases may be outside the reach of the law, but the law cannot, directly or indirectly, give them effect." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 448, 105 S. Ct. 3249, 3259, 87 L. Ed. 2d 313 (1985) (quoting *Palmore v. Sidoti*, 466 U.S. 429, 433, 104 S.Ct. 1879, 1882, 80 L.Ed.2d 421 (1984)).

Defendants ask the Court to exclude testimony or documents regarding lay opinions on legal or scientific matters including testimony regarding speculation on matters which the witness has no personal knowledge. Defendants' general request for the Court to follow Rule 401, 402, 701, and 702 is granted. Defendants' more specific arguments about the opinions of Amy Embry and Dr. Rhys Branman will be determined on a question-by-question basis.

As a general matter, the Court does not allow parties to use testimony or evidence that was not disclosed prior to the discovery deadline. The same is true for testimony that is cumulative, repetitive, or unnecessary. However, "'[s]ince the judge must hear the evidence in ruling on the motion to exclude the evidence under Rule 403, exclusion of the evidence on grounds of prejudice in a bench trial is described as a 'useless procedure.'" *Nat'l Presto Indus., Inc. v. U.S. Merchants Fin. Grp., Inc.*, 2022 WL 1237927, at *3 (D. Minn. Apr. 27, 2022) (quoting *Roederer v. J. Garcia Carrion, S.A.*, 2010 WL 489529, at *5 (D. Minn. Feb. 4, 2010)).

As always, the Court's rulings on motions in limine are not final rulings on admissibility.

In conclusion, Plaintiffs' motions to exclude the expert testimony of Dr. Patrick W. Lappert and Dr. Mark Regnerus (ECF Nos. 153 and 155) are DENIED. Defendants' motion in limine (ECF No. 164) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 30th day of August, 2022.

James M. Moody Jr.
United States District Judge