**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - -   x
DYLAN BRANDT, et al.,                               :
                                                    :
        *Plaintiffs*,                          :
                                                    :
v.                                                  :   Case No. 4:21-CV-00450-JM
                                                    :
LESLIE RUTLEDGE, et al.,                            :
                                                    :
        *Defendants*.                         :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - -   x

**JOINT PRETRIAL ORDER**

The Parties, by and through their counsel, submit the following Joint [Proposed] Pretrial Order. It is hereby ORDERED as follows:

**I.    GENERAL STIPULATIONS**

    1.    The Parties have agreed on the order that trial will follow, as set forth below:

- Plaintiffs' case-in-chief on whether House Bill 1570, Act 626 of the 93rd General Assembly of Arkansas ("Act 626") violates the Equal Protection Clause, Due Process Clause, and First Amendment of the U.S. Constitution.

- Defendants' case-in-chief on whether Act 626 violates the Equal Protection Clause, Due Process Clause, and First Amendment of the U.S. Constitution.

- Plaintiffs do not currently anticipate a rebuttal case, but reserve the right to seek leave to present a rebuttal depending on Defendants' trial presentation.

        2.      The Parties have agreed that videotaped deposition testimony that is designated or counter-designated need not be presented to the Court, so long as neither Party raises an objection or any such objection has been overruled by the Court.

        3.      The Parties have agreed to forgo opening statements.

## II.   LEGAL AND EVIDENTIARY STIPULATIONS

### A.   Authenticity of Party-Authored Documents

Documents authored by a Party and produced by that Party in this action shall be deemed authentic under FRE 901 for the purposes of this lawsuit, absent specific indicia on the face of the document that legitimately bring into question the authenticity of the document.

### B.   Authenticity of Legislative Documents

The Parties agree that they will not dispute the authenticity of documents produced by Representative Mary Bentley, Senator Alan Clark, Representative Robin Lundstrum, Representative Marcus Richmond, and Representative Jim Wooten (collectively, "Legislators"). The Parties have also agreed that they will not contest the authenticity of transcripts and videotaped proceedings of the Arkansas Legislature's legislative hearings on Act 626.

### C.   Authenticity of Websites

The Parties agree that they will not dispute the authenticity of copies of webpages or copies of Internet Archive versions of webpages. In each case, a Party may raise reasonable objections if there are specific indicia that suggest the copy of the webpage or copy of the Internet Archive version of the webpage is inauthentic.

### D.   Exhibit and Witness Lists

Pursuant to the Court's February 28, 2022 Amended Final Scheduling Order (Dkt. 99), the Parties will submit to the Court a final exhibit list of the documents, summaries, and other exhibits that may be offered into evidence at trial on October 10, 2022. The Parties previously

exchanged their initial exhibit and witness lists. The Parties will work diligently, cooperatively, and in good faith to resolve or narrow objections to each Party's exhibit list, including by entering into stipulations that will reduce the number of exhibits that need to be entered into evidence during trial, and, to the extent practicable, grouping objections by type for the Court's convenience.

Any exhibit a party intends to introduce at trial to admit into evidence must be included on its exhibit list, including any exhibit intended to be introduced during cross-examination or rebuttal. Each Party may use any exhibit, even if it was not included on its exhibit lists, for impeachment.

E. **Demonstrative Aids**

Any demonstrative aids that either Party intends to be shown to the Court (excluding demonstratives used *only* during closing arguments), shall be provided to the other Party no later than 6:30 p.m. CT on the calendar day prior to such display. Demonstrative aids that consist only of a single excerpt from a single exhibit or a single transcript (which may be highlighted or enlarged) need not be disclosed; however, any demonstrative aids that include excerpts of exhibits or transcripts that include any other annotation or added text must be disclosed pursuant to this paragraph. Any objection to a demonstrative aid shall be made by 9 p.m. CT after the disclosure and the Parties will meet and confer at 10 p.m. CT that evening, or some other time agreeable to the Parties, to attempt to resolve any such objection.

F. **Better Copies**

More legible or better quality versions of exhibits may be offered and received in evidence in lieu of originals, subject to the right of the Party or Parties against which they are offered to inspect an original upon request.

### G. Procedures Regarding Witnesses and Exhibits

The Parties are required to disclose the expected order in which the witnesses will be called, and use good faith in identifying non-demonstrative exhibits that are intended to be used in the direct testimony of each witness. Each Party must identify to opposing counsel the identity of any live witnesses to be called at trial (and the order in which they will be called) by no later than 6:30 p.m. CT two (2) calendar days before the trial day on which that witness is expected to testify. Exceptions to such disclosures may be made for good cause (such as witness unavailability through no fault of the Party) provided that prompt notice of any such change is provided.

Any exhibits that may be used on direct examination with any live witnesses (including demonstrative exhibits) must be identified in connection with such witness by no later than 6:30 p.m. CT on the calendar day before the start of the trial day on which the exhibit will be offered. Any timely-raised objection to an exhibit on which the Court has not yet ruled shall be identified by 9:00 p.m. CT after the disclosure. The Parties will meet and confer at 10 p.m. CT that evening or some other time agreeable to the Parties to resolve any objections to the direct examination exhibits. The Parties will cooperate in adjusting this schedule as necessary as trial progresses.

Except for when a witness testifies on the stand, witnesses are not to be allowed into the courtroom unless they are a named Party.

### H. Notice to the Court of Issues to be Decided

Promptly after any meet and confer contemplated by this Order, the Parties shall attempt to agree upon a single email without argument that shall be sent by a Party raising a dispute to the Court each night identifying any issues that the Parties seek to have the Court address the next morning before the start of trial.

Dated: October 12, 2022

*/s/ Leslie Cooper*
Leslie Cooper*
Chase Strangio*
James Esseks*
Lisa "Li" Nowlin-Sohl*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Telephone: (917) 345-1742
lcooper@aclu.org
cstrangio@aclu.org
jesseks@aclu.org

Sarah Everett, Ark. Bar No. 2017249
Gary Sullivan, Ark. Bar No. 92051
ARKANSAS CIVIL LIBERTIES UNION
FOUNDATION, INC.
904 W. 2nd Street
Little Rock, AR 72201
Telephone: (501) 374-2842
sarah@acluarkansas.org
gary@acluarkansas.org

Beth Echols, Ark. Bar No. 2002203
Christopher Travis, Ark. Bar No. 97093
Drake Mann, Ark. Bar No. 87108
GILL RAGON OWEN, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, AR 72201
Telephone: (501) 376-3800
echols@gill-law.com
travis@gill-law.com
mann@gill-law.com

Breean Walas, Ark. Bar No. 2006077
WALAS LAW FIRM, PLLC
P.O. Box 4591
Bozeman, MT 59772
Telephone: (501) 246-1067
breean@walaslawfirm.com

Garrard R. Beeney*

Respectfully submitted,

*/s/ Leslie Rutledge*
Leslie Rutledge
Arkansas Attorney General

Dylan L. Jacobs (2016167)
ARKANSAS ATTORNEY GENERAL'S
OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2700
Email: dylan.jacobs@arkansasag.gov

Michael Cantrell (2012287)
ARKANSAS ATTORNEY GENERAL'S
OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2401
Email:
michael.cantrell@arkansasag.gov

Amanda D. Land (2012135)
ARKANSAS ATTORNEY GENERAL'S
OFFICE
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2029
Email: amanda.land@arkansasag.gov

*Attorneys for Defendants*

*Admitted pro hac vice

Lauren M. Goldsmith*
Arun Bodapati*
Alexander Peacocke*
Rebecca Kadosh*
Alexander S. Holland*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
beeneyg@sullcrom.com
goldsmithl@sullcrom.com
bodapatia@sullcrom.com
peacockea@sullcrom.com
kadoshr@sullcrom.com
hollanda@sullcrom.com

Laura Kabler Oswell*
Aviv S. Halpern*
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 461-5600
oswell@sullcrom.com
halperna@sullcrom.com

Daniel J. Richardson*
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Suite 700
Washington, DC 20006
Telephone: 202-956-7500
richardsond@sullcrom.com
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

_____
Hon. James M. Moody, Jr.
United States District Judge